UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



FILED
NOV 1 3 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Ms. Jeanie M Pelnarsh
1105 6th Street
Mendota, IL 61342

_____
Plaintiff(s)

vs.                                           Case No: 07-1302

RR Donnelley - 1600 N Main Street Pontiac IL
Norm Abels / Chad Rosenwinkel
Tim Lewis / Scott Harbsm
Mark Nagel / Joe Carlberg
Stan Sorrence
Ed Crillo
_____
Defendant(s)

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5

I.  PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

   A. Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

   (✓) YES

   ( ) NO

   B. If your answer is YES, describe the EEOC proceeding:

      1. Parties to the previous EEOC proceeding:
         Petitioner (s) Ms. Jeanie Pelnarsh
         _____
         _____

Page 2

Respondent (s) _R.R. Donnelley_
_1600 N Main St_
_Pontiac, IL 61764_

2. Location of EEOC office that handled your charge _Chicago District Office_
_500 West Madison St. Chicago IL 60661_

3. Docket or case number of your charge: _21B-2006 02692_

4. Disposition (what was the final result of your charge): _EEOC issued Right to Sue notice_

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

   (✓) YES

   ( ) NO

6. Date of filing charge before EEOC: _Dec. 05 + Sept 06_

7. Date of disposition by EEOC: _September 6, 2007_

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II.  PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

   (✓) YES

   ( ) NO

Page 3

B.  If your answer is YES, describe each legal proceeding:

1.  Parties to the previous legal proceeding:
    Plaintiff(s) or petitioner(s) _Ms. Jeanie Pelnarsh_
    _1105 6th Street Mendota, IL 61342_

    Defendant(s) or respondent(s) _R.R. Donnelley_
    _1600 N Main Street Pontiac IL 61764_

2.  Name of court or agency: _Illinois Department of Human Rights - Chicago, IL_

3.  Docket or case number: _2007CF0652_
4.  Name of the judge or hearing officer: _Cassandra Silman_

5.  Disposition (for example: Was the case dismissed? Who won? Was there an appeal? Is the appeal pending or final? _Case was investigated, then turned over to EEOC._

6.  Date of beginning previous proceeding: _Sept 21, 2006_
7.  Date of disposition of proceeding: _Aug 22, 2007_

NOTE: If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper. Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

Page 3 C. Additional legal proceedings.

B. If your answer is YES, describe each legal proceeding:

1. Parties to the previous legal proceeding:
   Plaintiff(s) or petitioner(s) __Ms. Jeanie Pelmarsh 1105 6th Street Mendota IL 61342__

   Defendant(s) or respondent(s) __R.R. Donnelley 1600 North Main Street Pontiac, IL 61764__

2. Name of court or agency: __Illinois Workers Compensation Commission 104 West Front Street, Bloomington IL__

3. Docket or case number: __07 WC 17232__

4. Name of the judge or hearing officer: __Arbitrator Falcioni__

5. Disposition (for example: Was the case dismissed? Who won? Was there an appeal? Is the appeal pending or final? __Case still in litigation. Set for hearing November 13, 2007.__

6. Date of beginning previous proceeding: __Aug 21, 2007__

7. Date of disposition of proceeding: __Still pending.__

NOTE: If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper. Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

3

Page 4

    C. Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

        (✓) YES

        ( ) NO

III.   PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

    A. Plaintiff(s)

      1. Your full name  Ms. Jeanne Pelnarsh

      2. Your address  1105 6th Street, Mendota, IL 61342

      3. Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them): _____

_____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

    B. Have you attached a separate sheet naming other plaintiffs?

      ( ) YES

      (✓) NO

    C. Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

      1. Full name (individual or firm): R. R. Donnelley

4

Page 5

2. Business address: _1600 North Main Street Pontiac, IL 61764_

3. Job position (if individual) _____

_____

4. Status as an entity (if defendant is a business firm):

(✓) Corporation

( ) Partnership

( ) Sole Proprietorship

( ) Other _____

(If you do not know this information, and you cannot find out by reasonable means, ask the defendant for it. If the defendant will not tell you, leave this section blank.)

5. Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): _____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

D.    Have you attached a separate sheet naming other defendants?

(✓) YES

( ) NO

5 a. Additional defendants information names as respondents in previous EEOC proceeding.

Name: Norm Abels
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position: Supervisor

Name: Tim Lewis
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position: Supervisor

Name: Mark Ragel
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position: Maintenance Supervisor

Name: Stan Lorrence
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position: Maintenance Tech

Name: Ed Gullo
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position Bindrey Supervisor ( Left company in 2005)

Name: Chad Rosenwinkel
Business Address: 1600 North Main Street
Pontiac, Il 61764
Job Position: Supervisor

Name: Scott Harbison
Business Address: 1600 North Main
Pontiac, Il 61764
Job Position: Supervisor

Name: Joseph Carlberg
Business Address: 1600 North Main
Pontiac, Il 61764
Job Position: Department Manager

Page 6

IV.  STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
( ) Not hired?
(✓) Discharged?
( ) Suspended?
( ) Demoted?
( ) Denied Promotion?
( ) Denied Wage Increases?
( ) Other (please specify) _Sexual Harassment_
_and retaliation_

B.  State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

For 8 years I endured lewd and derogatory language, unwelcomed sexual advances and propositions, verbal insults, ridiculing and demeaning remarks. RR Donnelley was aware of my situation; I filed numerous complaints with the H.R Department in the 8 years that I worked for the company. The sexual harassment I endured created a hostile, intimidating, offensive and stressful work environment.

Prima Facie Allegation: I filed my last of 3 complaints with the Human Resource Department on Aug 05 - I was terminated 4 months later.

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

6

Page 7

## V. RELIEF YOU REQUEST

Check below what you want the court to do for you. You may make as many checks as you like.

( ) Should you prevail in this lawsuit, award you back pay.

( ) Should you prevail in this lawsuit, reinstate you in your old position.

(✓) Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

(✓) Other I am requesting $800,000 from the defendant for compensatory, punitive damages, mental anguishment and inconvenience for the malice and unjust treatment that I have endured and for the stress and medical problems this stress has caused.

VI. JURY DEMAND    (✓) YES    ( ) NO

Signed this 13 day of November, 2007.

_Jeanie M Pelvank_
(Signature of Plaintiff or Plaintiffs)

ADDRESS: 1105 16th Street
Mendota, IL 61342

PHONE NO.: 815-210-1905

7

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jeanie Pelnarsh
1105 6th Street
Mendota, IL 61342

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL#: 7001 0320 0006 1097 77847

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-02692 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

**NOTICE TO THE PERSON AGGRIEVED:** (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

September 6, 200_ (Date Mailed)

Enclosures(s)

cc: R R DONNELLEY
1600 N Main Street
Pontiac, IL 61764

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.
07M0725.17

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR<br>☐ EEOC | 2007CF0652 |

## Illinois Department of Human Rights and EEOC

**NAME** (indicate Mr. Ms. Mrs.)
Jeanie Pelnarsh

**HOME TELEPHONE** (include area code)
815-539-7095

**STREET ADDRESS**
1105 6th Street

**CITY, STATE AND ZIP CODE**
Mendota, IL 61342

**DATE OF BIRTH**

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME**

**NAME**
RR Donnelley

**NUMBER OF EMPLOYEES, MEMBERS** 15+

**TELEPHONE** (Include area code)
815-844-5181

**STREET ADDRESS**
1600 N. Main Street

**CITY, STATE AND ZIP CODE**
Pontiac, IL 61764

**COUNTY**
Livingston

**CAUSE OF DISCRIMINATION BASED ON:**

SEXUAL HARASSMENT    RETALIATION

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)    LATEST (ALL)

Through January 31, 2006
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I.   A.   ISSUE/BASIS

SEXUAL HARASSMENT – 1999, THROUGH JANUARY 31, 2006

B.   PRIMA FACIE ALLEGATIONS

1.   My sex is female.

Continued...

I also want this charge filed at EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

*Kristine A. Roby*    9-21-06
NOTARY SIGNATURE    MONTH DATE-YEAR

OFFICIAL SEAL
KRISTINE A. ROBY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-23-2008

NOTARY SEAL

X *Jeanie M Pelnarsh*    9-21-06
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Jeanie Pelnarsh
Charge Number: 200
Page 2

2. From November of 1999 through January 31, 2006, several employees at Respondent sexually harassed me. The sexual harassment consisted of Norm Ables, Pressroom Supervisor, making numerous comments about my breasts and buttocks such as telling me I would not have to work in manufacturing if I showed him my breast; Tim Lewis, Pressroom Supervisor, making derogatory comments about my body and perfume, such as making a comment about me crawling under a desk; Mark Ragel, Maintenance Supervisor, continually grabbing my butt and asking me if we were going to have sex; Stan Lorrance, Maintenance, making comments about my clothing and whistling at me; Ed Gullo, Bindrey Supervisor, saying women are inferior to men and are only on earth to satisfy men's urges; Chad Rosenwinkel, Prelim Supervisor, calling me a typical stupid woman and saying women like me should stay out of the workplace; Scott Harbinson, Prelim Supervisor, making numerous comments about how I should wear tighter clothing, and how I should "show a little tit" to move up in the company; and Joe Carlberg, Prelim Manager, continually trying to dictate who I associated with and what I wore, and harassing me by paging me every hour while I was training for a new division.

3. Respondent had knowledge of the sexual harassment, because I filed complaints with Human Resources in 1999 and in 2005, and because I continually asked Ragel and Carlberg to stop harassing me. However, though Respondent has policies against sexual harassment, Respondent never investigated my complaints or disciplined my harassers.

4. Respondent is strictly liable for the unwelcome sexual conduct of my harassers.

5. The sexual harassment I endured created a hostile, intimidating, and offensive work environment for me and substantially interfered with my ability to perform my job.

II. A. ISSUE/BASIS
DISCHARGE – JANUARY 30, 2006, IN RETALAITION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT

B. PRIMA FACIE ALLEGATIONS
1. I engaged in a protected in August, 2005, by complaining about the sexual harassment that I had endured during my employment at Respondent.

Continued...

Complainant: Jeanie Pelnarsh
Charge Number: 2007CF
Page 3

2. My job performance met Respondent's legitimate expectations. I was hired in 1999.

3. On January 30, 2006, I was discharged. The reason given for the discharge was not following procedure.

4. The discharge followed my having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

MFP/JJT/RCG