```
                 UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF ILLINOIS
                         PEORIA DIVISION
```

JEANIE M. PELNARSH            )
                              )
    Plaintiff,                )
                              )     No. 07-1302
v.                            )
                              )
R R Donnelley, et al,         )
                              )
    Defendants.               )

## O R D E R

This matter is before the Court on a Motion for Appointment of Counsel [DE 8], filed by Plaintiff, Jeanie Pelnarsh, on January 2, 2008. Plaintiff is currently proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. For the following reasons, Plaintiff's Motion is taken under advisement.

On November 13, 2007, Plaintiff filed an Employment Discrimination Complaint. In the instant Motion, Plaintiff states that she does not have an attorney and cannot afford the services of an attorney. A plaintiff does not have a constitutional or statutory right to an appointed counsel in a civil case. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). As a result, this Court takes the idea of spending taxpayer dollars on counsel for a civil plaintiff seriously and expects diligence on the part of a plaintiff.

In Title VII cases, a court may, "in such circumstances as the court may deem just, . . . appoint an attorney for [a] complainant." 42 U.S.C. § 2000e-5(f)(1); see also Johnson v. Dencek, 868 F.2d 969, 970 (7th Cir. 1989). The Court considers three factors when determining whether to appoint counsel in a Title VII case: "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel." Darden v. Illinois Bell Tel. Co., 797 F.2d 497, 500-01 (7th Cir. 1986) (citation omitted); Otis v. City of Chicago, 29 F.3d 1159, 1168 (7th Cir. 1994).

Any one of these factors may be determinative in a particular case. See Darden, 797 F.2d at 501. For example, "a plaintiff with a very strong case may be refused appointed counsel because he or she is able to pay for an attorney." Id.; see also Torain v. Siemens Rolm Comms., Inc., 132 F.3d 37 (7th Cir. 1997)(holding that the inability of the plaintiff to find counsel, despite the plaintiff's ability to pay for counsel, supported the district court's denial of appointment of counsel). Or, "[i]f a discrimination claim lacks merit, counsel will not be appointed regardless of the plaintiff's diligence in seeking representation or lack of financial means." Darden, 797 F.2d at 501. The Seventh Circuit urges district courts to compile a complete record that reveals that the "Title VII

plaintiff was informed of the requirements for appointment of counsel and was given an opportunity to attempt to satisfy those requirements." Id.

Accordingly, the Court now **NOTIFIES** Plaintiff of the three factors considered by the Court when determining whether to appoint counsel in a Title VII case: (1) the merits of Plaintiff's claim, (2) Plaintiff's diligence in attempting to obtain a lawyer, and (3) Plaintiff's financial ability to retain counsel. See Darden, 797 F.2d at 500-01. The Court will address each factor and the additional information the Court requires from Plaintiff in order to make a determination on his request for counsel.

First, regarding the merits of Plaintiff's claim, the Seventh Circuit has held that, "in cases in which a counsel request is denied because of the claim's lack of merit, the record must reflect that the court gave the plaintiff an opportunity to give his or her version of the facts and to object to the EEOC's determination." Id. at 502.  The appraisal of the merits of a plaintiff's claim may be based in part, but not solely, on the EEOC's finding of "no reasonable cause" as well as the EEOC investigative file.  Id. at 501.  Therefore, the Court **ORDERS** Plaintiff to provide the Court with a copy of the EEOC investigative file for her charge of discrimination related to his claim in this case.  Once the Court has received

the file and has had an opportunity to review it," the Court will set this matter for a hearing to conduct a "brief oral examination of the plaintiff." See Darden, 797 F.2d at 501.

For the second factor – Plaintiff's diligence in attempting to obtain a lawyer – Plaintiff has not provided any evidence of her attempts to secure attorney representation herself.  Many attorneys and firms in the Central District of Illinois represent plaintiffs in employment discrimination cases as well as numerous attorneys come down from Chicago on such cases, and some may do so without requiring payment at the outset since attorney fees are recoverable in Title VII cases.  42 U.S.C.A. § 2000e-5(k).  Therefore, for this second factor, the Court **ORDERS** that Plaintiff provide the Court with evidence that she has contacted a sufficient number of attorneys who represent plaintiffs in employment discrimination cases.  Specifically, the Court further **ORDERS** that Plaintiff list at least eight (8) firms and/or attorneys who represent plaintiffs in employment discrimination cases that have declined to represent her and detail the basis expressed by each attorney and/or firm for declining to represent her.  Plaintiff may be able to obtain a list of attorneys who represent plaintiffs in employment discrimination cases from the Lawyer Referral Service, the Peoria County Bar Association and or other county bar associations.

As to the third factor, the District Court granted Plaintiff's request to proceed *in forma pauperis* based on the financial information provided by Plaintiff in her Motion to Proceed *In Forma Pauperis*. However, more detailed financial information is necessary before a Court will appoint a civil plaintiff counsel. Specifically, this Court has provided a modified version of the form used by the Seventh Circuit for requests to appear *in forma pauperis* before the Court of Appeals. Plaintiff is directed to complete this more detailed form which will demonstrate her inability to afford counsel.

IT IS THEREFORE ORDERED that Plaintiff, on or before **February 25, 2008**, must file with this Court: (1) a copy of the EEOC investigative file of the charges out of which arose the claims in this case; (2) a report to the Court of Plaintiff's continued diligent efforts to retain counsel who represent plaintiffs in employment discrimination cases, listing (a) the name and phone number of at least eight (8) attorneys and/or firms that represent plaintiffs in employment discrimination cases that have been contacted by Plaintiff and that have declined to represent Plaintiff in this matter and (b) the

detailed reason stated by each attorney for declining to represent Plaintiff in this matter; and (3) a completed form that provides more detailed financial information. Plaintiff is to provide the case number of this case on all documents and reports submitted in response to this Order.

    IT IS FURTHER ORDERED that Plaintiff's Motion is Taken Under Advisement. The Clerk shall mail Plaintiff a Copy of this Order and a form for completing a Financial Affidavit when requesting Appointment of Counsel.

    ENTERED this  3rd  day of January, 2008.

                                             s/ Joe Billy McDade
                                               Joe Billy McDade
                                        United States District Judge