E-FILED
Friday, 22 February, 2008  12:22:05 PM
Clerk, U.S. District Court, ILCD

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il 61764
Phone (815) 210-1905

**FILED**

FEB 2 2 2008

OLERK OF COURT
U.S. DISTRIOT COURT
CENTRAL DISTRICT OF 'WHO.

February 18, 2008

No # 07-1302

Judge Joe Billy McDade

United States District Court
Central District of Illinois
Peoria Division
Peoria, Illinois 61602

Jeanie Pelnarsh Vs R.R. Donnelley
No # 07-1302
Judge Joe Billy McDade

## Response to Judges Order for Appointment of Council

Enclosed you will find the infonnation that you requested in regards to the Motion for
Appointment of Councel.  Please notify me if the courts need further infonnation in
reguards to this matter.

Respectfully Submitted,

*Jeanie Pelnarsh*

Jeanie Pelnarsh

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il 61764
Phone (815) 210-1905

February 18, 2008

United States District Court
Central District of Illinois
Peoria Division
Peoria, Illinois 61602

Jeanie Pelnarsh Vs R.R. Donnelley
No # 07-1302
Judge Joe Billy McDade

Below is the attorney information that you requested in regards to my appointment of
counsel.  Please feel free to notify me if there is additional information that you would
like.

Katrina Taraska
456 Fulton Street
Peoria, Il 61614
309-676-8986
( Called her on 10/9/07 spoke with Sue Sidell and she stated that Ms. Taraska didn't have
the time in her schedule).

Mary Lee Lahy
1-217-522-4411
(Not enough time in her schedule)

Carol Posegate
111 N. 6th Street Suite 200
Springfield, Il 62701
217-522-6152
(Met with her on 10/24/07 not interested in case)

Melissa McGrath
1-309-829-7067
(Wanted money up front)

Scott Ganassin
815-223-0177
Talked with him on 10/25/07
(Not interested in case because of time schedule)

Gary Kerr
1020 S Seventh Street
Springfield, Il 62703
217-522-2244
(Not interested in case)

James Devine
Springfield, Il
217-788-0798
Spoke with him on 10/25/07
(Wanted money up front)

Dale Schempp
217·544-7330
Springfield, Il
(Case like this is to time consuming)

Douglas Quivey
217-544-9823
Springfield, Il
(Not interested, to busy)

Scott Kording
309-828-3600
Bloomington, Il
Met with him on November 2.
Cases like these too costly up front, wanted money to start.

Please feel free to contact me if the courts would like further information in regards to this matter.

Respectfully,

Jeanie Pelnarsh

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il61764
Phone (815) 210-1905

February 19, 2008                                    No # 07-1302

                                                     Judge Joe Billy McDade

United States District Court
Central District of Illinois
Peoria Division
Peoria, Illinois 61602

Jeanie Pelnarsh

V

R.R. Donnelley

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing Response to Judges Order for Infonnation for Appointment of Counsel was filed and served by Certified U.S mail to Defendants counsel on February 19,2008

      Attorney for Defendants

      Richard H. Schnadig
      Sara J. Kagay

      Vedder Price D.C.
      222 North LaSalle Street, Suite 2600
      Chicago, Il 60601
      Phone: 312-609-7500
      Fax: 312-609-5005

                              Respectfully Submitted,

                              Jeanie Pelnarsh

FILED     E-FILED
Friday, 22 February, 2008  12:22:38 PM
Clerk, U.S. District Court, ILCD
FEB 2 2 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il 61764
Phone (815) 210-1905

February 20, 2008

No # 07-1302

Judge Joe Billy McDade

United States District Court
Central District of Illinois
Peoria Division
Peoria, Illinois 61602

Jeanie Pelnarsh

 Vs

R.R. Donnelley

## Copy of EEOC Investigation File

Enclosed you will find the information that you requested in regards to the Motion for
Appointment of Councel.  Please notify me if the courts need further information in
reguards to this matter.

Respectfully Submitted,

Jeanie Pelnarsh

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il 61764
Phone (815) 210-1905

February 19, 2008                                    No # 07-1302

                                                     Judge Joe Billy McDade


United States District Court
Central District of Illinois
Peoria Division
Peoria, Illinois 61602


Jeanie Pelnarsh

V

R.R. Donnelley

## CERTIFICATE OF SERVICE


        The undersigned certifies that a true and correct copy of the foregoing Response to
Judges Order for Information for Appointment of Counsel  Copy of Investigation File
was filed and served by Certified U.S mail to Defendants counsel on February 19, 2008

Attorney for Defendants

        Richard H. Schnadig
        Sara J. Kagay

        Vedder Price O.C.
        222 North LaSalle Street, Suite 2600
        Chicago, Il 60601
        Phone: 312-609-7500
        Fax: 312-609-5005


                                        Respectfully Submitted,

                                        Jean Dilh U

                                        Jeanie Pelnarsh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



NOV 1 3 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

_____

_____

_____

_____
Plaintiff(s)

vs.                                    Case No: _____

_____

_____

_____

_____

_____

_____
Defendant(s)

*PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5*

I.   PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

A.   Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

( ✓ )  YES

(  )  NO

B.   If your answer is YES, describe the EEOC proceeding:

1.   Parties to the previous EEOC proceeding:

Petitioner (s) _____

_____

_____

Respondent (s) _____

_____

_____

2. Location of EEOC office that handled your charge _____

_____

3. Docket or case number of your charge: _____

4. Disposition (what was the final result of your charge): _____

_____

_____

_____

_____

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

( ✓ ) YES

( ) NO

6. Date of filing charge before EEOC: _____

7. Date of disposition by EEOC: _____

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II.    PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

( ✓ ) YES

( ) NO

Page 3

B.  If your answer is YES, describe each legal proceeding:

    1.  Parties to the previous legal proceeding:
        Plaintiff(s) or petitioner(s) _____

        _____

        Defendant(s) or respondent(s) _____

        _____

    2.  Name of court or agency: _____

        _____

    3.  Docket or case number: _____

    4.  Name of the judge or hearing officer: _____

        _____

    5.  Disposition (for example: Was the case dismissed?
        Who won? Was there an appeal? Is the appeal pending
        or final? _____

        _____

        _____

        _____

        _____

    6.  Date of beginning previous proceeding: _____

    7.  Date of disposition of proceeding: _____

NOTE: If there was more than one previous legal proceeding, excluding an EEOC
proceeding, describe them on separate sheets of paper. Follow the outline above, label
the sheets clearly, and attach them to this pro se complaint.

Page 3  C.  *Additional legal proceedings.*

8  If your answer is YES, describe each legal proceeding:

1  *Parties to the previous legal proceeding:*
   Plaintiff(s) or petitioner(s) _____ Cms Jeanie Rinard
1105 6th Strut Ynrnata Il 61342.

_____

Defendant(s) or respondent(s) R.R Donnilley
1600 North Main Strut
Pontiac Il 61764

2  Name of court or agency: Illinos Workus
Compensation Commission
104 West Front Strut, Bloomington Il

3  Docket or case number: 07 WC 17232

4  Name of the judge or hearing officer: Arbitrator Falconi

_____

5  Disposition (for example: Was the case dismissed?
Who won? Was there an appeal? Is the appeal pending
or final? _____
Case Still in litigation.
Sut for hearing Novembur 13 2007.

_____

6  Date of beginning previous proceeding: Aug 31 2007

7  Date of disposition of proceeding: Still Pinding

NOTE:  If there was more than one previous legal proceeding, excluding an EEOC
proceeding, describe them on separate sheets of paper.  Follow the outline above, label
the sheets clearly, and attach them to this pro se complaint.

3

C.    Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

(   ) YES

(   ) NO

III.    PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

A.    Plaintiff(s)

1.  Your full name _____

_____

2.  Your address _____

_____

3.  Names and addresses of other plaintiffs, if any
(You should name other plaintiffs only if they were
petitioners with you in a previous EEOC proceeding, or
else if EEOC began a previous proceeding on behalf of
you and them): _____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

B.    Have you attached a separate sheet naming other plaintiffs?

(   ) YES

( ✓ ) NO

C.    Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

1.  Full name (individual or firm): _____

_____

4

Page 5

2. Business address: _____
_____

3. Job position (if individual) _____

_____

4. *Status as an entity (if defendant is a business firm):*

( ✓ ) Corporation

( ) Partnership

( ) Sole Proprietorship

( ) Other _____

(If you do not know this information, and you cannot find out by reasonable means, the defendant for it. If the defendant will not tell you, leave this section blank.)

5. Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): _____

_____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

D.    Have you attached a separate sheet naming other defendants?

( ✓ ) YES

( ) NO

IV. STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:

( ) Not hired?
( ✓) Discharged?
( ) Suspended?
( ) Demoted?
( ) Denied Promotion?
( ) Denied Wage Increases?
( ) Other (please specify) Sexual Harassment and Retaliation

B. State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

For 8 years I endured sexual and derogatory language, unwanted sexual [illegible] and [illegible] ridicule and demeaning remarks. RC Donnelly was aware of my situation. I filed numerous complaints with the H.R. Department in the 8 years that I worked for the company. The sexual harassment I endured created a hostile intimidating offensive and stressful work environment.

Prima Facie Allegation: I filed my last of 3 complaints with the Human Resource Department on May 05 - I was terminated 4 months later.

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

Page 7

## V.   RELIEF YOU REQUEST

Check below what you want the court to do for you. You may make as many checks a
you like.

(  ) Should you prevail in this lawsuit, award you back pay.

(  ) Should you prevail in this lawsuit, reinstate you in
your old position.

( √ ) Should you prevail in this lawsuit, award you certain
costs of suit (but not attorneys fees).

( √ ) Other _____

_____

_____

_____

_____

VI.   JURY DEMAND       ( √ ) YES       (  ) NO

Signed this _____ day of _____, 20____.

_____

_____

(Signature of Plaintiff or Plaintiffs)

ADDRESS: _____

_____

_____

PHONE NO.: _____

**Norm Ables-** ( Pressroom Supervisor)

Numerous comments about my breast and buttocks. Questions about my sex life and how I prefer my sex.  Asked to see my breast, when Norm was my supervisor in the pressroom, he told me that I would not have to work out in manufacturing, if I showed him my breast.  If I had a situation that I needed his help with in the office, he would rub up and down my arm and ask if the rest of my body had as much hair as my arms did.

On Numerous occasions he would ask what color or kind of underwear that I had on, or if I wore any at all.

 Norm told me I could never tell anyone, because they wouldn't believe me and that he would make it so I had to work in the factory all the time.

When I finally left his department, his behavior continued, up until the day I left the building.  Even on the day I was leaving he said it was a shame that he never got to have me the way he wanted too.  (September 30, 2005)

All of these were repetitive comments that he made through out the years that I worked at RR Donnelley.  I specifically worked for him from 11/1999 thru 5/2001.  Then transferred to a different department, but the harassment still continued up until I left that division in September 30, 2005

**Tim Lewis – (Pressroom Supervisor)**

 He made derogatory statements about my body and my perfume.  When I would go and tan, he asked how I liked to tan. Either with or with out a suit?  In 2005 I filled a complaint with the HR department, because Tim made a comment about me crawling under the desk of fellow employees. (There was an earring found on the floor and said it must have been mine, because I was the only one he knew who crawled under the desks of the supervisor.)  Nothing was done about my complaint, because it was his first offense and no one had ever filed a complaint on him in the past and after all he worked for RRD for a long time and had kids in college.  They never investigated anything.

**Mark Ragel (Maintenance Supervisor)**

I was always asked if we were going to have sex.  Whenever I needed something done in the department, he asked how I was going to return the favor.  What I was going to do for payment.  On a daily basis he asked when we were going to have sex and made comments about my boyfriend not satisfying my needs and what he could do for me.  Ever chance he got, he would come up behind me when I was not looking and grab my butt.  This went on for 7 years up until the day I left.  At my going away party, he asked

if we could go out to the parking lot and have sex, before I left. Over the years I asked him numerous times to please stop this behavior; it stopped for a few weeks, but then would continue again.

**Stan Lorrance – Maintenance Man**

Made comments about my clothing, made insulting and harassing sexual comments. Would always make comments "yeah, your looking good today, or whistle at me like I was some kind of animal.

I filled a complaint with HR in 1999 about him touching me whenever he came into the pressroom office and about his comments. Nothing was done about it. It was never even investigated.

**Ed Gullo – Bindrey Supervisor**

Says that women are inferior to men and that women are only on earth to satisfy a mans urges. Mr. Gullo, no longer works for RRD, he was given his full pension and early retirement and a big party, because someone else filled a sexual harassment case on him and they didn't believe he needed to be humiliated by getting fired, because he had worked for RRD a long time and was after all a supervisor. So they let him take his early retirement instead.

**Chad Rosenwinkel – Prelim Supervisor**

In October, 2005 I asked Chad a question about the budget for next year, he replied that I was a typical stupid women and that women like me should stay out of the work place. He then continued that the Book "Microsoft for Dummies" was made for women like me.

**Scott Harbison –Prelim Supervisor**

Made numerous comments about the fact that I needed to wear tighter clothing, when I came to work to show off my body, "told me that if I wanted to get anywhere with this company, I needed to show a little tit". I felt very insulted, degraded and humiliated. Has a good way of making all women who work for him feel that way. Continuously criticized my clothing and made comments about the way I looked and my breast.

**Joe Carlberg- Prelim Manager**

I expressed to Joe numerous times in the 5 years that I worked for him, that I didn't like to wait on people, and how I felt it was degrading and he replied it was what women were made for, to serve men.

I was told by Joe, on numerous occasions that I worked for him and him alone and reported only to him. He made me feel like a piece of property. Tried to dictate who I talked with and associated with, all the way down to whom I dated and even what I wore to work.

Was told during my evaluations that he couldn't pay me what I was worth, but we could work out another reimbursement for my payment.

When I started dating my boyfriend who worked in our department, I asked him if it was OK to be sure there was no policy about it and he replied, that it just meant I couldn't have him.  7/2002

When I was preparing to move to Mendota, Joe asked why I was moving to that dump? That I needed to move up by him and he would make sure I was taken care of properly. 3/2005

In June of 2005, when I told Joe that I had applied for a different job in a different division, so I could be closer to home and to my children and that the stress of the environment was getting to me, he said he understood.

When I asked Joe if he was going to replace me, he said no, he was not going to because it's not like I did any work anyway.

When it came down to me actually leaving, he was very upset and told me I would regret leaving him. (He has made sure my life has been a living hell ever since)   The last day that I worked in Pontiac, he left early and never said good bye.

In October of 2005, when I started my new position in Mendota (RRD) I was in training for my new job and Joe would call that division and have me paged, every hour.  Finally after several days of this, he told me that I just needed to carry my cell phone with me in case he needed to get in touch with me, this way he didn't have to go through a dozen people.  When I expressed to him that I was in training for my new job, he replied that I needed to help him out or else he would make my life hell and after all I owed it to him and he would make sure I was paid well.  ( I ended up still doing the work from my previous job, up until January 2006, when I was fired for doing something he told me to do, that was against company policy.  Everything Joe ever did was against company policy.

Joe Carlberg did what Joe wanted to do, he never followed rules. Wanted things done his way. In the years that I worked for Joe, I endured numerous sexually offensive propositions and comments and unwelcome inappropriate physical touching, on numerous occasions I asked that he please stop, that it was uncomfortable and humiliating and he replied that he owned me and he could do what he wanted. It was his word against mine and him being a manger, I would loose.

RR Donnelley is a large cooperation and for over 7 years that I worked there, we were forced to go through sexual harassment training and the supervisors are mandated to go through more intense training. We are encouraged to speak up when something happens, but why, when nothing is done about it. How can we in trust our supervisors and management staff to help out, when they are the ones that are doing the offensive actions. There are implemented policies in place, but RR Donnelley as a cooperation fails to enforce the policy. They fail to take action. If you seek help at a higher level nothing is done and you are looked down upon as a trouble maker or a problem starter.

For numerous years, I endured this behavior, because of being a single mother with three children and being able to make the money that I did and having the freedom to leave if I needed too attend something with my children. But in doing this I suffered mental distress and anguish, depression, stress related medical problems, such as ulcers and migraines. I was made to feel inferior by all of these men, simply because I was a woman. The psychological effects are devastating.

I am not the only women that can contest to this behavior at this company. If you ask **any** women who has worked for this company, not only in the Pontiac plant, but all across America, they will testify to the same behavior. Especially any women that has had or still does work in the manufacturing area, because RRD does not stand behind there policies. If this behavior is pointed out, (the Ed Gullo situation) it is just brushed under the rug and everyone else is left to believe that this behavior is tolerated. If the supervisor's behave this way, you can only imagine what the common male workers behavior is.

Jeanie Pelnarsh
1105 6th Street
Mendota, IL
61342

August 26, 2006

Illinois Department of Human Rights
Employment Complainant Center

100 W Randolph Street
10th Floor – Intake Unit
Chicago, Il 60601
312-814-6200

To whom it my concern,

On January 30, 2005 I was terminated from my position at RR Donnelley for doing what
I was told to do by my department Manager, Joe Carlberg.    According to my
unemployment records, I was terminated for not following proper procedure with my
company issued procurement card.  I did what my boss told me to do, instead of what
company policy states.  Company policy also states that he ( department manager) was
responsible for the card as well as my self.  It is written in black and white in the
statement sheet that I have attached.  I feel as though I have been discriminated in regards
to this matter.  Not only should the department Manager (Joe Carlberg) have been
terminated, but also Chad Rosenwinkel, for he also went against company policy and
used the card the procurement card that was in my name for purchases, which is clearly
against company policy as well.  Document states, "The Procurement Card is not
transferable between RR Donnelley employees.   It is the responsibility of the card
holder to refrain from allowing other employees to take physical possession of the card",
But what are you suppose to do, when the department head tells you to let someone else
use your card, when he knows it is against company policy as well.  He signed the
document as well as I, so he should have followed the same rules and regulations, but I
was the only one terminated for this action.  Is that not classified as a double standard, or
is it because I am a women and a single mother of 3 and they don't think I will fight for
what is right, or is it because they are both men.
 Joe Carlberg approved it, we assumed it was alright.  I was the only one that was
terminated for it.

[Recipient Name]
August 29, 2006
Page 2


It clearly states on the top of the RR Donnelley Procurement Statement that the Manager, Supervisor and cardholder are subject to the following terms and conditions.  So why is it that just the card holder was punished for these actions and not everyone.
Therefore, they should have been terminated as well.

       I have witnesses and documentation that can testify to the fact that, Chad Rosenwinkel used my company procurement card.




Sincerely,

Jeanie Pelnarsh








Sincerely,

☑ 003

02/03/00  FRI 10:40 FAX 815 584 4241     RRD RR

Mar 04 04 04:17p     Jean Eden          815-844-1471     D13 pg 5 of 8   p.3

## RR Donnelley Procurement Card
## EMPLOYEE ACKNOWLEDGEMENT FORM

The Manager / Supervisor and their Cardholder are subject to the following terms and conditions and must comply with them as part of the terms and conditions of their employment.

### Cardholder

1. You are being entrusted with a valuable tool-a corporate charge card- and will be making financial commitments on behalf of the company. You understand the company is liable to GE Card Services for all charges made on the Procurement Card.

2. You must use the Procurement Card for approved purchases only and must not charge personal purchases. The company will audit the use of the Procurement Card and report and take appropriate action on any discrepancies.

3. You must follow the policy and procedures established by the company for the use of the Corporate Procurement Card. Failure to do so may result in either revocation of your use privileges or other disciplinary action, up to and including, separation.

4. You have been given a copy of the Procurement Policy and Procedure guide. You are required to read and understand the requirements for the Card's use.

5. You must return the Procurement Card immediately upon request or upon termination of employment (including retirement). Should there be any organizational change, which causes your department to change, you must return the Card and arrange for a new one, if appropriate.

6. The Procurement Card is not transferable between RR Donnelley employees. It is the responsibility of the Cardholder to refrain from allowing other employees to take physical possession of the Procurement Card.

7. If the Procurement Card is lost or stolen, you must notify Procurement Card Administrator and GE (800) 274 - 7378 immediately.

8. The company may change these terms and conditions or its policy and procedures concerning the use of the Procurement Card and you must comply with those changes.

### Manager

1. I have read the Procurement Card Policy and Procedures Guide and understand my roles and responsibilities.

I, _Jeanne Schrank_ , hereby acknowledge that I have read and understand the above terms and conditions.

_Jeanne M Schrank_
Employee Signature/Date

_02402_
Employee Number

_1600 N Main Pontiac IL 61764_
Business Address

_Procure Leadership_
Department

_____
Department Managers Signature/Date

_Cheryl Hensel_
Procurement Card Site Administrator

_____ 3/28/04
Procurement Card Administrator/Date

# RESPONSE TO QUESTIONNAIRE

Charging Party:     Jeanie Pelnarsh
Respondent:        R.R. Donnelley & Sons Company
Charge Number:     2007CF0652



1.      R.R. Donnelley & Sons Company ("Donnelley")
        1600 N. Main Street
        Pontiac, Illinois  61764

        Printer of books, catalogs, newspaper inserts and similar material.

2.      Richard H. Schnadig
        Sara J. Kagay
        Attorneys for Respondent
        Vedder, Price, Kaufman & Kammholz, P.C.
        222 North LaSalle Street, Suite 2600
        Chicago, Illinois  60601-1003
        312-609-7500

3.      Donnelley will provide the EEO report for its Pontiac facility shortly.

4.      *See* position statement and attachments.

5.      *See* position statement and attachments.

B6.     *See* position statement Exhibit F.

B7.     Harassment complaints are typically investigated by a Human Resource Manager
        at the relevant facility.  Kathleen Tyrrell, Human Resource Manager at
        Donnelley's Pontiac, Illinois facility, investigated Charging Party's Charge
        allegations of harassment.  *See* position statement.

B8.     *See* position statement.

B9.     Donnelley has no record of any harassment complaint against any individual
        named by Charging Party in her Charge.

B10.    No Pontiac employees have been disciplined for sexual harassment as alleged by
        Charging Party.

A6.     Donnelley has no specific discharge policy.

A7.     *See* position statement and attachments.

A8.     No other Pontiac Digital Solutions Center ("DSC") employees were terminated in
        the 12 months prior to Charging Party's termination

CHICAGO/#1582859.1

A9.    *See* A8.

A10.   To Donnelley's knowledge, no other employee engaged in conduct similar to Charging Party's during the 12 months prior to her termination.

All.   Charging Party was not directly replaced.

A12.   N/A

A13.   N/A

A14.   N/A

A15.   N/A

ZZ1.   *See* position statement and attachments.

ZZ2.   No other DSC employee at the Pontiac facility complained of sexual harassment during the 12 months preceding Charging Party's discharge.

# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN &
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, D.C. ROSELAND, NJ

March 19, 2007

**VIA MESSENGER**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAR 1 9 2007

     Re:     Jeanie Pelnarsh, Charge No. 2007CF0652

Dear Ms. Silmon:

     It is the position of Respondent R.R. Donnelley & Sons Company ("Donnelley") that the above
Charge should be dismissed.

## I.    SUMMARY

     No merit exists to Charging Party's claims of sexual harassment or retaliation. Charging Party
was discharged after Donnelley discovered that she charged nearly sixty thousand dollars in personal
expenses to her Company credit card, conduct for which she recently has pled guilty and is awaiting
sentencing in criminal court.  Her discharge had nothing to do with retaliation for a supposed
complaint.  Donnelley has no record of Charging Party ever complaining of sexual harassment. After
Charging Party filed this Charge, Donnelley promptly investigated and could find no evidence of
harassment.  In the course of investigating, however, the Company learned that Charging Party herself
had behaved inappropriately by giving a supervisor sexually explicit photographs of herself.

     For these reasons, discussed more fully below, the Charge should be dismissed.

CHICAGO/#1620718.1

VEDDERPRICE

Ms. Cassandra Silmon
March 19, 2007
Page 2

## II.    FACTS

### A.    Background.

#### 1.    The Company.

Donnelley is a worldwide printer of books, catalogs, newspaper inserts and similar printed material. It operates facilities in Pontiac and Mendota, Illinois, among other locations.

#### 2.    Charging Party's Employment.

Donnelley hired Charging Party in November 1999 as a Pressroom Clerk in its Pontiac, Illinois facility. In February 2002, Charging Party was terminated in a workforce reduction, but she was rehired about a month later as a Material Handler. In June 2002, Charging Party was transferred to Manufacturing Support-Production (an administrative assistant position) in the Pontiac Digital Solutions Center ("DSC"), reporting to Site Manager Joseph Carlberg. On October 1, 2005, Charging Party transferred to Donnelley's Mendota facility as a Customer Service Representative. She worked in Mendota until January 30, 2006, when she was discharged for gross misconduct, as detailed below.

#### 3.    Charging Party's Illegal and Wrongful Misuse of the Company Procurement Card.

In 2004, while Charging Party was still working in Pontiac, she was issued a Company credit card (a "procurement card" or "P-card") to make business purchases of supplies and equipment for the DSC. Donnelley is billed directly for P-card purchases and makes payments directly to the card issuer. Donnelley's P-card policy strictly forbids use of the P-card for personal purchases. (Attachment A). At the time she received the P-card, Charging Party acknowledged that it was not to be used for personal purchases and that it must be returned to the Company if she changed departments. Charging Party further acknowledged that misuse of the card could result in disciplinary action, up to and including separation of employment. (Attachment B).

In November and December 2005, after Charging Party transferred to Donnelley's Mendota facility and through regular P-card audits, the Company discovered a number of unusual purchases on Charging Party's P-card account. Many of the purchases appeared to be for personal items or expenses. The Company conducted a comprehensive audit of Charging Party's purchases, ultimately learning that Charging Party had charged $57,625.26 in personal expenses to her Company P-card over a period of many months. (*See* Attachment C). Charging Party's abuse of the card was blatant. For example, Charging Party paid for her

VEDDER PRICE

Ms. Cassandra Silmon
March 19, 2007
Page 3

daughter's braces with her Company P-card as well as new carpeting for her home, her divorce lawyer's legal fees, a pink furry headboard for her bed, many items of clothing, and an Ipod.

On or about January 30, 2006, Donnelley discharged Charging Party for gross misconduct relating to the misuse of her Company P-card. Charging Party was subsequently indicted on charges of theft in Case No 06-CF-97 in the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County Illinois Associate Criminal Division. (Attachment D). In February 2007, Charging Party pled guilty to theft, a Class 2 felony. She is awaiting sentencing.

4.    Charging Party Never Complained of Sexual Harassment and She Experienced None.

Charging Party received and was trained on Donnelley's sexual harassment policy in February 2002 and received additional training in December 2004. (Attachment E). Donnelley's policy strongly prohibits harassing conduct and provides that employees should complain of alleged harassment to their immediate supervisor, manager, Human Resources Manager, any level of management, or a corporate hotline. (Attachment F).

Despite her receipt of and training on Donnelley's policy, Donnelley has no record of Charging Party ever making a sexual harassment complaint even though she now makes the preposterous claim that it occurred over seven years (Charge ¶ I.B.2). Once, in approximately 2004, Charging Party told Jon Ransom, Shift Supervisor, that Tim Lewis, Pressroom Supervisor, had made a comment apparently related to Charging Party "crawling under a desk" without more, but did not characterize it as sexual harassment. Regardless of the ambiguity, Ransom contacted Human Resources, who promptly investigated by speaking with Lewis. Lewis reported that he and another employee found an earring while taking apart a desk. Because the desk was located in Charging Party's work area, Lewis commented, "Maybe it [the earring] is Jean's, it was found under the desk."

Charging Party never complained about any of the remaining incidents she now alleges in her Charge. However, after Donnelley received notice of her Charge in October 2006, the Company conducted an investigation. The investigation failed to substantiate any of her claims, but during the course of it the Company discovered that in 2000 or 2001 Charging Party had attempted to start a sexual relationship with Pressroom Supervisor Norm Abels and, in the course of her unsuccessful efforts, had given him eleven sexually explicit pictures of herself. (The pictures are available for review). Embarrassed, Abels put the pictures away and did not report the incident to Human Resources until the investigation into the Charge allegations.

VEDDERPRICE

Ms. Cassandra Silmon
March 19, 2007
Page 4

### III.    **POSITION**

Not an iota of fact supports Charging Party's claims.  She embezzled thousands of dollars from her employer.  It was neither retaliatory nor surprising that Donnelley discharged her after learning that she had stolen nearly sixty thousand dollars.  Charging Party has now pled guilty to a Class 2 felony in relation to this theft.  Her claim of retaliation is an apparent attempt to deflect attention from it.

Further, Donnelley has no record of Charging Party complaining of sexual harassment in 2005 or any other year.  When it investigated the allegations it found no evidence that she was harassed during her employment.  To the contrary, Charging Party was the perpetrator of harassment; she gave a supervisor unsolicited sexually explicit photographs of herself.

Based on these facts, the Charge should be summarily dismissed.

Very truly yours,

Sara J. Kagay

/SJK
Attachments



# VEDDER PRICE

SARA J. KAGAY
312-809-7638
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-809-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

April 24, 2007

**VIA FACSIMILE
AND U.S. MAIL**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL 60601

   Re:  <u>Jeanie Pelnarsh, Charge No. 2007CF0652</u>

Dear Ms. Silmon:

   I am writing in response to your letter requesting additional information from Respondent R.R. Donnelley & Sons Company ("Donnelley") in the above matter.

   Unfortunately, Human Resource Manager Kathleen Tyrrell has had a family emergency and has therefore been out of the office and unable to provide some of the information the Department is seeking. Thus, additional information will be forthcoming as soon as possible.

   1.  As of the most recent EEO report, the Pontiac facility employed 186 females.

   2.  No other Pontiac Digital Solutions Center ("DSC") employees were terminated in the 12 months prior to Charging Party's termination. Donnelley will provide additional information shortly.

   3.  Charging Party's sexual harassment allegations are untimely. At the fact-finding conference, Charging Party admitted that she experienced no sexual harassment once she transferred to the Mendota facility effective October 1, 2005. She did not file a Charge of Discrimination until nearly a year later, on or about September 23, 2006. The statute of limitations for a claim under the Illinois Human Rights Act is 180 days. As Charging Party experienced no harassment in the 180 days before her Charge was filed (indeed she was not even employed with Donnelley during that 180 day period), her harassment claims are therefore clearly untimely and should be dismissed.

04/24/2007 17:44 FAX 312 609 5005          VEDDER PRICE KAUFMAN                    Ø003



VEDDERPRICE

Ms. Cassandra Silmon
April 24, 2007
Page 2

Regardless, the only other sexual harassment Charge of Discrimination filed against Donnelley in Illinois in the last several years was a Charge filed in February 2007 by Angela Butler against the Banta Corporation, which Donnelley acquired in January 2007. Butler's Charge is based on pre-acquisition conduct based on her employment at Banta's Elk Grove Village facility. There have been no sexual harassment lawsuits filed against Donnelley by employees or former employees in Illinois in the past several years.

As previously stated, Donnelley has no record of Charging Party making a harassment complaint and has no record of any harassment complaint against any individual named by Charging Party in her Charge. Notwithstanding, Donnelley does not retaliate against employees for making good-faith complaints of alleged harassment. Charging Party was terminated not because she made any alleged complaint but due to gross misconduct relating to the misuse of her Company purchasing card. In the same time frame that she was terminated, Rick Denk and Jessica Meister, who had made no complaints of harassment, were also terminated for their role in the misconduct. Similarly, Joe Carlberg received a Formal Reminder and lost his bonus that year due to his failure to follow Donnelley procedures. Thus, it is clear that Charging Party's alleged complaint played no role in her termination.

4.      The sexually explicit pictures that Charging Party gave Norm Abels are attached (via U.S. mail).

To update you on the status of the criminal case, Charging Party has been sentenced to 90 days in LaSalle County jail, 48 months' probation and $2,500 restitution. She pled guilty to criminal theft charges and, according to news reports, admitted she took the money because she felt overworked.

Donnelley will provide additional information as well as dates and times for the interviews requested as soon as possible. Please contact me if you have any questions or would like further information.

Very truly yours,

Sara J. Kagay

/SJK
Enclosures

# Witness Statement Form

Re: Charge No.:    2007CF0652

Complainant:    Jeanie Pelnarsh        Respondent:  RR Donnelly
Witness Name:   Julie Lieberman        EEO Category:  Female

Witness Address:  660 McHenry Road -  Apt. 101  Wheeling, IL  60090

Telephone Number:  (847) 485-3106

Title/position of witness:  HR Manager from 2002-2005
(e.g. witness worked with Complainant as a packer on the same assembly line, same shift.)
Interviewed witness by    X   telephone      ____ in person
Date   04/10/07   Time _____      Location (if in person)_____

Indicated below are the relevant facts obtained from above named witness (continued on attached lined paper if more space needed).

Lieberman stated that she's no longer employed for Respondent as of 2005.  Liebermann stated that the plant was large and that it was a professional environment.   Lieberman stated that Respondent offered trainings on sexual harassment.  Liebermann stated that anytime management or Human Resources learned of sexual harassment, it was acted upon immediately.  Liebermann stated that Complainant had an issue at one point and that it was investigated and that Complainant stated that everything was fine.

Liebermann stated that she knows Norm Ables.  Liebermann stated that Complainant never reported that Ables was sexually harassing her.  Liebermann stated that Ables has never sexually harassed her.  Liebermann stated that she has never witnessed Ables sexually harassing other employees.  Liebermann stated that Complainant and Ables had a professional relationship.

Lieberman stated that she knows Lewis.  Liebermann stated that Complainant reported sexual harassment from Lewis to Human Resources.  Liebermann stated that as she can recall, Complainant was under her desk looking for an ear ring and that Lewis stated since your down there ...insinuating oral sex for him.  Liebermann stated that upon her investigation and follow up with Complainant, Complainant dropped the matter and stated that everything was fine.  Liebermann stated Lewis has never sexually harassed herself.  Lieberman stated that she has not observed Lewis sexually harassing others.  Liebermann stated that she observed a professional relationship on the part of Complainant and Lewis.

Liebermann stated that she knows Mark Ragel.  Lieberman stated that Complainant has never reported sexual harassment from Ragel.  Lieberman stated that Ragel has never sexually harassed her.  Lieberman stated that she has never observed Ragel sexually harassing others.  Lieberman stated that she observed a professional relationship between Ragel and Complainant.

Liebermann stated that she knows Scott Harbison.  Lieberman stated that Complainant has never reported sexual harassment from Harbison.  Lieberman stated that Harbison has never sexually harassed her.  Lieberman stated that she has never observed Harbison sexually harassing others.  Lieberman stated that she observed a professional relationship between Harbison and Complainant.

Lieberman stated that she knows Joe Carlberg.  Lieberman stated that Complainant has never reported sexual harassment from Carlberg.  Lieberman stated that Carlberg has never sexually harassed her.  Lieberman stated that she has never observed Carlberg sexually harassing others.  Lieberman stated that she observed a professional relationship between Carlberg and Complainant.

Lieberman stated that she knows Stan Lorrance.  Lieberman stated that Complainant has never reported sexual harassment from Lorrance.  Lieberman stated that Lorrance has never sexually harassed her.  Lieberman stated that she has never observed Lorrance sexually harassing others.  Lieberman stated that she observed a professional relationship between Complainant and Lorrance.  Lieberman stated that Lorrance's wife worked in the same department as Complainant.

Lieberman stated that Complainant had the tendency to be flirtatious with some of the male workers.  Lieberman stated that Complainant was dating and living with one of Respondent's supervisors, Richard Dink.  Lieberman stated that some of the workers thought Complainant was untouchable because of her relationship with Dink.  Lieberman stated that Respondent offered training on Sexual Harassment and took the subject seriously.  Lieberman stated that she had personally investigated some reports of sexual harassment and that some individuals have been fired from Respondent for it.

Lieberman stated that when she received the Department's letter to contact the Department, she thought what is going on.

Lieberman stated that she no longer worked for Respondent as of 2005 but that she heard that Complainant was discharged for unauthorized purchases on Respondent's credit card.  Lieberman stated that she doesn't believe that Respondent retaliated against Complainant in any way.  Lieberman stated that she thinks Complainant is retaliating against Respondent for her discharge.


_C. Slamen_                    _4-10-07_
**Investigator**                **Date**

#14 Witness Statement  Rev.2/9/99

## Witness Statement Form

Re: Charge No.:    2007CF0652

Complainant:    Jeanie Pelnarsh          Respondent:  RR Donnelly
Witness Name:    Jessica Meister          EEO Category:  Female

Witness Address:  606 E. Livingston  Pontiac, IL  61764

Telephone Number:  (309) 432-2075

Title/position of witness:  Customer Service Representative
(e.g. witness worked with Complainant .)
Interviewed witness by    X  telephone      ____ in person
Date   04/10/07   Time _____       Location (if in person)_____

Indicated below are the relevant facts obtained from above named witness
(continued on attached lined paper if more space needed).

Meister stated that she and Complainant worked together at the Pontiac facility.
Meister stated that she last worked for Respondent 2/17/06.  Meister stated her job
title was a customer service rep.
Meister stated that the work atmosphere could sometimes be professional and at
other times it wasn't people told about their personal lives.  Meister stated that
Ables was her supervisor when she worked in the Pressroom.  Meister stated that
she witnessed flirtation on both sides from Complainant and also Ables.  Meister
stated that Complainant never told her that Norm was sexually harassing her.
Never witnessed Norm sexually harass others.  Never sexually harassed Meister.
Meister stated that the relationship between Norm and Jeanie was professional.

Meister stated that she knows Lewis but never worked directly with him.  Meister
stated that she never witnessed Lewis sexually harass Complainant.  Meister stated
that Complainant told her that Lewis said some comments to her (dropped ear ring
under the desk) Lewis stated that since you're down there (insinuating oral sex).
Complainant told Meister she was thinking about reporting the incident but never
did b/c she didn't want to cause risk to anyone.  Meister stated that the relationship
between Complainant and Lewis was professional.

Meister stated that she's seen Ragel around the plant.  Meister stated that she never
witnessed Ragel sexually harass Complainant.  Meister stated that Complainant
never told her that Ragel was sexually harassing her.  Meister stated that Ragel
never sexually harassed herself or any others of Respondent's employees.  Meister
stated that she observed a professional relationship between Complainant and
Ragel.

Meister stated that Harbison was her supervisor in Respondent's Prelim Dept. Meister stated that she never observed Scott sexually harass Complainant. Meister stated that Scott was nice to everyone.   Meister stated that there was flirtation on the part of Complainant and Scott – mutual.   Meister stated that the relationship she observed between Complainant and Harbison was professional.

Meister stated Carlberg was her Manager in Respondent's Prelim Dept. Meister stated that Complainant told her that Carlberg would say comments to her such as she looked nice. Meister stated that Complainant dated Rick Dink (a supervisor) at Respondent. Meister stated that Complainant told her that Carlberg made a comment that Complainant could do so much better than Dink and that if her wasn't married.....   Meister stated that the relationship she observed between Complainant and Carlberg was professional.

Meister stated that she worked with Stan Lorrance's wife in Respondent's Prelim Dept. and that Lorrance is a Maintenance worker. Meister stated that Complainant never complained that Lorrance sexually harassed her. Meister stated that she has never observed sexual harassment from Meister towards herself or any other of Respondent's employees. Meister stated that the relationship she observed from Complainant and Lorrance was professional.

Meister stated that she has heard that Complainant was discharged for stealing from Respondent. Meister stated that she believes Complainant's discharge is related to sexual harassment. Meister stated that Respondent does what it wants to do.

C. Siemon
**Investigator**                    4-10-07
                                    **Date**

#14 Witness Statement  Rev.2/9/99

### Witness Statement Form

Re: Charge No.:    2007CF0652

Complainant:    Jeanie Pelnarsh          Respondent:  RR Donnelly
Witness Name:   Michael Bokus            EEO Category:  Male

Witness Address:  1403 Ben Mar Avenue – Mendota, IL  61342

Telephone Number:  (309) 268-8348
                                            *pls Supervisor Mendota, IL*
Title/position of witness:  ~~Public Service Representative (worked with Complainant)~~
(e.g. witness worked with Complainant as a packer on the same assembly line, same shift.)
Interviewed witness by ___X___ telephone    _____ in person
Date 3/30/07  Time 3.15 p.m.  Location (if in person)_____

Indicated below are the relevant facts obtained from above named witness (continued on
attached lined paper if more space needed.)

Bokus stated that he knows Complainant because she worked for him.  Bokus stated that
he was Complainant's Manager for a month to 6 weeks at the Mendota facility.  Bokus
stated that Complainant's boss reported to him therefore, Complainant worked under him
as well.

Bokus stated that he had no idea Complainant would file the charge of discrimination.
Bokus stated that he had no idea that Complainant was ever sexually harassed.

Bokus stated that there was a courtesy agreement between the Mendota and Pontiac
facility that while Pontiac (where Complainant left from) was training the employee who
took over Complainant's job, they could call upon Complainant for help when needed to
help the transition go smoother.  Bokus stated that he is not aware of Carlberg specifically
calling for Complainant but that if he did, the agreement was in place that it was o.k.
Bokus stated that his knowledge of Complainant's and Carlberg's relationship was that it
was professional.

C. Siemon                              3/30/07
**Investigator**                          **Date**

CONTACT INFORMATION


Michael Bokus
1403 Ben Mar Ave.
Mendota, IL  61342
815-539-9007

Julie Lieberman
660 Mchenry Road Apt. 101
Wheeling, IL  60090
815-844-4036

Laura Kinkade
122 W. Murphy St.
Pontiac, IL  61764
815-842-6559

Jessica Meister
606 E. Livingston
Pontiac, IL  61764
815-383-8923

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAR  I 9 2007

STATE OF ILLINOIS            )
                             )  ss
COUNTY OF COOK               )                          FILE NO(S)  2007CF0652

### AFFIDAVIT OF SERVICE

William T. Smythe, being first duly sworn, on oath states that he served a copy of

the attached ORDER OF CLOSURE on each person named below by depositing same

this 23rd day of August, 2007, in the U.S. Mail Box at 100 West Randolph Street,

Chicago, Illinois 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as

follows:

_____

Ms. Jeanie Pelnarsh                    Ms. Sara Kagay, Esq.
1105 6th Street                        Vedder, Price, Kaufman & Kammholz, P.C.
Mendota, IL  61342                     Attorneys at Law
                                       222 North LaSalle Street,  Suite 2600
                                       Chicago, IL  60601-1003


_____
William T. Smythe

SUBSCRIBED and SWORN to before
me this 23rd day of August, 2007.

_____
          NOTARY PUBLIC

"OFFICIAL SEAL"
GLORIA J. POLK
Notary Public, State of Illinois
My Commission Expires 02/15/2010

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                    )
                                     )
JEANIE PELNARSH,                     )     CHARGE NO.  2007CF0652
                                     )     EEOC NO.    N/A
                 COMPLAINANT,        )
                                     )
AND                                  )
                                     )
R R DONNELLY,                        )
                                     )
                 RESPONDENT.         )

## ORDER OF CLOSURE

Charge Number 2007CF0652 having been filed with the Department of Human Rights

by Complainant against Respondent, and Complainant having submitted a written

request to withdraw the charge pursuant to the Department's Rules and Regulations;


NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is

approved and that Complainant's charge(s) be and the same is (are) closed.


ENTERED THIS 23RD DAY OF AUGUST, 2007.

                    DEPARTMENT OF HUMAN RIGHTS

                    BY: _____
                          Brent A. Harzman,  Manager
                          Charge Processing Division

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**
**INVESTIGATION REPORT**

DHR NO. <u>2007CF0652</u>                     EEOC NO. <u>21BA62692</u>

<u>COMPLAINANT</u>                              <u>RESPONDENT</u>

Jeanie Pelnarsh                          RR Donnelley .

**I.**  <u>**RECOMMENDATION**</u>              **II.**  <u>**DATES**</u>

      X    WITHDRAWN                  CHARGE FILED: <u>07/21/06</u>

      _    ADJUSTED AND WITHDRAWN

**III.**   **ACTION**:  Sexual harassment and discharge.

       **BASIS:** :  Sexual harassment and retaliation.

**RELIEF/REASON FOR WITHDRAWAL**:

Complainant demanded a Voluntary Withdrawal Request Form and a Right to Sue Letter. Complainant intends to file suite in federal court against Respondent.

Check the following only for cases where Complainant is withdrawing for a Right to Sue or withdrawing from IDHR for EEOC to investigate:  Was substantial work done? (  ) Not applicable.  If yes: ( ) Merit Report; (X) Questionnaire Response; (X) FFC Held.

_Cassandra Silmon_/August 22, 2007/    _Charles B. Dunlap_ -
Investigator Cassandra  Silmon      Date      Supervisor Charles B. Dunlap

#11
01/04

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

## VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT:            RR Donnelley

COMPLAINANT:           Jeanie Pelnarsh

I hereby request to withdraw my charge filed against the above named Respondent with the

Illinois Department of Human Rights (2007CF0652).  Withdrawal is being made of my own free

will, without pressure from any organization or individual.

If I am withdrawing this charge because I have reached a settlement with the Respondent, which

has not been approved by both the Department and the Human Rights Commission, those

agencies cannot enforce that settlement.

_Jeanie M Pelnarsh_
Signature

_8-22-07_
Date

#6
02/01



### ILLINOIS DEPARTMENT OF
# ♦Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

August 22, 2007

Equal Employment Opportunity Commission
500 West Madison
28th Floor
Chicago, IL  60605

ATTN:  State and Local Coordinator

I am withdrawing Charge Number ___2007CF0652___ from the Illinois Department of Human
Rights and hereby request a Right to Sue Notice from EEOC on the following charge:

EEOC Number:        21BA62692

Complainant:         Jeanie Pelnarsh

Respondent:          RR Donnelley

I understand that once I receive the Right to Sue Notice I will have 90 days to go into Federal
Court.  I further understand that my case with the Department of Human Rights will not be
reopened even if I am unable to get an attorney or file my complaint in court within the 90-day
time frame.

Complainant's Signature _Jeanie M Pelnarsh_

Date _8-22-07._

#6B
04/06

100 West Randolph Street, James R. Thompson Center, Suite 10-100, Chicago, Illinois 60601  312-814-6200  312-263-1579 (TDD)

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>07M0725.17 | ☒ IDHR<br>☐ EEOC | 2007CF0652 |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.)<br>Jeanie Pelnarsh | HOME TELEPHONE (include area code)<br>815-539-7095 | |
|---|---|---|
| STREET ADDRESS<br>1105 6th Street | CITY, STATE AND ZIP CODE<br>Mendota, IL 61342 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE O LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

| NAME<br>RR Donnelley | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code)<br>815-844-5181 |
|---|---|---|
| STREET ADDRESS<br>1600 N. Main Street | CITY, STATE AND ZIP CODE<br>Pontiac, IL 61764 | COUNTY<br>Livingston |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>SEXUAL HARASSMENT     RETALIATION | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br><br>Through January 31, 2006<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.   A.   ISSUE/BASIS

SEXUAL HARASSMENT – 1999, THROUGH JANUARY 31, 2006

B.   PRIMA FACIE ALLEGATIONS

1.   My sex is female.

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

SEP 2 5 2006

Continued...

| I also want this charge filed at EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>*Kristine A. Roby*          9-21-06<br>NOTARY SIGNATURE          MONTH DATE YEAR |
|---|---|
| OFFICIAL SEAL<br>KRISTINE A. ROBY<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 9-28-2008<br><br>NOTARY SEAL | x *Jeanie M Pelnarsh*          9-21-06<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/00)

Complainant: Jeanie Pelnarsh
Charge Number: 200
Page 2

2.    From November of 1999 through January 31, 2006, several employees at
Respondent sexually harassed me.  The sexual harassment consisted of
Norm Ables, Pressroom Supervisor, making numerous comments about
my breasts and buttocks such as telling me I would not have to work in
manufacturing if I showed him my breast; Tim Lewis, Pressroom
Supervisor, making derogatory comments about my body and perfume,
such as making a comment about me crawling under a desk; Mark
Ragel, Maintenance Supervisor, continually grabbing my butt and
asking me if we were going to have sex; Stan Lorrance, Maintenance,
making comments about my clothing and whistling at me; Ed Gullo,
Bindrey Supervisor, saying women are inferior to men and are only on
earth to satisfy men's urges; Chad Rosenwinkel, Prelim Supervisor,
calling me a typical stupid woman and saying women like me should
stay out of the workplace; Scott Harbinson, Prelim Supervisor, making
numerous comments about how I should wear tighter clothing, and how
I should "show a little tit" to move up in the company; and Joe
Carlberg, Prelim Manager, continually trying to dictate who I
associated with and what I wore, and harassing me by paging me every
hour while I was training for a new division.

3.    Respondent had knowledge of the sexual harassment, because I filed
complaints with Human Resources in 1999 and in 2005, and because I
continually asked Ragel and Carlberg to stop harassing me.  However,
though Respondent has policies against sexual harassment, Respondent
never investigated my complaints or disciplined my harassers.

4.    Respondent is strictly liable for the unwelcome sexual conduct of my
harassers.

5.    The sexual harassment I endured created a hostile, intimidating, and
offensive work environment for me and substantially interfered with my
ability to perform my job.

II.    A.    ISSUE/BASIS
DISCHARGE – JANUARY 30, 2006, IN RETALAITION FOR HAVING
COMPLAINED ABOUT SEXUAL HARASSMENT

B.    PRIMA FACIE ALLEGATIONS
1.    I engaged in a protected in August, 2005, by complaining about the sexual
harassment that I had  endured during my employment at Respondent.

Continued...

**Complainant: Jeanie Pelnarsh**
**Charge Number: 2007CF**
**Page 3**

2. My job performance met Respondent's legitimate expectations. I was hired in 1999.

3. On January 30, 2006, I was discharged. The reason given for the discharge was not following procedure.

4. The discharge followed my having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

**MFP/JJT/RCG**

# *Request for Review*

# *Verified Response*

## VERIFIED RESPONSE GOOD CAUSE DETERMINATION

Charge Number_____**2007CF0652**_____

Complainant _____**Jeanie Pelnarsh**_____

Respondent _____**R.R. Donnelly**_____

This form **must be completed** for all cases. Use this form to determine whether a Verified Response is **timely/untimely** filed. *Use back of this form to chrono all events in this process.*

1. **Verified Response received by Department (date)** _____**12/21/06**_____

2. **Verified Response due date calculation (See 56 Ill. Admin. Code Sec. 2520.30c)**

    (a). Notice of Charge mailed to Respondent (date)_____**10/19/06**_____

    (b). Add 5 days to the date the Notice of Charge was mailed to Respondent to arrive at the date it is deemed received by Respondent:(date):    _____**10/24/06**_____
    *Note: In calculations, if day 5 does not fall on a business day, go to next business day.*
    (c). Add 60 days to the date calculated in subpart (b) above. **IMPORTANT:   THIS IS THE DATE THE VR IS DUE, WHETHER IT IS HAND-DELIVERED OR MAILED. DATE DUE:    12/26/06_____.**
    (The date stamp of the Department establishes the date the VR is filed with the Department if the VR is hand-delivered to the Department. The postmark establishes the date the VR is filed if the VR is mailed to the Department.)
    *Note: In calculations, if day 60 does not fall on a business day, go to next business day.*
    (d) For VR's that have been mailed to the Department, add 5 days to the date calculated in Step (c) above, but only to allow time for the Department's receipt of the VR, not to extend the due date for the VR established above in subpart (c): (date): _____
    __**01/02/07.**   Then examine the **postmark**, which establishes the date the VR was filed with the Department. **The postmark date must be on or before the date established in subpart (c) above as the due date for the filing of the VR.**

3. **Calculating when the VR is untimely received and the Department must take action:**
    The VR is **untimely** if
    (a) it is **received** after the date calculated in subpart (c) above if **hand-delivered**; or  (b) it is **postmarked** after the date calculated in subpart (c) above if **mailed**.

    **VR untimely?  Yes _____  No ___X_____**
4. **Spoke with Respondent regarding reason for late VR:**

    Name:_____Title:_____Date:_____
    **Or**
    **Letter received from Respondent explaining reason for late VR:**

    Name:_____Title:_____Date:_____

VR Good Cause Determination
Page Two

5. **VR-1 Letter (correction of defective VR) sent to:** *(Chrono follow-up phone calls.)*

   Name:_____ Title:_____ Date:_____

6. **VR-2 Letter (reminder VR due) sent to:** *(Chrono follow-up phone calls.)*

   Name:_____ Title:_____ Date:_____

7. **Verified Response served on Complainant (date) _____12/21/06_____**
   (Attach supporting documentation showing proof of service on Complainant.)
   (Note: the fact finding conference should not be held until at least thirty (30) days have
   elapsed from the date Complainant is deemed to have been served with the Verified
   Response.) (See 56 Ill. Admin. Code Sec. 2520.30c)

8. **Respondent explanation for delay in filing of Verified Response:**
   _____
   _____
   _____
   _____

9. **If VR untimely, was good cause shown?  YES_____      NO _____**

   **(Please refer to the Department's Administrative Code, Section 2520.405c,
   "Verified Response to Charge", effective January 13, 2006, below.**

   **INVESTIGATOR: CHECK <u>ALL</u> THAT APPLY.  IF #4 AND/OR #5 BELOW IS
   CHECKED, YOU <u>MUST</u> STATE ABOVE THE FACTS APPLICABLE TO THE
   REASONS STATED IN #4 AND/OR #5:)**

   Pursuant to Section 7A-102(B) of the Act, **good cause** for untimely filing a
   verified response may include, but shall not be limited to:
   _____ 1.  Death or sudden, serious illness of respondent or respondent's representative;
   _____ 2.  Death or sudden, serious illness of an immediate family member of respondent or
   respondent's representative;
   _____ 3.  Respondent filed and served a timely verified response, but the Department later
   determined that respondent's verified response was defective;
   _____ 4.  Respondent acted with due diligence and was not deliberate or contumacious and
   did not unwarrantedly disregard the verified response process, as supported by
   affidavit or other evidence;
   _____ 5.    Respondent's failure to timely file a verified response was due to
   circumstances beyond respondent's control, as supported by affidavit or other
   evidence.

Attach a copy of all supporting documentation to this completed form.  This completed form is to be
attached to the right-hand side of the charge file in the respondent section.
VR Good Cause Determination Worksheet
08/30/2006

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

JEANIE PELNARSH,

     CHARGING PARTY,

v.

                                 Charge No. 2007CF0652

R.R. DONNELLEY & SONS COMPANY,

     RESPONDENT.

## VERIFIED RESPONSE TO
## CHARGE OF DISCRIMINATION

     Respondent, R.R. Donnelley & Sons Company ("Donnelley"), by and through its attorneys, hereby responds to the Charge filed against it by Charging Party Jeanie Pelnarsh as follows:

I.    A.    **ISSUE/BASIS**

          **SEXUAL HARASSMENT – 1999, THROUGH JANUARY 31, 2006**

          **Response:**    Respondent denies.

    B.    **PRIMA FACIE ALLEGATIONS**

          1.    **My sex is female.**

          **Response:**    Respondent admits.

          2.    **From November of 1999 through January 31, 2006, several employees at Respondent sexually harassed me. The sexual harassment consisted of Norm Ables, Pressroom Supervisor, making numerous comments about my breasts and buttocks such as telling me I would not have to work in manufacturing if I showed him my breast; Tim Lewis, Pressroom Supervisor, making derogatory comments about my body and perfume, such as making a comment about me crawling under a desk; Mark Ragel, Maintenance Supervisor, continually grabbing my butt and asking me if we were going to have sex; Stan Lorrance, Maintenance, making comments about my clothing and whistling at me; Ed Gullo, Bindrey [sic] Supervisor,**

saying women are inferior to men and are only on earth to satisfy men's urges; Chad Rosenwinkel, Prelim Supervisor, calling me a typical stupid woman and saying women like me should stay out of the workplace; Scott Harbinson, Prelim Supervisor, making numerous comments about how I should wear tighter clothing, and how I should "show a little tit" to move up in the company; and Joe Carlberg, Prelim Manager, continually trying to dictate who I associated with and what I wore, and harassing me by paging me every hour while I was training for a new division.

**Response:**     Respondent denies.

3.     Respondent had knowledge of the sexual harassment, because I filed complaints with Human Resources in 1999 and in 2005, and because I continually asked Ragel and Carlberg to stop harassing me. However, though Respondent has policies against sexual harassment, Respondent never investigated my complaints or disciplined my harassers.

**Response:**     Respondent admits that its policies prohibit sexual harassment. Respondent denies the remaining allegations contained in Paragraph I.B.3.

4.     Respondent is strictly liable for the unwelcome sexual conduct of my harassers.

**Response:**     Respondent denies.

5.     The sexual harassment I endured created a hostile, intimidating, and offensive work environment for me and substantially interfered with my ability to perform my job.

**Response:**     Respondent denies.

II.     A.     ISSUE/BASIS

DISCHARGE – JANUARY 30, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT

**Response:**     Respondent denies.

B.     PRIMA FACIE ALLEGATIONS

1.     I engaged in a protected in August, 2005, by complaining about the sexual harassment that I had endured during my employment at Respondent.

- 2 -

**Response:**    Respondent denies.

2.    **My job performance met Respondent's legitimate expectations.  I was hired in 1999.**

**Response:**    Respondent admits that Charging Party was hired in 1999, but denies the remaining allegations contained in Paragraph II.B.2.

3.    **On January 30, 2006, I was discharged.  The reason given for the discharge was not following procedure.**

**Response:**    Respondent admits that Charging Party was discharged on January 30, 2006, but denies the remaining allegations contained in Paragraph II.B.3.

4.    **The discharge followed my having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.**

**Response:**    Respondent denies.

Respectfully submitted,

R.R. DONNELLEY & SONS COMPANY

By _____
One of Its Attorneys

Richard H. Schnadig
Sara J. Kagay
Vedder, Price, Kaufman & Kammholz
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated: December 21, 2006

- 3 -

**VERIFICATION**

The undersigned Kathleen Tyrrell, being first duly sworn on oath, deposes and says that she is a

Human Resources Manager at R.R. Donnelley & Sons Company; that she has read the foregoing

Verified Response to the Charge of Discrimination; that she knows the contents thereof; and that said

response is true and correct to the best of her knowledge, information and belief.

_____
Kathleen Tyrrell

Subscribed and sworn to before me
this _15th_ day of December, 2006

_____
Denise M. McElroy
Notary Public

```
OFFICIAL SEAL
DENISE M. MC ELROY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-28-2010
```

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
DEC 2 1 2006

- 4 -

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing VERIFIED RESPONSE

TO CHARGE OF DISCRIMINATION was served upon:

> Jeanie Pelnarsh
> 1105 6th Street
> Mendota, IL  61342

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Suite

2600, Chicago, Illinois 60601-1003 on December 21, 2006.

Sara J. Kagay

- 5 -

# *Respondent*

# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FACSIMILE: 312-609-5005

OFFICES IN CHICAGO, NEW YORK CITY, AND ROSELAND, NEW JERSEY

May 18, 2007

**VIA FACSIMILE**
**AND U.S. MAIL**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601

Re:    Jeanie Pelnarsh, Charge No. 2007CF0652

Dear Ms. Silmon:

I am writing to confirm the witness interviews in the above matter, scheduled for May 21, 2007.  We will telephone you for the interviews, and the schedule will be as follows:

| | |
|---|---|
| Tim Lewis | 11:00 am |
| Marilyn Sullivan | 11:30 am |
| Norm Abels | 12:00 pm |
| Mark Ragle | 12:30 pm |
| Stan Lorrance | 1:00 pm |
| Scott Harbison | 1:30 pm |

In addition, attached per your request is a report showing involuntary terminations at the Pontiac facility in 2004 and 2005.  The report includes job title, gender, date of hire, date of discharge, reason for discharge and, for privacy reasons, employee identification numbers in lieu of names.

CHICAGO/#1642575.1

VEDDERPRICE

Ms. Cassandra Silmon
May 18, 2007
Page 2

Please contact me if you have any questions. Otherwise I look forward to speaking with you on May 21.

Very truly yours,

Sara J. Kagay

/SJK
Enclosures

| ID | Term Date | Service Dt | Description | Job Title | Sex |
|---|---|---|---|---|---|
| 814899 | 3/25/2004 | 7/21/2003 | Absenteeism | Material Handler I | M |
| 19489 | 5/5/2004 | 10/13/2003 | Absenteeism | Material Handler I | M |
| 25911 | 8/9/2004 | 1/5/2004 | Absenteeism | Material Handler I | F |
| 46314 | 8/24/2004 | 10/11/1987 | Absenteeism | Material Handler I | F |
| 49119 | 9/27/2004 | 4/29/2002 | Absenteeism | Material Handler I | M |
| 28421 | 10/7/2004 | 4/12/2004 | Absenteeism | Material Handler I | M |
| 65652 | 11/8/2004 | 11/1/2004 | Absenteeism | Material Handler I | F |
| 65664 | 11/9/2004 | 11/1/2004 | Absenteeism | Material Handler I | F |
| 19487 | 12/2/2004 | 10/13/2003 | Absenteeism | Material Handler I | F |
| 25914 | 12/7/2004 | 1/5/2004 | Absenteeism | Material Handler I | F |
| 49912 | 12/21/2004 | 6/12/2002 | Absenteeism | Material Handler I | M |
| 77074 | 1/6/2005 | 8/30/1998 | Absenteeism | Material Handler I | F |
| 31540 | 1/18/2005 | 12/7/2000 | Absenteeism | Hoist Operator I | M |
| 18615 | 2/7/2005 | 9/15/2003 | Absenteeism | Material Handler I | M |
| 33062 | 3/16/2005 | 8/8/2004 | Absenteeism | Material Handler I | M |
| 15905 | 3/24/2005 | 8/4/2003 | Absenteeism | Material Handler I | M |
| 18954 | 3/25/2005 | 10/6/2003 | Absenteeism | Material Handler I | F |
| 97331 | 4/7/2005 | 5/20/2002 | Absenteeism | Administrative Specialist I | F |
| 97700 | 4/10/2005 | 4/26/2004 | Absenteeism | Hoist Operator I | M |
| 65662 | 5/1/2005 | 11/1/2004 | Absenteeism | Material Handler I | M |
| 65674 | 5/4/2005 | 11/1/2004 | Absenteeism | Material Handler I | F |
| 95999 | 5/4/2005 | 8/20/1999 | Absenteeism | Material Handler I | F |
| 46050 | 5/5/2005 | 9/5/1972 | Absenteeism | Press Technician III | M |
| 92205 | 5/15/2005 | 4/29/2002 | Absenteeism | Administrative Specialist II | F |
| 45983 | 5/19/2005 | 6/20/1990 | Absenteeism | Bindery Technician I | M |
| 25204 | 5/23/2005 | 8/27/2000 | Absenteeism | Press Assistant | M |
| 33070 | 6/23/2005 | 8/9/2004 | Absenteeism | Material Handler I | M |
| 59774 | 7/31/2005 | 10/4/1998 | Absenteeism | Material Handler I | F |
| 49155 | 8/1/2005 | 5/6/2002 | Absenteeism | Material Handler I | M |
| 57359 | 8/15/2005 | 5/25/1997 | Absenteeism | Press Technician II | M |
| 01870 | 9/7/2005 | 1/27/2003 | Absenteeism | Material Handler I | M |
| 57239 | 12/15/2005 | 9/13/2002 | Absenteeism | Material Handler I | M |
| 59990 | 12/15/2005 | 12/1/2003 | Absenteeism | Material Handler I | F |
| 57239 | 12/15/2005 | 9/13/2002 | Absenteeism | Material Handler I | M |
| 59990 | 12/15/2005 | 12/1/2003 | Absenteeism | Material Handler I | F |
| 33054 | 12/27/2005 | 8/8/2004 | Absenteeism | Material Handler I | F |
| 46083 | 8/8/2006 | 2/25/2003 | Absenteeism | Material Handler I | F |
| 05800 | | 11/1/2006 | Absenteeism | Press Assistant | F |
| 91438 | 1/8/2004 | 12/1/2003 | Discharged for cause | Material Handler I | F |
| 03735 | 3/24/2004 | 3/19/2003 | Discharged for cause | Material Handler I | F |
| 18995 | 3/24/2004 | 9/29/2003 | Discharged for cause | Material Handler I | M |
| 46399 | 3/30/2004 | 6/25/1990 | Discharged for cause | Bindery Technician II | M |
| 802630 | 6/11/2004 | 2/25/2003 | Discharged for cause | Material Handler I | F |
| 69381 | 9/27/2004 | 2/1/1998 | Discharged for cause | Press Technician II | M |
| 46365 | 9/30/2004 | 9/4/1984 | Discharged for cause | Administrative Specialist II | M |
| 25912 | 5/10/2005 | 1/5/2004 | Discharged for cause | Material Handler I | F |
| 03752 | 6/27/2005 | 3/19/2003 | Discharged for cause | Material Handler I | M |
| 45848 | 7/24/2005 | 6/12/1972 | Discharged for cause | Press Technician III | M |
| 27613 | 7/26/2005 | 3/17/2004 | Discharged for cause | Hoist Operator I | M |
| 05359 | 10/25/2005 | 11/5/1999 | Discharged for cause | Bindery Technician I | M |
| 77738 | 11/7/2005 | 9/13/1998 | Discharged for cause | Hoist Operator II | M |
| 24241 | 1/22/2004 | 12/1/2003 | Fail to Rept to Work/Job Aband | Material Handler I | M |
| 18616 | 1/23/2004 | 9/15/2003 | Fail to Rept to Work/Job Aband | Material Handler I | M |
| 03918 | 2/13/2004 | 4/2/2003 | Fail to Rept to Work/Job Aband | Material Handler I | M |
| 814988 | 4/14/2004 | 7/21/2003 | Fail to Rept to Work/Job Aband | Press Assistant | F |
| 23971 | 5/10/2004 | 12/1/2003 | Fail to Rept to Work/Job Aband | Material Handler I | M |

| ID | Term Date | Service Dt | Description | Job Title | Sex |
|---|---|---|---|---|---|
| 28652 | 5/16/2004 | 4/26/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 826855 | 5/20/2004 | 2/18/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 19232 | 6/1/2004 | 9/29/2003 | Fail to Rept to Work/Job Aband | Material Handler I | M |
| 83082 | 6/2/2004 | 10/23/1995 | Fail to Rept to Work/Job Aband | Bindery Technician II | F |
| 826856 | 6/3/2004 | 2/18/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 25925 | 6/11/2004 | 1/5/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 31745 | 8/14/2004 | 7/16/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 802913 | 8/20/2004 | 2/25/2003 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 31752 | 3/13/2005 | 7/16/2004 | Fail to Rept to Work/Job Aband | Material Handler I | M |
| 60523 | 9/9/2005 | 1/5/2004 | Fail to Rept to Work/Job Aband | Material Handler I | F |
| 46016 | 10/2/2005 | 1/10/1988 | Invol-Fail to Return from LOA | Bindery Technician I | M |
| 25808 | 7/14/2004 | 12/8/2003 | Other - Involuntary | Material Handler I | F |
| 827607 | 7/14/2004 | 3/17/2004 | Other - Involuntary | Hoist Operator I | M |
| 46401 | 11/11/2004 | 1/17/1993 | Other - Involuntary | Hoist Operator I | M |
| 57940 | 11/30/2004 | 10/7/2002 | Other - Involuntary | Mfg Supervisor/Facilitator | M |
| 31748 | 12/6/2004 | 7/14/2004 | Other - Involuntary | Material Handler I | M |
| 46400 | 8/18/2005 | 12/8/1996 | Other - Involuntary | Assoc Mfg Professional | F |
| 45851 | 11/22/2005 | 4/19/1992 | Other - Involuntary | Hoist Operator II | M |
| 19059 | 2/19/2004 | 2/18/2004 | Unsatisfactory Performance | Machinist I | M |
| 19473 | 3/8/2004 | 10/13/2003 | Unsatisfactory Performance | Material Handler I | M |
| 45902 | 5/17/2004 | 3/1/1982 | Unsatisfactory Performance | Mfg Supervisor/Facilitator | M |
| 92305 | 12/30/2004 | 5/28/1999 | Unsatisfactory Performance | Material Handler I | M |
| 94429 | 10/18/2005 | 7/19/1999 | Unsatisfactory Performance | Hoist Operator I | M |
| 41932 | 6/29/2004 | 3/2/1981 | Workforce Reduction/12m subsid | Administrative Specialist II | F |
| 46572 | 6/29/2004 | 11/8/1976 | Workforce Reduction/12m subsid | Material Handler I | F |
| 47112 | 6/29/2004 | 8/3/1981 | Workforce Reduction/12m subsid | Manufacturing Support-Productn | F |
| 03207 | 6/29/2004 | 9/25/1961 | Workforce Reduction/12m subsid | Prelim/Prepress Technician III | M |
| 46433 | 11/27/2004 | 9/5/1972 | Workforce Reduction/12m subsid | Administrative Specialist II | F |
| 46250 | 5/14/2004 | 2/17/1997 | Workforce Reduction/3m subsidy | Black Belt II | F |
| 46415 | 5/14/2004 | 6/10/2002 | Workforce Reduction/3m subsidy | Quality Inspector II | F |
| 49368 | 5/14/2004 | 6/23/2003 | Workforce Reduction/3m subsidy | Mfg Supervisor/Facilitator | M |
| 19358 | 6/15/2004 | 10/13/2003 | Workforce Reduction/3m subsidy | Baler Operator | M |
| 17658 | 6/29/2004 | 7/17/2000 | Workforce Reduction/3m subsidy | Baler Operator | M |
| 25651 | 6/29/2004 | 9/14/2000 | Workforce Reduction/3m subsidy | Baler Operator | M |
| 02607 | 6/29/2004 | 10/22/1999 | Workforce Reduction/3m subsidy | Material Handler I | M |
| 53511 | 11/30/2004 | 7/14/2003 | Workforce Reduction/3m subsidy | Manufacturing Support-Material | F |
| 56894 | 11/30/2004 | 8/30/2002 | Workforce Reduction/3m subsidy | Black Belt I | F |
| 67202 | 5/14/2004 | 3/13/1994 | Workforce Reduction/6m subsidy | Document Controller | F |
| 46038 | 11/27/2004 | 8/31/1986 | Workforce Reduction/6m subsidy | Administrative Specialist II | F |
| 45858 | 5/14/2004 | 12/26/1984 | Workforce Reduction/9m subsidy | HR Specialist - General | F |
| 46462 | 5/14/2004 | 11/7/1988 | Workforce Reduction/9m subsidy | Quality Inspector II | F |
| 46230 | 6/29/2004 | 6/2/1986 | Workforce Reduction/9m subsidy | HR Coordinator - General | F |
| 46652 | 6/29/2004 | 7/1/1985 | Workforce Reduction/9m subsidy | Manufacturing Support-Productn | M |
| 46656 | 6/29/2004 | 8/26/1985 | Workforce Reduction/9m subsidy | Customer Care Rep Associate | F |
| 46313 | 8/2/2004 | 6/28/1987 | Workforce Reduction/9m subsidy | Accountant - Job | F |
| 45854 | 11/27/2004 | 1/26/1987 | Workforce Reduction/9m subsidy | Material Handler I | M |

**VEDDER PRICE**

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601



$0.41
MAY 19 2007
US POSTAGE
First-Class Mail
MAILED FROM 60601

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601

MAY 2 1 2007

60601+3391 C012

E-FILED
Friday, 22 February, 2008 12:23:04 PM
Clerk, U.S. District Court, ILCD

05/18/2007 12:47 FAX 312 609 5005     VEDDER PRICE KAUFMAN     Ø001

## VEDDER PRICE

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FACSIMILE: 312-609-5005

## Facsimile

OFFICES IN CHICAGO, NEW YORK CITY AND ROSELAND, NEW JERSEY

| If you have any problems with this transmittal, please call 312-609-5001. Our Fax Number is 312-609-5005. | **Confidentiality Note** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 312-609-5001, and return this original message to us at the above address via the U.S. Postal Service. Thank you. |
|---|---|
| Fax Operator: | |

**Please deliver the following page(s) to:**          **Page 1**

| **Name:** | Cassandra Silmon | **Fax No.:** | 312-814-6251 | '07 MAY 18 PM 12: |
|---|---|---|---|---|
| **Firm:** | IDHR | **Confirmation No.:** | 312-814-6220 | |
| **From:** | Sara Kagay | **Sender's Ext.:** | 7538 | |
| **Date:** | May 18, 2007 | **Total Pages:** | 5 | |
| **Client No.:** | 04109.70.0016 | **Time Received by Fax Dept.:** | | |

**Special instructions to receiving operator:**

**Message:**
Please see attached.



**VEDDER PRICE**

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601



Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601



# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

222 NORTH LASALLE STREET

CHICAGO, ILLINOIS 60601

312-609-7500

FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

April 24, 2007

**VIA FACSIMILE**
**AND U.S. MAIL**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL 60601

      Re:    <u>Jeanie Pelnarsh, Charge No. 2007CF0652</u>

Dear Ms. Silmon:

      I am writing in response to your letter requesting additional information from Respondent R.R. Donnelley & Sons Company ("Donnelley") in the above matter.

      Unfortunately, Human Resource Manager Kathleen Tyrrell has had a family emergency and has therefore been out of the office and unable to provide some of the information the Department is seeking. Thus, additional information will be forthcoming as soon as possible.

      1.    As of the most recent EEO report, the Pontiac facility employed 186 females.

      2.    No other Pontiac Digital Solutions Center ("DSC") employees were terminated in the 12 months prior to Charging Party's termination. Donnelley will provide additional information shortly.

      3.    Charging Party's sexual harassment allegations are untimely. At the fact-finding conference, Charging Party admitted that she experienced no sexual harassment once she transferred to the Mendota facility effective October 1, 2005. She did not file a Charge of Discrimination until nearly a year later, on or about September 23, 2006. The statute of limitations for a claim under the Illinois Human Rights Act is 180 days. As Charging Party experienced no harassment in the 180 days before her Charge was filed (indeed she was not even employed with Donnelley during that 180 day period), her harassment claims are therefore clearly untimely and should be dismissed.

VEDDERPRICE

Ms. Cassandra Silmon
April 24, 2007
Page 2

Regardless, the only other sexual harassment Charge of Discrimination filed against Donnelley in Illinois in the last several years was a Charge filed in February 2007 by Angela Butler against the Banta Corporation, which Donnelley acquired in January 2007. Butler's Charge is based on pre-acquisition conduct based on her employment at Banta's Elk Grove Village facility. There have been no sexual harassment lawsuits filed against Donnelley by employees or former employees in Illinois in the past several years.

As previously stated, Donnelley has no record of Charging Party making a harassment complaint and has no record of any harassment complaint against any individual named by Charging Party in her Charge. Notwithstanding, Donnelley does not retaliate against employees for making good-faith complaints of alleged harassment. Charging Party was terminated not because she made any alleged complaint but due to gross misconduct relating to the misuse of her Company purchasing card. In the same time frame that she was terminated, Rick Denk and Jessica Meister, who had made no complaints of harassment, were also terminated for their role in the misconduct. Similarly, Joe Carlberg received a Formal Reminder and lost his bonus that year due to his failure to follow Donnelley procedures. Thus, it is clear that Charging Party's alleged complaint played no role in her termination.

4.     The sexually explicit pictures that Charging Party gave Norm Abels are attached (via U.S. mail).

To update you on the status of the criminal case, Charging Party has been sentenced to 90 days in LaSalle County jail, 48 months' probation and $2,500 restitution. She pled guilty to criminal theft charges and, according to news reports, admitted she took the money because she felt overworked.

Donnelley will provide additional information as well as dates and times for the interviews requested as soon as possible. Please contact me if you have any questions or would like further information.

Very truly yours,

Sara J. Kagay

/SJK
Enclosures

JOB STATUS REPORT

```
TIME  : 04/13/2007 10:08
NAME  : DHR
FAX#  : 312-814-6251
TEL#  : 312-814-6251
SER.# : 000005090018
```

```
DATE,TIME           04/13  10:07
FAX NO./NAME        96095005
DURATION            00:00:38
PAGE(S)             03
RESULT              OK
MODE                STANDARD
                    ECM
```

ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

## FAX Transmission Form

TO: _Sana Kasru_    FROM: _Cassandra Silmon_
_Vedder Price_

Phone _312-609-7538_    Phone _312-814-6220_
Fax Phone _312-609-5005_    Fax Phone _312-814-6251_

Date _4 / 13 / 2007_    Number of pages including cover sheet: _____

REMARKS: ☐ Urgent   ☐ For your review   ☑ Reply ASAP   ☐ Please Contact Us

SUBJECT: _Pelmansh -V- R.R. Donnelly - 2007CF0652_

COMMENTS: _Request for further information._

The Department of Human Rights is transmitting this document from a facsimile machine. If you do not
receive the correct number of pages or encounter other problems while transmitting, please call



ILLINOIS DEPARTMENT OF
# ♪Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

## FAX Transmission Form

| | |
|---|---|
| **TO:** *Sara Kaprul* | **FROM:** Cassandra Silmon |
| *Vedden Phille* | |
| **Phone** 312-609-7538 | **Phone** 312-814-6220 |
| **Fax Phone** 312-609-5005 | **Fax Phone** 312-814-6251 |

**Date** 4 / 13 / 2007        *Number of pages including cover sheet:* _____

**REMARKS:**  ☐ Urgent   ☐ For your review   ☑ Reply ASAP   ☐ Please Contact Us

**SUBJECT:** *Pelmarsh -V- RiRi Donnelly - 2007CF0652*

**COMMENTS:** *Request for further information.*

_____

_____

_____

_____

_____

The Department of Human Rights is transmitting this document from a facsimile machine. If you do not receive the correct number of pages or encounter other problems while transmitting, please call ( _____ ) _____.

Our fax numbers are as follows:

| | |
|---|---|
| Chicago Office | (312) 814-1436 (Administration) |
| | (312) 814-6251 (Charge Processing) |
| | (312) 814-2397 (Compliance) |
| Springfield Office | (217) 785-5106 |
| Marion Office | (618) 993-7464 |

This message is intended only for the use of the person or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original to the sender at above address by mail. Thank You.

IL442-0267



### ILLINOIS DEPARTMENT OF
# ❧Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

April 13, 2007

R.R. Donnelly
c/o Attorney Sara Kagay
Vedder Price
222 N. LaSalle Street
Chicago, IL 60601

RE:    Charge Number:    2007CF0652
   Complainant:  Jeanie Pelnarsh
   Respondent:  R.R. Donnelly

Dear Respondent:

The Illinois Department of Human Rights requests _RR Donnelly c/o Attorney Sara Kagay_
provide the Department with the following information and/or documentation by April 24, 2007:

- Provide last known contact information, address and telephone number(s) for the following individuals:
  1. Marilyn Sullivan
  2. Mark Ragel

- Provide the Department with date(s) & time(s) for the Department's representative to interview the following management level employees (preferably all interviews to be completed by May 14, 2007):
  1. Norm Ables
  2. Tim Lewis
  3. Stan Lorrance
  4. Scott Harbinson
  5. Mark (l. name unknown) first hand knowledge surrounding Complainant's discharge).

- Provide total number of female employees at Respondent's Pontiac facility.

Charge No. 2007CF0652
-p- 2

- For each employee discharged by Respondent in the twenty four month period preceding the date of the alleged violation provide:
  - a.   Name.
  - b.   Job Title.
  - c.   Sex.
  - d.   Date of hire.
  - e.   Discharge date.
  - f.    Reason(s) for discharge.
  - g.   Discharge documents.

- State whether other persons at Respondent (all facilities in Illinois) have in some manner opposed or protested allegedly discriminatory treatment.  State whether those person(s) named or referred to in the response to this questionnaire took any of these actions  For example:
  - a.   Have other discrimination charges been filed with any regulatory agency within the last five years?
  - b.   Has anyone at Respondent filed a grievance alleging some type of discrimination?
  - c.   Has anyone at Respondent protested or mentioned an allegation of discriminatory treatment in meeting with supervisors or managers?
  - d.   Provide relevant documents.

- Provide copies of Complainant's "sexually explicit photos" to the Department.

Any other information, which you believe may be pertinent to the Department's investigation of this matter, including documents and names of witnesses, must also be provided by the above date.

Your failure to provide this information by the above date will be construed against you and will result in a determination being made with the information already on hand.  Your cooperation is appreciated.

Sincerely,

*Cassandra Simon*

Human Rights Investigator
Charge Processing Division
(312) 814-6220

FF7LTR

# VEDDER PRICE

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
March 29, 2007

MAR 2 1 2007

**VIA MESSENGER**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601

  Re: Jeanie Pelnarsh, Charge No. 2007CF0652

Dear Ms. Silmon:

  Enclosed, in response to the IDHR's questionnaire in connection with the above Charge, is the most recent EEO report for Respondent's Pontiac, Illinois facility.

       Very truly yours,

       Sara Kagay

       Sara J. Kagay

/SJK
Enclosure

CO= 0215063
U= B434401

**EQUAL EMPLOYMENT OPPORTUNITY**
**2006 EMPLOYER INFORMATION REPORT**

INDIVIDUAL ESTABLISHMENT REPORT - TYPE 4

**SECTION B - COMPANY IDENTIFICATION**
I. RR DONNELLEY & SONS
111 S WACKER DR
CHICAGO, IL 60606

2.a. R R DONNELLEY PONTIAC MFG
1600 N MAIN ST
PONTIAC, IL 61764

LIVINGSTON COUNTY

c. Y

**SECTION C - TEST FOR FILING REQUIREMENT**
1-Y 2-N 3-Y  DUNS NO.:114516585

**SECTION E - ESTABLISHMENT INFORMATION**
NAICS: 323110  Commercial Lithographic Printing

**SECTION D - EMPLOYMENT DATA**

| JOB CATEGORIES | OVERALL TOTALS | MALE | | | | | FEMALE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE |
| OFFICIALS AND MANAGERS | 34 | 25 | 0 | 0 | 1 | 0 | 7 | 0 | 0 | 1 | 0 |
| PROFESSIONALS | 37 | 20 | 0 | 0 | 0 | 0 | 17 | 0 | 0 | 0 | 0 |
| TECHNICIANS | 11 | 10 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | 63 | 21 | 0 | 0 | 1 | 0 | 59 | 1 | 0 | 1 | 0 |
| CRAFT WORKERS (SKILLED) | 191 | 168 | 1 | 3 | 0 | 0 | 19 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | 85 | 59 | 2 | 3 | 0 | 0 | 20 | 0 | 1 | 0 | 0 |
| LABORERS | 110 | 37 | 6 | 9 | 0 | 0 | 49 | 2 | 4 | 3 | 0 |
| SERVICE WORKERS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 552 | 340 | 9 | 15 | 2 | 0 | 173 | 3 | 5 | 5 | 0 |
| PREVIOUS REPORT TOTAL | 609 | 371 | 13 | 19 | 1 | 0 | 192 | 3 | 5 | 5 | 0 |

**SECTION F - REMARKS**

STATE OF ILLINOIS

DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF        )
)
Jeanie Pelnarsh          )
)
COMPLAINANT         )    CHARGE NO. 2007CF0652
)
    AND               )
)
R.R. Donnelly & Sons Company  )
)
RESPONDENT          )

**A P P E A R A N C E**

_Sara Kagay_ , hereby enter

Name of law firm/attorney/non-attorney representative

The appearance of ___R.R. Donnelly & Sons Company___

(Name of Complainant or Respondent )

and our Appearance as their attorney (or non-attorney representative), and

request that copies of all Pleadings, Orders and other documents be served upon

the undersigned for said Party in lieu of service upon the Party.

_Sara Kagay_
PRINT name of attorney/non-attorney Representative

_Vedder Price, Kaufman + Kammholz_
Firm Name

_222 N. LaSalle_
Address

_Chicago    IL    60601_
City    State    Zip code

_312-609-7500_
Telephone

_Skagay@vedderprice.com_
E-mail Address

_312-609-5005_
Fax #

Dated: _4/12/07_    By: _Sara Kagay_
Signature



# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

December 21, 2006

**VIA MESSENGER**

Case Assignment Unit
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL 60601

>      Re:   Jeanie Pelnarsh v. R. R. Donnelley & Sons Company
>            Charge No. 2007CF0652

To Whom it May Concern:

We represent Respondent R.R. Donnelley & Sons with respect to the above-referenced Charge. Enclosed is Respondent's Verified Response to the Charge. We will provide the position statement and questionnaire response after the Holidays.

Very truly yours,

Sara J. Kagay

SJK/jbd
Enclosure

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                    )
                                     )
JEANIE PELNARSH                      )
                                     )
    COMPLAINANT,                     )
                                     )        IDHR NO.:   2007CF0652
and                                  )        EEOC NO.:  21BA62692
                                     )
R.R. DONNELLY                        )
                                     )
    RESPONDENT,                      )

## EXTENSION

Pursuant to 7A-102G (1) of the Human Rights Act, we hereby agree to extend the <u>365</u>
day time limit for the Department's investigation by <u> 365  </u> days.


<u>Jeanie M Pelnarsh</u>
C0MPLAINANT (Signature)

<u>Jeanie M Pelnarsh.</u>
Complainant's name (Printed)

<u>4/12/07.</u>
Date

<u>Sara Kagay</u>
RESPONDENT (Signature)*

<u>Sara J. Kagay</u>
Respondent's name (printed)

<u>Attorney for Respondent</u>
Respondent's title

<u>4/12/07</u>
Date


EXTENS/CPFORMS


\* Note:    It is assumed that attorneys or non-attorney representatives are signing on behalf of all parties
they represent, unless otherwise indicated.  The parties further understand, acknowledge, and agree that this
document may be executed in identical counterparts.



ILLINOIS DEPARTMENT OF

# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 21, 2007

Laura Kinkade
122 W. Murphy Street
Pontiac, IL 61764

Re:     Charge No.     2007CF0652
        Complainant:  Jeanie Pelnarsh
        Respondent:   RR Donnelly

Dear Laura Kinkade:

I have been advised that you can provide information pertinent to the Department's investigation
of the above captioned charge.  Please contact me as soon as possible to discuss this matter.  It is
critical that the Department's investigation be as thorough and complete as possible.  Therefore,
it is important that all possible witnesses be interviewed.  Even if you do not have any
knowledge of this matter, I still need to contact you to confirm this.  Please be advised that it is
illegal for anyone to retaliate against a witness in one of the Department's investigations.  If
requested, the Department can keep the names of witnesses confidential.  However, at a later
date confidential witnesses may be subpoenaed if there is a public hearing on the case.

Please contact me as soon as possible at 312/814-6220 between the hours of 9:00 a.m. and 5:00
p.m.  If I am not available, please leave your name and a telephone number where I can reach
you during business hours.

Your cooperation in this matter is greatly appreciated.

Sincerely,

Cassandra Simon
Human Rights Investigator
Charge Processing Division

#27
10/03

DEPT. OF HUMAN RIGHT:
SWITCHBOARD
MAR 30 2007



STATE OF ILLINOIS
# Department of
# Human Rights

100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, Illinois 60601

METER #6614



PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.37¹
MAILED FROM ZIP CODE 606

**04-14-07 SO SUBURBAN IL 604
**04-13-07 SO SUBURBAN IL 604

LAURA KINKADE
NW 4TH STREET
#150AR
LUDOWICI, GA 31316

DEPT. OF HUMAN RIGHTS
CASE DISPOSITION UNIT

R ECEIVED D
APR 2 4 2007
BY _____

ıʟLINOIS DEPARTMENT ᴜF
# ♦Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 21, 2007

Michael Bokus
1403 Ben Mar Avenue
Mendota, IL  61342

Re:     Charge No.     2007CF0652
        Complainant:  Jeanie Pelnarsh
        Respondent:   RR Donnelly

Dear Michael Bokus:

I have been advised that you can provide information pertinent to the Department's investigation
of the above captioned charge.  Please contact me as soon as possible to discuss this matter.  It is
critical that the Department's investigation be as thorough and complete as possible.  Therefore,
it is important that all possible witnesses be interviewed.  Even if you do not have any
knowledge of this matter, I still need to contact you to confirm this.  Please be advised that it is
illegal for anyone to retaliate against a witness in one of the Department's investigations.  If
requested, the Department can keep the names of witnesses confidential.  However, at a later
date confidential witnesses may be subpoenaed if there is a public hearing on the case.

Please contact me as soon as possible at 312/814-6220 between the hours of 9:00 a.m. and 5:00
p.m.  If I am not available, please leave your name and a telephone number where I can reach
you during business hours.

Your cooperation in this matter is greatly appreciated.

Sincerely,

*Cassandra Silmon*

Human Rights Investigator
Charge Processing Division

#27
10/03



STATE OF ILLINOIS
**Department of Human Rights**

100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, Illinois 60601

METER #6614

\*\*SNGLP-03-24-07

\*\*03-23-07

PRESORTED FIRST CLASS

UNITED STATES POSTAGE

PITNEY BOWES

$ 00.37¹

02 1A
0004370561    MAR 22 2007
MAILED FROM ZIP CODE 60601

*Laura Kinkade*
*122 W. Murphy Street*

MAR 2 9 2007

61764\$2650 C006

60601@3218

KINK122 X 617 N1 1 B05 C 72 03/27/07
FORWARD TIME EXP  RTN TO SEND
KINKADE LAURA
NW 4TH ST # 150AR
LUDOWICI GA 31316

RETURN TO SENDER



ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 21, 2007

Laura Kinkade
122 W. Murphy Street
Pontiac, IL  61764

Re:    Charge No.    2007CF0652
       Complainant:  Jeanie Pelnarsh
       Respondent:   RR Donnelly

Dear Laura Kinkade:

I have been advised that you can provide information pertinent to the Department's investigation
of the above captioned charge.  Please contact me as soon as possible to discuss this matter.  It is
critical that the Department's investigation be as thorough and complete as possible.  Therefore,
it is important that all possible witnesses be interviewed.  Even if you do not have any
knowledge of this matter, I still need to contact you to confirm this.  Please be advised that it is
illegal for anyone to retaliate against a witness in one of the Department's investigations.  If
requested, the Department can keep the names of witnesses confidential.  However, at a later
date confidential witnesses may be subpoenaed if there is a public hearing on the case.

Please contact me as soon as possible at 312/814-6220 between the hours of 9:00 a.m. and 5:00
p.m.  If I am not available, please leave your name and a telephone number where I can reach
you during business hours.

Your cooperation in this matter is greatly appreciated.

Sincerely,

Cassandra Siemon
Human Rights Investigator
Charge Processing Division

#27
10/03



ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 21, 2007

Julie Lieberman
660 McHenry Road
Apt. 101
Wheeling, IL  60090

Re:     Charge No.     2007CF0652
        Complainant:  Jeanie Pelnarsh
        Respondent:   RR Donnelly

Dear Julie Lieberman:

I have been advised that you can provide information pertinent to the Department's investigation of the above captioned charge.  Please contact me as soon as possible to discuss this matter.  It is critical that the Department's investigation be as thorough and complete as possible.  Therefore, it is important that all possible witnesses be interviewed.  Even if you do not have any knowledge of this matter, I still need to contact you to confirm this.  Please be advised that it is illegal for anyone to retaliate against a witness in one of the Department's investigations.  If requested, the Department can keep the names of witnesses confidential.  However, at a later date confidential witnesses may be subpoenaed if there is a public hearing on the case.

Please contact me as soon as possible at 312/814-6220 between the hours of 9:00 a.m. and 5:00 p.m.  If I am not available, please leave your name and a telephone number where I can reach you during business hours.

Your cooperation in this matter is greatly appreciated.

Sincerely,

Cassandra Siemon
Human Rights Investigator
Charge Processing Division

#27
10/03

ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 21, 2007

Jessica Meister
606 E. Livingston
Pontiac, IL  61764

Re:    Charge No.    2007CF0652
       Complainant: Jeanie Pelnarsh
       Respondent:  RR Donnelly

Dear Jessica Meister:

I have been advised that you can provide information pertinent to the Department's investigation of the above captioned charge.  Please contact me as soon as possible to discuss this matter.  It is critical that the Department's investigation be as thorough and complete as possible.  Therefore, it is important that all possible witnesses be interviewed.  Even if you do not have any knowledge of this matter, I still need to contact you to confirm this.  Please be advised that it is illegal for anyone to retaliate against a witness in one of the Department's investigations.  If requested, the Department can keep the names of witnesses confidential.  However, at a later date confidential witnesses may be subpoenaed if there is a public hearing on the case.

Please contact me as soon as possible at 312/814-6220 between the hours of 9:00 a.m. and 5:00 p.m.  If I am not available, please leave your name and a telephone number where I can reach you during business hours.

Your cooperation in this matter is greatly appreciated.

Sincerely,

Cassandra Siemon

Human Rights Investigator
Charge Processing Division

#27
10/03

# *NOTES*

## RECORD OF CASE CHRONOLOGY

CHARGE NUMBER  07CF0652          INVESTIGATOR  C. SILMON

COMPLAINANT  Jeanie Pelnarsh          RESPONDENT  RR Donnelly & Sons


DATE & TIME |          CONTACT
8/22/07                    Investigation completed.

## RECORD OF CASE CHRONOLOGY

**CHARGE NUMBER  07CF0652**          **INVESTIGATOR  C. SILMON**

**COMPLAINANT  Jeanie Pelnarsh**          **RESPONDENT  RR Donnelly & Sons**

**DATE & TIME |          CONTACT**

| | |
|---|---|
| 4/11/07 | Witness contact letter to Laura Kinkade returned to staff from the Post Office date stamped 3/29/07 and stamped with Kinkade's forwarding address information of NW 4th Street, #150AR, Ludowici, GA  31316. Staff forwarded the letter to Kinkade's address today. |
| 4/12/07  11:00 a | FFC Completed.  Extension signed 365 days. |
| 4/27/07  4:15 p | Staff phoned Complainant's attorney, L. Steven Platt at 312-236-0415 and left a voice message for attorney Platt to return staff's phone call. |
| 5/1/07  2:00 p | Staff phoned Complainant's attorney, L. Steven Platt at 312-236-0415 and left a voice message for attorney Platt to return staff's phone call. |
| 5/7/07  10:00 a | Phone call from  Respondent's attorney, Sara Kagay, regarding witness interviews.  Staff agreed to 11:00 a.m. on 5/21/07.  Kagay stated that she would send staff a letter confirming the agreement. |
| 5/22/07 3:15 p | Phone call from Complainant's mother, Mrs. Pelnarsh.  Mrs. Pelnarsh informed staff that Complainant is in jail and has been in for 1 week with a total sentence of 90 days.  Mrs. Pelnarsh informed staff to phone 815-210-5305 at 1:10 pm on Wednesday, May 23, 2007 in order to 3 way speak with Complainant. |
| 5/24/07  9:28 a | Staff phoned Complainant's attorney, L. Steven Platt in reference to Platt's statement that he is withdrawing himself as Complainant's attorney.  Staff left a voice message for Platt to return the call. |
| 5/25/07  10:09 a | Staff phoned Complainant's attorney L. Steven Platt.  Staff spoke to attorney Platt's assistant, Terra Motley.  Motley informed staff that attorney Platt is awaiting for Complainant to sign his release document. Motley stated that attorney Platt was unaware that Complainant is in jail and that she (Motley) would phone Complainant's mother, Mrs. Pelnarsh to arrange to have the document signed. |
| 6/6/07  9:07 a | Staff phoned L. Steven Platt (Complainant's attorney).  Platt stated that he is no longer representing Complainant and that he would fax a letter to Staff's attention today. |
| 8/22/07 | Complainant stated that wishes to withdraw her charge from IDHR and that she wishes to receive a Right To Sue Letter from the EEOC. |

## RECORD OF CASE CHRONOLOGY

CHARGE NUMBER  07CF0652          INVESTIGATOR  C. SILMON

COMPLAINANT  Jeanie Pelnarsh          RESPONDENT  RR Donnelly & Sons


| DATE & TIME \| | CONTACT |
| --- | --- |
| 2/15/07  3:40 p | Staff phoned Complainant at 815-539-7095 the automated telephone operator indicated that the telephone number is disconnected. |
| 2/15/07  3:40 p | Staff phoned Complainant's contact person, Patricia Pelnarsh at 815-743-5913.  Complainant's contact person's telephone number rang but no answering machine picked up. |
| 2/15/07  3:45 p | Staff phoned Complainant's second contact person, David Pelnarsh at 815-867-7173.  David Pelnarsh's voice message answered.  Staff left a voice message indicating for David to have Complainant call staff. |
| 2/15/07  3:50  p | Staff phoned Respondent's attorney, Sara Kagay at 312-609-7538.  Kagay stated that she will check with her client regarding the FFC for 4/12/07 @ 11 a.m. |
| 2/15/07 | #1 Contact Me Immediately letter mailed to Complainant and both contacts today.   Complainant's contact me immediately letter indicated 2/26/07 as the date for Complainant to contact staff. |
| 2/21/07  1:30 p | Complainant phoned staff and confirmed that she will report to the Department on 3/6/07 @ 11 a.m. to complete the CPI.  Complainant stated that she will attend the FFC on 4/12/07 @ 11 a.m. |
| 3/5/07    3:00 p | Staff left Respondent's attorney a voice message to return staff's phone call in reference to the FFC (confirmation) for 4/12/07 @ 11 a.m. |
| 3/6/07  11:00 a | CPI completed. |
| 3/6/07   1:30 p | Phone call from Respondent's attorney, Sara Kagay.  Kagay stated that Respondent and herself will attend the FFC on 4/12/07 at 11 a.m.  In attendance for Respondent will be Joe Carlberg, Prelim Manager, Scott Harbison, Prelim Supervisor and Mark Ragel, Maintenance Supervisor. |
| 3/7/07 | FFC Packet mailed to Complainant and Respondent today (along with RFI to Respondent). |
| 3/21/07 | Witness Contact (#27) Letters mailed to:  (1) Michael Bokus, (2) Julie Lieberman, (3) Laura Kinkade, (4) Jessica Meister today. |

**FACT FINDING CONFERENCE ATTENDANCE RECORD**

CHARGE NUMBER_2006CF0652_____    CONFERENCE DATE___04/12/07_____

COMPLAINANT:__JEANIE PELNARSH___    RESPONDENT__RR Donnelly & Sons Company

CONFERENCE TIME___11:00 am_____    INVESTIGATOR____C. SILMON_____

**Please Print**

ATTENDING FOR COMPLAINANT

Name _Jeanie Pelnarsh_

Title _____

Business Address _____

_____

Telephone No. (   )
_815-210-1905_

EEO: _____

Name _____

Title _____

Business Address _____

_____

Telephone Number (   )

EEO: _____

ATTENDING FOR RESPONDENT
continued:

Name _Diane Bielawski_

Title _Vice President, Associate General Counsel_

Business Address _____

_111 South Wacker, Chicago, IL 60606_

EEO: _Female_

ATTENDING FOR RESPONDENT

Name _JOE CARLISLE_

Title _PROJECT MGR_

Business Address _____

_Neenah's Goode_

Telephone No. (630) 322-6138

EEO: _MALE_

Name _Kathleen Tyrrell_

Title _Human Resource Manager_

Business Address _80 N Union_

_Dwight, IL_

Telephone Number (815) 584-4240

EEO: _Female_

Name _Sara Kagay_

Title _Attorney for Respondent_

Business Address _222 W. LaSalle_

_Chicago IL 60601_

EEO: _female_

FF4/CPFORMS
rev. 7/99

# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

March 19, 2007

**VIA MESSENGER**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL  60601

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAR 1 9 2007

      Re:   Jeanie Pelnarsh, Charge No. 2007CF0652

Dear Ms. Silmon:

      It is the position of Respondent R.R. Donnelley & Sons Company ("Donnelley") that the above Charge should be dismissed.

## I.    SUMMARY

      No merit exists to Charging Party's claims of sexual harassment or retaliation. Charging Party was discharged after Donnelley discovered that she charged nearly sixty thousand dollars in personal expenses to her Company credit card, conduct for which she recently has pled guilty and is awaiting sentencing in criminal court. Her discharge had nothing to do with retaliation for a supposed previous complaint. Donnelley has no record of Charging Party ever complaining of sexual harassment. When Charging Party filed this Charge, Donnelley promptly investigated and could find no evidence of harassment. In the course of investigating, however, the Company learned that Charging Party herself had behaved inappropriately by giving a supervisor sexually explicit photographs of herself.

      For these reasons, discussed more fully below, the Charge should be dismissed.

CHICAGO/#1620718.1

VEDDERPRICE

Ms. Cassandra Silmon
March 19, 2007
Page 2

## II.    FACTS

### A.    Background.

#### 1.    The Company.

Donnelley is a worldwide printer of books, catalogs, newspaper inserts and similar printed material. It operates facilities in Pontiac and Mendota, Illinois, among other locations.

#### 2.    Charging Party's Employment.

Donnelley hired Charging Party in November 1999 as a Pressroom Clerk in its Pontiac, Illinois facility. In February 2002, Charging Party was terminated in a workforce reduction, but she was rehired about a month later as a Material Handler. In June 2002, Charging Party was transferred to Manufacturing Support-Production (an administrative assistant position) in the Pontiac Digital Solutions Center ("DSC"), reporting to Site Manager Joseph Carlberg. On October 1, 2005, Charging Party transferred to Donnelley's Mendota facility as a Customer Service Representative. She worked in Mendota until January 30, 2006, when she was discharged for gross misconduct, as detailed below.

#### 3.    Charging Party's Illegal and Wrongful Misuse of the Company Procurement Card.

In 2004, while Charging Party was still working in Pontiac, she was issued a Company credit card (a "procurement card" or "P-card") to make business purchases of supplies and equipment for the DSC. Donnelley is billed directly for P-card purchases and makes payments directly to the card issuer. Donnelley's P-card policy strictly forbids use of the P-card for personal purchases. (Attachment A). At the time she received the P-card, Charging Party acknowledged that it was not to be used for personal purchases and that it must be returned to the Company if she changed departments. Charging Party further acknowledged that misuse of the card could result in disciplinary action, up to and including separation of employment. (Attachment B).

In November and December 2005, after Charging Party transferred to Donnelley's Mendota facility and through regular P-card audits, the Company discovered a number of unusual purchases on Charging Party's P-card account. Many of the purchases appeared to be for personal items or expenses. The Company conducted a comprehensive audit of Charging Party's purchases, ultimately learning that Charging Party had charged $57,625.26 in personal expenses to her Company P-card over a period of many months. (*See* Attachment C). Charging Party's abuse of the card was blatant. For example, Charging Party paid for her

VEDDERPRICE

Ms. Cassandra Silmon
March 19, 2007
Page 3

daughter's braces with her Company P-card as well as new carpeting for her home, her divorce lawyer's legal fees, a pink furry headboard for her bed, many items of clothing, and an Ipod.

On or about January 30, 2006, Donnelley discharged Charging Party for gross misconduct relating to the misuse of her Company P-card. Charging Party was subsequently indicted on charges of theft in Case No 06-CF-97 in the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County Illinois Associate Criminal Division. (Attachment D). In February 2007, Charging Party pled guilty to theft, a Class 2 felony. She is awaiting sentencing.

4.    <u>Charging Party Never Complained of Sexual Harassment and She Experienced None.</u>

Charging Party received and was trained on Donnelley's sexual harassment policy in February 2002 and received additional training in December 2004. (Attachment E). Donnelley's policy strongly prohibits harassing conduct and provides that employees should complain of alleged harassment to their immediate supervisor, manager, Human Resources Manager, any level of management, or a corporate hotline. (Attachment F).

Despite her receipt of and training on Donnelley's policy, Donnelley has no record of Charging Party ever making a sexual harassment complaint even though she now makes the preposterous claim that it occurred over seven years (Charge ¶ I.B.2). Once, in approximately 2004, Charging Party told Jon Ransom, Shift Supervisor, that Tim Lewis, Pressroom Supervisor, had made a comment apparently related to Charging Party "crawling under a desk" without more, but did not characterize it as sexual harassment. Regardless of the ambiguity, Ransom contacted Human Resources, who promptly investigated by speaking with Lewis. Lewis reported that he and another employee found an earring while taking apart a desk. Because the desk was located in Charging Party's work area, Lewis commented, "Maybe it [the earring] is Jean's, it was found under the desk."

Charging Party never complained about any of the remaining incidents she now alleges in her Charge. However, after Donnelley received notice of her Charge in October 2006, the Company conducted an investigation. The investigation failed to substantiate any of her claims, but during the course of it the Company discovered that in 2000 or 2001 Charging Party had attempted to start a sexual relationship with Pressroom Supervisor Norm Abels and, in the course of her unsuccessful efforts, had given him eleven sexually explicit pictures of herself. (The pictures are available for review). Embarrassed, Abels put the pictures away and did not report the incident to Human Resources until the investigation into the Charge allegations.

VEDDERPRICE

Ms. Cassandra Silmon
March 19, 2007
Page 4

### III.    **POSITION**

Not an iota of fact supports Charging Party's claims.  She embezzled thousands of dollars from her employer.  It was neither retaliatory nor surprising that Donnelley discharged her after learning that she had stolen nearly sixty thousand dollars.  Charging Party has now pled guilty to a Class 2 felony in relation to this theft.  Her claim of retaliation is an apparent attempt to deflect attention from it.

Further, Donnelley has no record of Charging Party complaining of sexual harassment in 2005 or any other year.  When it investigated the allegations it found no evidence that she was harassed during her employment.  To the contrary, Charging Party was the perpetrator of harassment; she gave a supervisor unsolicited sexually explicit photographs of herself.

Based on these facts, the Charge should be summarily dismissed.

Very truly yours,

Sara J. Kagay

/SJK
Attachments



Submitted by
Laith D Mirza/US/DNY
on 05/09/2002 at 03:58 PM

| | Category | Review Cycle | Public |
|---|---|---|---|
| | Policy & Procedure | Set Up Review Cycle | |

**5. Procuring with the Procurement Card**

---

**RR Donnelley**

**Global Strategic Sourcing**

**Policy: Procuring with the Procurement Card**

---

**Chapter 5**

## Procuring with the Procurement Card

### POLICY STATEMENT

To outline how RR Donnelley employees should procure with the Procurement Card.

### SCOPE

This policy applies to all RR Donnelley employees who procure goods and services using the Procurement Card as the order transaction method.

### <u>Procurement Card</u>

The Procurement Card is a company credit card that is issued to authorized RR Donnelley employees and is only to be used by the individual that it is assigned. The cardholder receives the Procurement Card with a unique credit card number that enables them to place orders for business related purchases directly with suppliers instead of issuing a requisition and purchase order. The Procurement Card provider pays the supplier directly and bills RR Donnelley on a monthly basis. Each cardholder must maintain records of their purchases to be reconciled on a monthly basis as outlined in this policy and procedure guide.

### 1. Procuring with the Procurement Card

1.2. Purchases may be made via phone, fax, internet or in person.

1.3 At the time of order placement, cardholders must inform the supplier of their Procurement Card account number.

1.4 Individual transactions cannot exceed the Procurement Card limit established at time of application. Transactions should not be split to satisfy the invoice amount. (See Chapter 8 Cardholder Profile Changes should you require a limit increase).

1.5 The cardholder will instruct the supplier on the following:

• Where to deliver the items as well as shipping method and the preferred carrier.
• Whether or not the purchased items are taxable (**if known**).
• To include packing slip or appropriate documentation with the shipped items.
• To identify the package as a Procurement Card item in the PO number field on the packing slip or include the cardholder's name or log number.
• To forward the invoice directly to the cardholder (**Note: Invoices settled with the Procurement Card should NOT be forwarded to Nashville A/P**).

1.6 Should the purchase be declined (See Chapter 7 "Procurement Declines" for resolution).

1.7 Upon completing the order, the cardholder will make an entry in the Standard Procurement Card Log sheet (See Appendix D for copy & Chapter 11 for process)

1.8 All packing slips will be forwarded from the Receiving Department to the individual cardholder.

1.9 The cardholder will verify that items ordered and received match with the packing slip. All cardholders will retain their packing slips for reconciliation purposes (See Chapter11 "Standard Reconciliation Process").

1.10 All individual Procurement Cards are assigned a RR Donnelley default general ledger account number.

1.11 All Procurement Card transactions are allocated to the assigned default general ledger account number. Cardholders who require the need to reallocate or split their transactions must do so using the on-line reconciliation tool, Works Review (See Chapter 3 on how to obtain Works Review access).

## 2. Appropriate uses for the Procurement Card

2.1 **The Procurement Card is for** <u>**RR Donnelley business use only**</u>**. Personal use is strictly forbidden. Intentional misuse or fraudulent abuse will result in disciplinary action, up to and including involuntary termination.**

2.2 Please refer to Appendix C **"Method of Payment Guidelines"** for appropriate
uses of the Procurement Card

2.3 The Procurement Card <u>**Will Not**</u> be used for:

• Personal use.

• Cash advances.

• Purchases charged to an **appropriation**.

• Expenses, which should be, submitted for reimbursement, such as airfare, hotel, car rental, and **all other items** for which an RBE category exists in the RBE system.

File Attachment:

▶ **Setup Review Cycle**

<u>Return to top of document</u>

**CASE CHRONOLOGY**

CHARGE NUMBER _____    INVESTIGATOR _____

COMPLAINANT _____    RESPONDENT _____

| DATE | CONTACT |
|------|---------|
| | (V. worked a Pontiac location wrote charge address for Respondent on an CES submitted to Dept because that is the main office address. |

CHRONO1/CPFORMS 10/00

To whom it my concern

On September 29th, which was my last day in the RR Donnelley Pontiac Division I was asked by Mark Ragel if I would be willing to go out in the parking lot and have sex with him, Since I was leaving and he would never get another chance again. He also said he was going to miss watching and feeling my ass every day.

On this same day, Joe Carlberg said I would regret the day I left him.

Also on this same day Norm Bibb came into my office and said it was a pleasure working with me, and to bad we never got to have sex, but if I was ever back in the neighborhood, to give him a call and we could get together.

If we don't come to some kind of agreement soon, I will proceed with gathering my signatures that I mentioned to you in our previous phone conversation. I am confident that I will have no problems obtaining what I need.

Do explain to their representatives that I am willing to swear under oath that all of my statements are true and real. I would even be willing to take a lie detector test to verify all of my facts.

Are these men willing to do the same.

Thank You for all of your help and prayers.

Sincerely,

Jeanie Pelnarsh

attn: Jeanie Pelnarsh
LaSalle County Correctional Center
707 East Etna Road
Ottawa, Illinois
61350

C

INDICTMENT

F I L E D

IN THE CIRCUIT COURT

MAR - 7 2006

LASALLE, COUNTY, ILLINOIS, AT OTTAWA, ILLINOIS

LA SALLE COUNTY CIRCUIT CLERK
THIRTEENTH JUDICIAL CIRCUIT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) | |
| PLAINTIFF, ) | |
| ) | |
| -VS- ) | NO. 2006-CF-97 |
| JEANIE M. PELNARSH ) | |
| ) | COUNT I |
| DEFENDANT. ) | |

AT LEAST NINE MEMBERS OF THE GRAND JURY HAVING CONCURRED,
THE GRAND JURORS OF LASALLE COUNTY, ILLINOIS, CHARGE THAT:

BETWEEN MARCH 2004 AND FEBRUARY 2006, IN LASALLE COUNTY,
ILLINOIS, JEANIE M. PELNARSH, DEFENDANT, COMMITTED THE OFFENSE OF:
THEFT (CLASS 2 FELONY)

IN THAT THE SAID DEFENDANT KNOWINGLY OBTAINED, BY DECEPTION,

CONTROL OVER PROPERTY OF RR DONNELLEY, BEING UNITED STATES

CURRENCY, HAVING A TOTAL VALUE IN EXCESS OF $10,000 BUT NOT IN

EXCESS OF $100,000, IN THAT SHE, WHILE NOT BEING AUTHORIZED TO MAKE

SUCH PURCHASES, MADE NUMEROUS UNAUTHORIZED PURCHASES WITH AN RR

DONNELLEY CREDIT CARD AND FALSIFIED RECORDS AT RR DONNELLEY TO HIDE

SAID PURCHASES,

IN VIOLATION OF SECTION 5/16-1(a)(2)(A), CHAPTER 720, ILLINOIS
COMPILED STATUTES.
A TRUE BILL.

DATE: 3 | 7 | 06

FOREMAN, GRAND JURY

NAMES OF WITNESSES UPON WHOSE EVIDENCE THIS INDICTMENT WAS FOUND:

MENDOTA POLICE DEPARTMENT
SGT. GREG KELLEN

JOSEPH P. HETTEL, STATE'S ATTORNEY
LASALLE COUNTY GOVERNMENTAL COMPLEX
707 ETNA ROAD, Room 251
OTTAWA, IL 61350
TELEPHONE NO.: (815) 434-8340

## ACKNOWLEDGEMENT OF RESPONSIBILITIES
### UNDER R.R. DONNELLEY'S SEXUAL HARASSMENT POLICY

As an employee of R.R. Donnelley, I have reviewed the Company's Sexual Harassment Policy on-line. I have read and familiarized myself with the contents and I understand my responsibility for adhering to this policy. I agree to abide by the Company's rules and procedures as outlined in the policy. I understand that it is against Company policy for me to be penalized in any way for reporting conduct that I reasonably believe is prohibited by this policy.

I have also participated in the Sexual Harassment Awareness Training Course on-line. I have been advised to sign one copy of this statement and send it to my Human Resources department, to be kept in my personnel file, and keep one copy for myself.

2/8/02
Date

_Jean M Eden_
Signature

_Jean Mc Eden_
Name [Print]

_Pontiac, Il_
Location

I attended and participated in RR Donnelley's Employee Sexual Harassment Prevention Training conducted by Perkins Coie LLP during the week of December 6, 2004.

*Jeanie Pelnarsh .*

**Print Name**

*07402*

**Employee I.D. Number**

*Jeanie M Pelnarsh*        *12/10/04*

**Signature**                **Date**

**F**

**RR DONNELLEY**

**Company Policy**

| | | | |
|---|---|---|---|
| Title: | **Harassment** | Policy No.: | **HR- 5-2** |
| Department: | Human Resources | Supersedes: | |
| Date: | July 1, 2004 revised | | |
| Authorization: | Senior Vice President, Human Resources | | |

**Purpose:**
To allow employees to work in an environment free from any form of unlawful harassment, including sexual harassment.

**Applicability:**
This policy applies to all domestic RR Donnelley locations, departments, divisions and wholly owned, majority owned, or controlled subsidiaries.

**Policy:**
It is and has been the policy of RR Donnelley to maintain a work environment free of unlawful discrimination for all employees. The Company will not tolerate or condone any verbal or physical conduct by any employee that harasses, disrupts, or interferes with another's work performance or that creates an intimidating, offensive or hostile environment. Any such conduct directed at an individual because of his/her race, sex, national origin, religion, perceived or actual disability, perceived or actual sexual orientation, pregnancy, age or military status is strictly prohibited.

**Procedures:**
1. Any employee who believes that he/she has been subjected to harassment in any form should promptly report the situation to his/her immediate supervisor, manager, Human Resources Manager, or any level of management. If the offending party is the employee's immediate supervisor, the employee should contact the local Human Resources Manager, Corporate Employee Relations, or the Ethics Hotline toll free at 800-348-1233.
2. An immediate investigation of the complaint will be conducted. To the extent allowed by law, complaints will be kept confidential and will be disclosed only as necessary to investigate and act on information. The individual against whom a charge of harassment is made will be informed of the complaint and given an opportunity to respond. It will be required that all parties maintain strict confidentiality and fully cooperate with the investigation. After the investigation is completed, the appropriate employees will be advised of the overall results. If it is determined that harassment has occurred, the Company will take the appropriate necessary action that may include counseling, reprimand, demotion, or separation of the offender.
3. For purposes of this policy, sexual harassment will be defined as follows: unwelcome or unwanted conduct of a sexual nature (verbal or physical) that is used as a factor in decisions affecting hiring, evaluation, promotion, or other aspects of employment. The

Please note: The policies online are the most up to date. If you have a printed copy, the HR Policy is not guaranteed to be current. Please refer to the intranet "insideRRD" or HR Xpress or contact your HR department for current policy information.

definition also includes harassing behavior that interferes with an individuals' employment by creating an intimidating, hostile or offensive work environment.

4. Sexually harassing behavior may include physical, verbal and nonverbal behavior. Examples of inappropriate sexual behavior include, but are not limited to:

A. Sexual advances
B. Inappropriate touching or other physical contact
C. Demands for sexual favors in exchange for promotion, retention, or tangible employment actions.
D. An employment decision made because of an individual's compliance with or failure to comply with sexual demands.
E. Repeated sexual jokes, flirtations, advances, or propositions, or discussions of sexual activity (Whether in conversation or through electronic or other means).
F. Abuse of a sexual nature or suggestive, insulting obscene comments or gestures.
G. Display of sexually suggestive objects or pictures.

These and similar behaviors are unacceptable in the workplace itself and in other work-related settings such as business trips and business-related social events, whether or not Company sponsored. The procedure for the complaint process is the same as described above.

5. It is a violation of this policy to retaliate against anyone that complains about inappropriate behavior or participates in an investigation, even if sufficient evidence is not found to substantiate the complaint. Complaints of retaliation should be directed to the local Human Resources Department, Corporate Employee Relations, or the Ethics Hotline toll free at 800-348-1233.

**References:**
1. HR Policy 4-2: Open Door
2. HR Policy 5-1: Equal Employment Opportunity/Affirmative Action
3. HR Policy 4-7: Rules of Conduct
4. HR Policy 4-14: Positive Counseling

Please note: The policies online are the most up to date. If you have a printed copy, the HR Policy is not guaranteed to be current. Please refer to the intranet "insideRRD" or HR Xpress or contact your HR department for current policy information.

Page 2 of 2

# VEDDER PRICE

SARA J. KAGAY
312-609-7538
skagay@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

March 19, 2007

**VIA MESSENGER**

Ms. Cassandra Silmon
Illinois Department of Human Rights
100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, IL 60601

      Re:   <u>Jeanie Pelnarsh, Charge No. 2007CF0652</u>

Dear Ms. Silmon:

      I am writing in response to your letter requesting additional information from Respondent R.R. Donnelley & Sons Company ("Donnelley") in the above case.

      Contact information for Jessica Meister, Laura Kinkade, Julie Lieberman and Mike Bokus is attached. Jeff Melvin, Marcia Hicks and Colleen Martin remain employed by Donnelley in management positions. If you wish to interview any of them, please let me know and we will attempt to arrange it. Donnelley was unable to locate any information regarding Jackie Gibson, Roxanne Blair or Tonya Jones.

      In addition, enclosed are Donnelley's position statement and questionnaire responses.

      Very truly yours,

      Sara J. Kagay

/SJK
Enclosures

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAR 19 2007

DEPT. OF HUMAN RIGHTS
SWITCHROARD

MAP

CHICAGO/#1620388.1

## RESPONSE TO QUESTIONNAIRE

Charging Party:    Jeanie Pelnarsh
Respondent:    R.R. Donnelley & Sons Company
Charge Number:    2007CF0652

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
MAR 1 9 2007

1.    R.R. Donnelley & Sons Company ("Donnelley")
    1600 N. Main Street
    Pontiac, Illinois 61764

    Printer of books, catalogs, newspaper inserts and similar material.

2.    Richard H. Schnadig
    Sara J. Kagay
    Attorneys for Respondent
    Vedder, Price, Kaufman & Kammholz, P.C.
    222 North LaSalle Street, Suite 2600
    Chicago, Illinois 60601-1003
    312-609-7500

3.    Donnelley will provide the EEO report for its Pontiac facility shortly.

4.    *See* position statement and attachments.

5.    *See* position statement and attachments.

B6.    *See* position statement Exhibit F.

B7.    Harassment complaints are typically investigated by a Human Resource Manager at the relevant facility. Kathleen Tyrrell, Human Resource Manager at Donnelley's Pontiac, Illinois facility, investigated Charging Party's Charge allegations of harassment. *See* position statement.

B8.    *See* position statement.

B9.    Donnelley has no record of any harassment complaint against any individual named by Charging Party in her Charge.

B10.    No Pontiac employees have been disciplined for sexual harassment as alleged by Charging Party.

A6.    Donnelley has no specific discharge policy.

A7.    *See* position statement and attachments.

A8.    No other Pontiac Digital Solutions Center ("DSC") employees were terminated in the 12 months prior to Charging Party's termination

- 1 -

A9.    *See* A8.

A10.    To Donnelley's knowledge, no other employee engaged in conduct similar to Charging Party's during the 12 months prior to her termination.

A11.    Charging Party was not directly replaced.

A12.    N/A

A13.    N/A

A14.    N/A

A15.    N/A

ZZ1.    *See* position statement and attachments.

ZZ2.    No other DSC employee at the Pontiac facility complained of sexual harassment during the 12 months preceding Charging Party's discharge.

- 2 -



ILLINOIS DEPARTMENT OF

# Human Rights

COMMEMORATING 25 YEARS OF SERVICE

ROD BLAGOJEVICH, GOVERNOR
ROCCO CLAPS, DIRECTOR

March 7, 2007

Complainant

Jeanie Pelnarsh
1105 6th Street
Mendota, IL 61342

Respondent

Joe Carlberg, Prelim Manager
Scott Harbison, Prelim Supervisor
Mark Ragel, Maintenance Supervisor
C/o Sara Kagay, Attorney
Vedder Price
222 N. LaSalle Street
Chicago, IL 60601

Charge Number: 2007CF0652
Complainant:    Jeanie Pelnarsh
Respondent:    R.R. Donnelly

## NOTICE OF FACT FINDING CONFERENCE

The persons named above are hereby required to appear and participate in a Fact-Finding Conference scheduled for April 12, 2007 - at 11:00 a.m. to be held at Department of Human Rights, 100 West Randolph Street, and 10th floor, Chicago. Said conference will be conducted by the Department representative whose name and telephone number appear at the bottom of this notice.

The Fact-Finding Conference is an investigative forum intended to define the issues, determine which facts are undisputed, obtain evidence and ascertain whether there is a basis for a negotiated settlement of the charge. An attorney or other representative (or a friend or relative) may accompany you to the conference. However, you may not send a substitute for yourself. If you bring persons whose presence has not been requested without first receiving express permission to do so from the Department representative, those persons will be heard only at the discretion of the Department representative.

**RESPONDENT'S FAILURE TO ATTEND THE FACT FINDING CONFERENCE AS SCHEDULED MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>. RESPONDENTS WHO APPEAR AT THE CONFERENCE EXCLUSIVELY THROUGH AN ATTORNEY OR OTHER REPRESENTATIVE UNFAMILIAR WITH THE EVENTS AT ISSUE SHALL BE DEEMED TO HAVE FAILED TO ATTEND AND MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>.** If Respondent's representatives who are named in the fact finding notice no longer work for Respondent, or are not available, please contact the investigator immediately.

Charge No.: 2007CF065_
Notice of Fact Finding Conference
Page 2

**COMPLAINANT'S FAILURE TO ATTEND THE CONFERENCE MAY RESULT IN <u>DISMISSAL</u> OF THE CHARGE.**

If a Questionnaire or Request for Further Information is enclosed with this notice, you are requested to complete and return it to the Department representative by <u>NA</u>. You may submit complete written statement of your position including a proposal for settlement. Any evidence or statements you provide will be made a part of the file and will be considered by the Department in its investigation, but settlement discussions will not be used as evidence without the written consent of the parties.

<u>You must provide all relevant evidence which is available to you, and you must tell the Department representative named below of any other material or witnesses you deem relevant at your earliest opportunity, but no later than at the fact finding conference on the date indicated above.</u>

**RESPONDENT'S FAILURE TO SUBMIT RELEVANT EVIDENCE MAY BE CONSTRUED AGAINST RESPONDENT AND RESULT IN A FINDING OF SUBSTANTIAL EVIDENCE.**

**COMPLAINANT'S FAILURE TO SUBMIT RELEVANT EVIDENCE AND INFORMATION MAY RESULT IN A FINDING OF LACK OF SUBSTANTIAL EVIDENCE OR DISMISSAL OF THE CHARGE FOR FAILURE TO COOPERATE.**

The Department strongly encourages the settlement of charges prior to or during the Fact Finding Conference. If you would like to discuss the possibility of a settlement, please contact the investigator named below.

Persons with disabilities who need accommodation to participate in Department of Human Rights programs should request such help from the Americans with Disabilities Act Coordinator, by calling (312) 814-2412, (312) 263-1579 (TDD) or writing to her at 100 West Randolph, Suite 10-100, Chicago, Illinois 60601.

**Please Note: Building security procedures require that any person requesting access to the offices at 100 West Randolph present proper photo identification.**

Cassandra Silmon
INVESTIGATOR

312-814-6220
TELEPHONE

FF1CPR/CPFORMS



ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

March 7, 2007

R.R. Donnelly
c/o Attorney Sara Kagay
Vedder Price
222 N. LaSalle Street
Chicago, IL  60601

RE:     Charge Number –     2007CF0652
        Complainant –       Jeanie Pelnarsh
        Respondent –        R.R. Donnelly

Dear Respondent:

The Illinois Department of Human Rights requests that you provide the Department with the
following information and/or documentation by March 19, 2007:

- Provide last known contact information, addresses and telephone number(s) for the
  following individuals:

    1. Jackie Gibson
    2. Roxanne Blair
    3. Tonya Jones
    4. Jessica Meister
    5. Laura Kinkade
    6. Julie Lieberman
    7. Jeff Melvin
    8. Marsha Hicks
    9. Mike Bokus
    10. Colleen Martin

- Provide responses to Department questionnaire(s)
    1. Harassment (B) – Attached
    2. Discharge (A) – Attached
    3. Retaliation (ZZ) - Attached

Any other information, which you believe may be pertinent to the Department's investigation of
this matter, including documents and names of witnesses, must also be provided by the above
date.

Charge No. 200   0652
-p- 2

Your failure to provide this information by the above date will be construed against you
and will result in a determination being made with the information already on hand.
Your cooperation is appreciated.

Sincerely,

*Cassandra Silmon*

Human Rights Investigator
Charge Processing Division
(312) 814-6220

FF7LTR

# *Complainant*

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

**VOLUNTARY WITHDRAWAL REQUEST FORM**

RESPONDENT:          RR Donnelley

COMPLAINANT:        Jeanie Pelnarsh

I hereby request to withdraw my charge filed against the above named Respondent with the

Illinois Department of Human Rights (2007CF0652). Withdrawal is being made of my own free

will, without pressure from any organization or individual.


If I am withdrawing this charge because I have reached a settlement with the Respondent, which

has not been approved by both the Department and the Human Rights Commission, those

agencies cannot enforce that settlement.

*Jeanie M Pelnarsh*
Signature
*8-22-07*
Date

#6
02/01



ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

August 22, 2007

Equal Employment Opportunity Commission
500 West Madison
28th Floor
Chicago, IL   60605

ATTN:  State and Local Coordinator

I am withdrawing Charge Number __2007CF0652__ from the Illinois Department of Human
Rights and hereby request a Right to Sue Notice from EEOC on the following charge:

EEOC Number:        21BA62692

Complainant:        Jeanie Pelnarsh

Respondent:         RR Donnelley

I understand that once I receive the Right to Sue Notice I will have 90 days to go into Federal
Court.  I further understand that my case with the Department of Human Rights will not be
reopened even if I am unable to get an attorney or file my complaint in court within the 90-day
time frame.

Complainant's Signature _Jeanie M Pelnarsh_

Date _8-22-07._ _____

#6B
04/06

100 West Randolph Street, James R. Thompson Center, Suite 10-100, Chicago, Illinois 60601, 312-814-6200, 312-263-1579 (TDD)

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | | | | |
|---|---|---|---|---|
| Postage | $ | | | |
| Certified Fee | | | Postmark | |
| Return Receipt Fee (Endorsement Required) | | | Here | |
| Restricted Delivery Fee (Endorsement Required) | | | | |
| Total Postage & Fees | $ | | | |

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

7005 2570 0002 1277 4173

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002 — See Reverse for Instructions

7005 2570 0002 1277 4180





ILLINOIS DEPARTMENT OF

# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

July 31, 2007

Jeanie Pelnarsh
1105 6th Street
Mendota, IL 61342

Re:    Charge No.:  2007-CF-0652
       Respondent:  R. R. Donnelley
       Complaint Filing Dates:  09/21/08 through 10/20/08

Dear Complainant:

You have the right to file a complaint with the Human Rights Commission (Commission) if the
Department of Human Rights (DHR) has not completed your case (either by filing a complaint
with the Commission or issuing a notice of dismissal) within 365 days from the date you filed
your PERFECTED signed and notarized charge or within any extension of that time to which
you and the Respondent have agreed in writing.

Your complaint must be filed within 30 days of the expiration 365 days or extension (see above
paragraph).  We have calculated the time as indicated above (see Complaint Filing Dates).
While we have made this calculation with the best of intentions, errors can occur.  The
Commission has ruled that it is your responsibility to count the number of days properly.  If you
file a complaint outside this 30 day period, the Commission may dismiss your complaint.

Once 395 days (or the extended time) have passed, DHR must dismiss your charge with
prejudice without any further right to proceed if you have not filed a complaint with the
Commission. Therefore, you may wish to contact an attorney to decide the best way for you to
handle your case.  If you file a complaint, the form of the complaint must be in accordance with
Section 7A-102(F) of the Human Rights Act.  You must serve a copy of the complaint on DHR,
on the same day that you file the complaint with the Commission.  The Commission will then
schedule a hearing for your case before an Administrative Law Judge.  If you have any questions
about filing a complaint, you should contact the Commission at (312) 814-6268 or 814-6269.

cc:    Sara Kagay, Attorney

HBLTR



STATE OF ILLINOIS
## Department of Human Rights

100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, Illinois 60601

METER #6614



7005 2570 0002 1277 4173

Jeanie Pelnarsh
1105 6th Street
Mendota, IL 61342



STATE OF ILLINOIS
## Department of Human Rights

100 West Randolph Street
James R. Thompson Center
Suite 10-100
Chicago, Illinois 60601

METER #6614



CERTIFIED MAIL

7005 2570 0002 1277 4180

Sara Kagay, Attorney
Vedder Price
222 N. LaSalle Street
Chicago, IL 60601



ILLINOIS DEPARTMENT OF
# Human Rights
COMMEMORATING 25 YEARS OF SERVICE
ROD BLAGOJEVICH, GOVERNOR
ROCCO CLAPS, DIRECTOR

March 7, 2007

<u>Complainant</u>

Jeanie Pelnarsh
1105 6th Street
Mendota, IL  61342

<u>Respondent</u>

Joe Carlberg, Prelim Manager
Scott Harbison, Prelim Supervisor
Mark Ragel, Maintenance Supervisor
C/o Sara Kagay, Attorney
Vedder Price
222 N. LaSalle Street
Chicago, IL  60601

Charge Number:  2007CF0652
Complainant:    Jeanie Pelnarsh
Respondent:     R.R. Donnelly

### NOTICE OF FACT FINDING CONFERENCE

The persons named above are hereby required to appear and participate in a Fact-Finding Conference scheduled for <u>April 12, 2007 -</u> at <u>11:00 a.m.</u> to be held at <u>Department of Human Rights, 100 West Randolph Street, and 10th floor, Chicago.</u>  Said conference will be conducted by the Department representative whose name and telephone number appear at the bottom of this notice.

The Fact-Finding Conference is an investigative forum intended to define the issues, determine which facts are undisputed, obtain evidence and ascertain whether there is a basis for a negotiated settlement of the charge.  An attorney or other representative (or a friend or relative) may accompany you to the conference.  However, you may not send a substitute for yourself.  If you bring persons whose presence has not been requested without first receiving express permission to do so from the Department representative, those persons will be heard only at the discretion of the Department representative.

**RESPONDENT'S FAILURE TO ATTEND THE FACT FINDING CONFERENCE AS SCHEDULED MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>. RESPONDENTS WHO APPEAR AT THE CONFERENCE EXCLUSIVELY THROUGH AN ATTORNEY OR OTHER REPRESENTATIVE UNFAMILIAR WITH THE EVENTS AT ISSUE SHALL BE DEEMED TO HAVE FAILED TO ATTEND AND MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>.**  If Respondent's representatives who are named in the fact finding notice no longer work for Respondent, or are not available, please contact the investigator immediately.

Charge No.: 2007CF065∠
Notice of Fact Finding Conference
Page 2

**COMPLAINANT'S FAILURE TO ATTEND THE CONFERENCE MAY RESULT IN <u>DISMISSAL</u> OF THE CHARGE.**

If a Questionnaire or Request for Further Information is enclosed with this notice, you are requested to complete and return it to the Department representative by <u>NA</u>. You may submit complete written statement of your position including a proposal for settlement. Any evidence or statements you provide will be made a part of the file and will be considered by the Department in its investigation, but settlement discussions will not be used as evidence without the written consent of the parties.

<u>You must provide all relevant evidence which is available to you, and you must tell the Department representative named below of any other material or witnesses you deem relevant at your earliest opportunity, but no later than at the fact finding conference on the date indicated above.</u>

**RESPONDENT'S FAILURE TO SUBMIT RELEVANT EVIDENCE MAY BE CONSTRUED AGAINST RESPONDENT AND RESULT IN A FINDING OF SUBSTANTIAL EVIDENCE.**

**COMPLAINANT'S FAILURE TO SUBMIT RELEVANT EVIDENCE AND INFORMATION MAY RESULT IN A FINDING OF LACK OF SUBSTANTIAL EVIDENCE OR DISMISSAL OF THE CHARGE FOR FAILURE TO COOPERATE.**

The Department strongly encourages the settlement of charges prior to or during the Fact Finding Conference. If you would like to discuss the possibility of a settlement, please contact the investigator named below.

Persons with disabilities who need accommodation to participate in Department of Human Rights programs should request such help from the Americans with Disabilities Act Coordinator, by calling (312) 814-2412, (312) 263-1579 (TDD) or writing to her at 100 West Randolph, Suite 10-100, Chicago, Illinois 60601.

**Please Note: Building security procedures require that any person requesting access to the offices at 100 West Randolph present proper photo identification.**

<div align="center">

Cassandra Silmon
INVESTIGATOR

312-814-6220
TELEPHONE

</div>

FF1CPR/CPFORMS

LAW OFFICES

HUGH B. ARNOLD
DANIEL N. KADJAN
JOHN J. TOOMEY
L. STEVEN PLATT
JOHN F. ETZKORN
DONALD D. SCHWARTZ
STEVEN F. McDOWELL

JAMES R. ANDERSON
PAIGE E. ARNOLD
PAUL M. EGAN
DANIEL J. NICKEL
ANTHONY B. SANDERS
ANDREA M. FLAHERTY

# ARNOLD AND KADJAN

19 WEST JACKSON BOULEVARD

## CHICAGO IL

60604-3958

Ⓢ ⬭⬭⬭⬭ 522

June 6, 2007

TELEPHONE (312) 236-0415
FAX # (312) 341-0438

PLEASE REFER TO
OUR FILE NUMBER

JUN 0 7 2007

__312 814 6251__

Ms. Cassandra Silmon
Investigator
Illinois Department of Human Rights
100 W. Randolph, 10th Floor
Chicago, IL 60601


Re:    Pelnarish vs. R.R. Donnelly
       2007 CF 0652

Dear Ms. Silmon:

This will confirm what we have previously told the IDHR and that is that we are no longer representing the complainant in this matter, Ms. Pelnarish.

You are to deal directly with her or with her mother who is handling her affairs currently while she is unavailable.

Thank you.

Very Truly Yours,
ARNOLD and KADJAN

L. Steven Platt

LAW OFFICES
**ARNOLD AND KADJAN**
19 WEST JACKSON BOULEVARD
**CHICAGO IL**
60604-3958



lıllullıulldlluulllull
Ms. Cassandra Silmon
Investigator
Illinois Department of Human Rights
100 W. Randolph, 10th Floor
Chicago, IL 60601

LAW OFFICES

# ARNOLD AND KADJAN

19 WEST JACKSON BOULEVARD

## CHICAGO IL

60604-3958

•• ◄█████► 622

June 6, 2007

HUGH B. ARNOLD
DANIEL N. KADJAN
JOHN J. TOOMEY
L. STEVEN PLATT
JOHN F. ETZKORN
DONALD D. SCHWARTZ
STEVEN F. McDOWELL

JAMES R. ANDERSON
PAIGE E. ARNOLD
PAUL M. EGAN
DANIEL J. NICKEL
ANTHONY B. SANDERS
ANDREA M. FLAHERTY

TELEPHONE (312) 236-0415
FAX # (312) 341-0438

PLEASE REFER TO
OUR FILE NUMBER

**312 814 6251**

Ms. Cassandra Silmon
Investigator
Illinois Department of Human Rights
100 W. Randolph, 10th Floor
Chicago, IL 60601

Re:    Pelnarish vs. R.R. Donnelly
       2007 CF 0652

Dear Ms. Silmon:

This will confirm what we have previously told the IDHR and that is that we are no
longer representing the complainant in this matter, Ms. Pelnarish.

You are to deal directly with her or with her mother who is handling her affairs currently
while she is unavailable.

Thank you.

Very Truly Yours,
ARNOLD and KADJAN

L. Steven Platt

LAW OFFICES

# ARNOLD AND KADJAN

19 WEST JACKSON BOULEVARD

### CHICAGO IL

60604-3958

⊛ ⊂⊂⊃ 522

HUGH B. ARNOLD
DANIEL N. KADJAN
JOHN J. TOOMEY
L. STEVEN PLATT
JOHN F. ETZKORN
DONALD D. SCHWARTZ
STEVEN F. McDOWELL
―――――――――
JAMES R. ANDERSON
PAIGE E. ARNOLD
PAUL M. EGAN
DANIEL J. NICKEL
ANTHONY B. SANDERS
ANDREA M. FLAHERTY

TELEPHONE (312) 236-0415
FAX # (312) 341-0438

PLEASE REFER TO
OUR FILE NUMBER

April 17, 2007

Ms. Cassandra Simon
Investigator
Illinois Department of Human Rights
100 W. Randolph, Suite 10-100
Chicago, IL 60601

Re:    Jeannie Pelnarsh vs. R.R. Donnelley
       2007 CN 0652

Dear Ms. Simon:

Please see enclosed a filed-stamped copy of our appearance in this case.

Ms. Pelnarsh has retained us to represent her in this matter.

Please call when you get a chance.

If you can't reach me at the office, ask for my assistant Tara Motley who can
either find me or relay a message to me, or, if you prefer, you may reach me on
my cell phone which is 312 388 1613.

Thank you.

Very Truly Yours,
ARNOLD and KADJAN

L. Steven Platt

LAW OFFICES
## ARNOLD AND KADJAN
19 WEST JACKSON BOULEVARD
### CHICAGO IL
60604-3958



DEPT. OF HUMAN RIGHTS
CASE DISPOSITION UNIT

APR 1 7 2007

RECEIVED

BY_____

||I||I||II||II||II|II|II||I||II||I||II||

Ms. Cassandra Simon
Investigator
Illinois Department of Human Rights
100 W. Randolph, Suite 10-100
Chicago, IL 60601



Jean Eden                    815-844-1471    D13 pg 5 of 8

## RR Donnelley Procurement Card
### EMPLOYEE ACKNOWLEDGEMENT FORM



### Cardholder

1. You are being entrusted with a valuable tool- a corporate charge card- and will be making financial commitments on behalf of the company. You understand the company is liable to GE Card Services for all charges made on the Procurement Card.

2. You must use the Procurement Card for approved purchases only and must not charge personal purchases. The company will audit the use of the Procurement Card and report and take appropriate action on any discrepancies.

3. You must follow the policy and procedures established by the company for the use of the Corporate Procurement Card. Failure to do so may result in either revocation of your use privileges or other disciplinary action, up to and including, separation.

4. You have been given a copy of the Procurement Policy and Procedure guide. You are required to read and understand the requirements for the Card's use.

5. You must return the Procurement Card immediately upon request or upon termination of employment (including retirement). Should there be any organizational change, which causes your department to change, you must return the Card and arrange for a new one, if appropriate.

6. The Procurement Card is not transferable between RR Donnelley employees. It is the responsibility of the Cardholder to refrain from allowing other employees to take physical possession of the Procurement Card.

7. If the Procurement Card is lost or stolen, you must notify Procurement Card Administrator and GE (800) 274 - 7378 immediately.

8. The company may change these terms and conditions or its policy and procedures concerning the use of the Procurement Card and you must comply with those changes.

### Manager

1. I have read the Procurement Card Policy and Procedures Guide and understand my roles and responsibilities.

I, _____, hereby acknowledge that I have read and understand the above terms and conditions

_____                    07402
Employee Signature/Date                      Employee Number

1600 N. _____ IL 61764          _____
Business Address                             Department

_____                    _____
Department Manager Signature/Date            Procurement Card/Entity Administrator

                                            _____ 3/28/04
                                            Procurement Card Administrator/Date

## ACKNOWLEDGEMENT OF RESPONSIBILITIES
### UNDER R.R. DONNELLEY'S SEXUAL HARASSMENT POLICY

As an employee of R.R. Donnelley, I have reviewed the Company's Sexual Harassment Policy on-line. I have read and familiarized myself with the contents and I understand my responsibility for adhering to this policy. I agree to abide by the Company's rules and procedures as outlined in the policy. I understand that it is against Company policy for me to be penalized in any way for reporting conduct that I reasonably believe is prohibited by this policy.

I have also participated in the Sexual Harassment Awareness Training Course on-line. I have been advised to sign one copy of this statement and send it to my Human Resources department, to be kept in my personnel file, and keep one copy for myself.

2/8/02
Date

*Jean M Eden*
Signature

*Jean Mc Eden*
Name [Print]

*Pontiac, IL*
Location

I attended and participated in RR Donnelley's Employee Sexual
Harassment Prevention Training conducted by Perkins Coie LLP
during the week of December 6, 2004.

*Jeanie Pelnarsh*

**Print Name**

*07402*

**Employee I.D. Number**

*Jeanie M Pelnarsh*        *12/10/04*

**Signature**                    **Date**



ILLINOIS DEPARTMENT OF

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

February 15, 2007


Jeanie Pelnarsh
1105 6th Street
Mendota, IL  61342

RE:   Charge No.:   2007CF0652
        Respondent:  R.R. Donnelly & Sons Company

Dear Ms. Pelnarsh:

The above charge, which you have filed with this Department, has been assigned to me for
investigation.  It is imperative that you contact me immediately in order that we may complete an
investigative interview and prepare for the fact-finding conference.  Once you have contacted
me, we will discuss the procedures for the interview, fact-finding conference and your settlement
proposal(s).

Please contact me by February 26, 2007 at (312) 814-6220 between the hours of 9:00 a.m. and
5:00 p.m.  If I am not available, please leave a telephone number where you can be reached
during normal business hours.

As a reminder, please note that pursuant to the Department's Rules and Regulations, you are
required to notify me immediately if your address or telephone number changes.  Failure to do so
could result in the dismissal of your charge for failure to proceed.

Sincerely,

Cassandra Selmon

Human Rights Investigator
Charge Processing Division


cc:    Patricia Pelnarsh
        David Pelnarsh

#1a
04/03

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | | | Postmark Here |
|---|---|---|---|
| Postage | $ | | |
| Certified Fee | | | |
| Return Receipt Fee (Endorsement Required) | | | |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | | |

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, June 2002          See Reverse for Instructions

CHARGE NO: *2007CF0652*

STATE OF ILLINOIS    )
                         ) SS
COUNTY OF COOK    )

**Krystal Rogers,** HAVING BEEN FIRST DULY SWORN, DEPOSES AND STATES THAT SHE DID MAIL A COPY OF THE ATTACHED:

☑    NOTICE OF PERFECTED CHARGE TO *RESPONDENT* BY REGULAR MAIL

☑    EEOC FORM 131-VII

☑    COPY OF CHARGE

☑    365 DAY NOTICE OF PERFECTED CHARGE TO *COMPLAINANT* BY CERTIFIED MAIL

☑    EEOC NOTICE OF CHARGE FILED

☑    COPY OF CHARGE

ON THE <u>19th</u> DAY OF <u>OCTOBER</u> 2006 BY *CERTIFIED MAIL* <u>X</u>

AND BY REGULAR MAIL <u>X</u> FROM THE STATE OF ILLINOIS JAMES

THOMPSON CENTER – 100 WEST RANDOLPH STREET – SUITE 10-100,

CHICAGO, ILLINOIS 60601.

*Krystal I Rogers*
Krystal Rogers, Office Coordinator

SUBCRIBED AND SWORN TO BEFORE

ME THIS <u>19th</u> DAY OF <u>OCTOBER</u> , 2006

NOTARY PUBLIC

"OFFICIAL SEAL"
RAQUEL C. GUERRA
Notary Public, State of Illinois
My Commission Expires 4/12/2008

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>07M0725.17 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2007CF0652 |
|---|---|---|

<div align="center">

**Illinois Department of Human Rights and EEOC**

</div>

| NAME (indicate Mr. Ms. Mrs.)<br>Jeanie Pelnarsh | HOME TELEPHONE (include area code)<br>815-539-7095 | |
|---|---|---|
| STREET ADDRESS<br>1105 6th Street | CITY, STATE AND ZIP CODE<br>Mendota, IL 61342 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

| NAME<br>RR Donnelley | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (Include area code)<br><br>815-844-5181 |
|---|---|---|
| STREET ADDRESS<br>1600 N. Main Street | CITY, STATE AND ZIP CODE<br>Pontiac, IL 61764 | COUNTY<br>Livingston |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>**SEXUAL HARASSMENT     RETALIATION** | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br><br>Through January 31, 2006<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)


I.     A.     **ISSUE/BASIS**

**SEXUAL HARASSMENT – 1999, THROUGH JANUARY 31, 2006**

       B.     **PRIMA FACIE ALLEGATIONS**

              1.     My sex is female.

<div align="right">

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

SEP 2 5 2006

</div>

Continued...

| I also want this charge filed at EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>*Kristine A. Roby*     9-21-06<br>NOTARY SIGNATURE     MONTH DATE YEAR |
|---|---|
| OFFICIAL SEAL<br>KRISTINE A. ROBY<br>NOTARY PUBLIC, STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 8-23-2008<br><br>NOTARY SEAL | X *Jeanie M Pelnarsh*     9-21-06<br>SIGNATURE OF COMPLAINANT     DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant: Jeanie Pelnarsh
Charge Number: 200
Page 2

2.   From November of 1999 through January 31, 2006, several employees at Respondent sexually harassed me.  The sexual harassment consisted of Norm Ables, Pressroom Supervisor, making numerous comments about my breasts and buttocks such as telling me I would not have to work in manufacturing if I showed him my breast; Tim Lewis, Pressroom Supervisor, making derogatory comments about my body and perfume, such as making a comment about me crawling under a desk; Mark Ragel, Maintenance Supervisor, continually grabbing my butt and asking me if we were going to have sex; Stan Lorrance, Maintenance, making comments about my clothing and whistling at me; Ed Gullo, Bindrey Supervisor, saying women are inferior to men and are only on earth to satisfy men's urges; Chad Rosenwinkel, Prelim Supervisor, calling me a typical stupid woman and saying women like me should stay out of the workplace; Scott Harbinson, Prelim Supervisor, making numerous comments about how I should wear tighter clothing, and how I should "show a little tit" to move up in the company; and Joe Carlberg, Prelim Manager, continually trying to dictate who I associated with and what I wore, and harassing me by paging me every hour while I was training for a new division.

3.   Respondent had knowledge of the sexual harassment, because I filed complaints with Human Resources in 1999 and in 2005, and because I continually asked Ragel and Carlberg to stop harassing me.  However, though Respondent has policies against sexual harassment, Respondent never investigated my complaints or disciplined my harassers.

4.   Respondent is strictly liable for the unwelcome sexual conduct of my harassers.

5.   The sexual harassment I endured created a hostile, intimidating, and offensive work environment for me and substantially interfered with my ability to perform my job.

II.  A.  ISSUE/BASIS
         DISCHARGE – JANUARY 30, 2006, IN RETALAITION FOR HAVING
         COMPLAINED ABOUT SEXUAL HARASSMENT

     B.  PRIMA FACIE ALLEGATIONS
         1.  I engaged in a protected in August, 2005, by complaining about the sexual harassment that I had  endured during my employment at Respondent.

Complainant: Jeanie Pelnarsh
Charge Number: 2007CF
Page 3

    2.   My job performance met Respondent's legitimate expectations.  I was hired in 1999.

    3.   On January 30, 2006, I was discharged.  The reason given for the discharge was not following procedure.

    4.   The discharge followed my having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

MFP/JJT/RCG



ILLINOIS DEPARTMENT OF

# ❡Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

Date    October  19,  2006

RR DONNELLEY                    <u>NOTICE OF CHARGE</u>
1600 N MAIN STREET
PONTIAC, IL  61764

Re: Charge No. :  2007CF0652
    Complainant:  PELNARSH JEANIE

Dear Respondent:

The above-named Complainant has filed a charge alleging that you have violated a provision of the Illinois Human Rights Act, Illinois Compiled Statutes 775 ILCS 5/1-101 et. seg.

If you employ fewer than 15 people in Illinois and you do not currently have a public contract, please contact Thomas F. Roeser, Coordinator, Pre-Investigation at (312) 814-6295, for instructions on how to proceed with this charge (unless the enclosed charge alleges handicap discrimination, sexual harassment, retaliation, or discrimination in public accommodation).

The Human Rights ("ACT") requires that the Department shall immediately issue a Notice of Default to any respondent who has not provided the Department with a Verified Response to each of the allegations contained in this charge **within 60 days of the date of receipt of this notice.** The Act states "the Department shall issue a Notice of Default directed to any Respondent who fails to file a Verified Response to a charge within 60 days of receipt of the notice of charge, unless the respondent can demonstrate good cause as to why such a notice should not issue."  The Act further states "all allegations contained in the charge not timely denied by the Respondent shall be deemed admitted, unless the Respondent states that it is without sufficient information to form a belief with respect to such allegation."

An affirmation or denial of each of the allegations is sufficient to satisfy the requirements of the Act.  A sample Verified Response and Certificate of Service is enclosed for your assistance. Please note that the Verified Response to each of the allegations must include a notarized statement that your response is true.  Address the Verified Response to CASE ASSIGNMENT UNIT. You are also required to send a copy of your response to the Complainant or the Complainant's representative, and you must indicate to the Department by a Certificate of Service or other written means that you have done so.

**Page #2**

The Department also requires that you provide within 60 days of the date of receipt of this notice (1) a full response to Questionnaire (if enclosed), and (2) a position statement in response to the charge. In addition please sign, date and return the extension form included with your Verified Response.

When the case is assigned to an investigator, the investigator will schedule a fact finding conference and advise you of the scheduled date. Your failure to attend the fact finding conference upon due notice may be grounds for default. Additional evidence may be requested by the investigator assigned to the charge. Failure to provide pertinent information upon request may be construed against you.

If there is a letter "A", "E" or "F" in the charge number, the charge has also been filed with the federal Equal Employment Opportunity Commission ("EEOC"). On behalf of the EEOC, we have enclosed a NOTICE OF DISCRIMINATION (EEOC FORM 131-A). Please read the notice carefully; it explains EEOC'S involvement with the charge.

The Department strongly encourages the parties to settle this charge as an alternative to investigation. Any settlement is treated confidentially and is not an admission of a violation of the Human Rights Act.

Enclosures

INTAKE/IN-5 No Med
REV. 04/06

## EQUA_ EMPLOYMENT OPPORTUNITY _OMMISSION

| | PERSON FILING CHARGE<br>**PELNARSH JEANIE** |
|---|---|

**PELNARSH JEANIE**

Versus

**RR DONNELLEY**

| | |
|---|---|
| THIS PERSON *(check one)* | ☐ CLAIMS TO BE AGGRIEVED<br>☐ IS FILING ON BEHALF OF ANOTHER |
| DATE OF ALLEGED VIOLATION | *Earliest*            *Most Recent* |
| PLACE OF ALLEGED VIOLATION | |
| EEOC CHARGE NUMBER | 21BA62692 |
| DHR Charge Number | 2007CF0652 |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☒ Title VII of the Civil Rights Act of 1964        ☐ The Americans with Disabilities Act

☐ The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____
(FEP Agency)

☒ The Illinois Department of Human Rights and sent to the EEOC for dual filing purposes.
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your cooperation with the Agency.

☐ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. (d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☒ Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

See Copy of Charge

**CIRCUMSTANCES OF ALLEGED VIOLATION:**

| DATE<br>October 19, 2006 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>John P. Rowe, District Director | SIGNATURE |
|---|---|---|

EEOC form 131-VII (11/02)

## INFORMATION SHEET ON CHARGES OF DISCRIMINATION
## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's Procedural Regulations provides that persons charged with employment discrimination, such as yourself, may submit a statement of position or evidence with respect to the allegations contained in this charge.

EEOC's Recordkeeping and Reporting Requirements are set forth at Title 29, Code of Federal Regulations (CFR), Part 1602 (see particularly Section 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records revelant to a charge of discrimination until disposition of the charge or litigation relating to the charge (for ADEA charges, this notice constitutes the written request set out in Part 1627 for respondents to preserve records relevant to the charge--the records to be retained are as described in Section 1602.14, as cited below, and should be kept for the periods described in that section). Parts 1602, 1620 and 1627 also prescribe record retention periods-- generally, three years for basic payroll records and one year for personnel records. Questions regarding retention periods and the types of records to be retained should be resolved by reference to the regulations.

**Section 1602.14 Preservation of records made or kept.**    ...Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the employer shall preserve all personnel records relevant to the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held by the aggrieved person and the application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of "final disposition of the charge or the action" means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it shall be an unlawful employment practice for an employer to discriminate against any of his/her employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because s/he has opposed any act or practice made unlawful by these statutes, or because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under these statutes. The Equal Pay Act of 1963 contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with any person because s/he has exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.
Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although it is not necessary that you be represented by an attorney while we handle this charge, you have a right and may wish to retain an attorney to represent you. If you are represented by an attorney we request that you provide the Commission with your attorney's name, address, and telephone number, and that you ask your attorney to write to the Commission confirming such representation.

Reverse side of EEOC Form131/131-A

CHARGE NUMBER    2007CF0652    COMPLAINANT    PELNARSH JEANIE

RESPONDENT    RR DONNELLEY

## QUESTIONNAIRE

**NOTE THAT LISTS OR SUMMARIES OF DATA REQUESTED MUST BE SUPPORTED BY COPIES OF UNDERLYING DOCUMENTS WITHOUT EXCEPTION.**

*Where the word "Basis" appears on the attached pages, it refers to the protected group or category of discrimination. For example, if the charge alleges race discrimination, the "basis" of discrimination is "race", and the question asks for the race of the person listed.*

1. State the full legal name and address of Respondent named herein, and describe briefly the type of work carried on by Respondent at this address.

2. State the full legal name, title and telephone number of the individual from whom further information concerning the charge may be obtained.

3. If Respondent employs 100 or more persons, please attach a copy of the most recent EEO report for the location in question.  If not, state the total number of employees at the location and the number of employees within Complainant's position title/job classification.  In addition, state the number of employees within Complainant's protected group(s), holding that position title/job classification as of the date of the alleged violation.

4. In addition to the information requested herein, please provide a written position statement on each of the allegations of the charge.  For each person having direct knowledge of the allegation(s), provide name, title and a phone number where the person may be reached for questions.  You may also include any documentary evidence, affidavits, and other written statements, where appropriate, including any additional information and explanation you deem relevant to the charge.

5. If Complainant was employed at Respondent, provide the following personnel data on Complainant:

a.    Date of hire; and name of person who made hiring decision.

b.    Position(s) in which Complainant was employed. (If more than one, list each, and the relevant dates).

c.    Copies of all other personnel records relevant to the charge, including, but not limited to:

- Work quality evaluations.

- Work samples.

- Attendance records.
- Disciplinary records.

- Any medical records describing Complainant's condition, if applicable.

CHARGE  NUMBER  2007CF0652
Page  2

### On the Issue of Harassment:

B6.    Provide a copy of Respondent's policy regarding harassment, as well as
       the procedures Respondent follows in the investigation of internal
       complaints of harassment.

B7.    For the individual(s) responsible for investigating internal complaints
       of harassment, provide:
       a. Name.
       b. Title.
       c.*Basis:

B8.    State whether Complainant brought to Repondent's attention any
       complaint of harrassment. If yes:
       a. State whether an investigation was conducted.
       b. Provide a copy and the results of Respondent's investigation of
          Complainant's internal complaint of harassment.

B9.    If there have been other complaints of harassment against the individual
       whom Complainant alleges committed harassment, for each employee who
       filled a complaint, provide:
       a.       Name.
       b.       Title.
       c.    *Basis:
       d.       Copies of any reports of findings or results of Respondent's
                investigations.
       e.       A copy of any notice of disciplinary action taken against the
                individual.

B10.   For each employee receiving counseling and/or disciplinary action in
       the twelve month preceding the date of the alleged violation for having
       committed harassment against any of Respondent's employees, provide:
       a.       Name.
       b.       Title.
       c.    *Basis:
       d.       Documentation of disciplinary action.

Harassment    (B)

* For an explanation of "Basis", see note on page one.

CHARGE NUMBER    **2007CF0652**
Page 2

**On the Issue of Discharge:**

A6.   Provide a detailed explanation of discharge procedures including but
      not limited to:
      a.    A copy of Respondent's discharge policy.
      b.    Appeal rights.
      c.    Availability of those procedures to employees.
      d.    Persons in authority to effect a discharge, either by
            final decision or recommendation.
      e.    The extent of union involvement.
      f.    Copies of all applicable collective bargaining agreements
            and company rules.

A7.   If Complainant was discharged, provide:
      a.    A copy of the discharge document.
      b.    Date of discharge.
      c.    Reasons for discharge.
      d.    Statement of whether Complainant made use of any appeal rights.
      e.    A copy of all evaluations or investigation reports relating
            to the discharge.
      f.    For each person recommending Complainant's discharge, provide:
            - Name.
            - Title.
            -*Basis.
      g.    For the person making the final decision to discharge
            Complainant, provide:
            - Name.
            - Title.
            -*Basis.
      h.    For each witness to the events which contributed to the
            discharge, provide:
            - Name.
            - Title.
            -*Basis.
            - A telephone number where each may be reached for questioning.

A8.   For each person discharged by Respondent in the twelve month period
      preceding the date of the alleged violation, provide:
      a.    Name.
      b.    Title.
      c.    *Basis.
      d.    Date of hire.
      e.    Discharge date.
      f.    Reason(s) for discharge.
      g.    Discharge documents.

**\* For an explanation of "Basis", see note on page one.**

CHARGE NUMBER    **2007CF0652**
Page 3

**On the Issue of Discharge:**

A9.    For each employee recommended for discharge by the person(s) who recommended Complainant's discharge during the twelve months preceding the date of the alleged violation, provide:
   a.    Name.
   b.    Title.
   c.    *Basis.
   d.    Date of discharge.
   e.    Reason(s) for discharge.
   f.    If the recommendation for discharge was not carried out, explain.
   g.    Discharge documents.

A10.    For each employee who engaged in conduct similar to that for which Complainant was discharged during the twelve months preceding the alleged violation, provide:
   a.    Name.
   b.    Title.
   c.    *Basis.
   d.    Date of hire.
   e.    Description of conduct.
   f.    Penalty given. (Include a copy of the disciplinary action).
   g.    Prior disciplinary documents.
   h.    Reason(s) for action.

A11.    If Complainant was replaced, provide the following information for the replacement:
   a.    Name.
   b.    Title.
   c.    *Basis.
   d.    A copy of the replacement's application and/or resume.

A12.    If Complainant's job performance was a factor in the Respondent's action, provide:
   a.    Copy of Complainant's job description.
   b.    Explain specifically how Complainant was deficient in meeting the job requirements.
   c.    Explain how, when and under what circumstances Complainant was made aware of those deficiences.
   d.    For the person(s) who measured Complainant's performance, identify by:
       - Name.
       - Title.
       - *Basis.
   e.    Explain the performance standards Complainant was expected to meet.
   f.    Explain how Complainant was deficient in meeting these standards.
   g.    For all employees supervised by the same person(s) who evaluated Complainant's performance for the twelve month period preceding the date of the alleged violation, provide:
       - Name.
       - Title.
       - *Basis.
       - Copies of their evaluations and work samples.

* **For an explanation of "Basis", see note on page one.**

CHARGE NUMBER   **2007CF0652**
Page 4

**On the Issue of Discharge:**

A13.   If Complainant's attendance was a factor in the Respondent's action, respond to the following:

    a.   Explain the standards for satisfactory employee attendance, and define what constitutes an occurence of absence, tardiness, leaving the job early, and failure to make proper notification.

    b.   Explain how Complainant was deficient in meeting attendance standards.

    c.   Explain the system of progressive discipline used relating to attendance.

    d.   Provide copies of attendance records for Complainant's department and for the comparisons named or referred to in Complainant's charge for the twelve month period preceding the alleged date of violation. Include for each:
- Name.
- Title.
-*Basis.

A14.   If low production was a factor in the Respondent's action, respond to the following:

    a.   Submit copies of production records or work samples for the Complainant, other employees in Complainant's department, and for the comparisons named or referred to in · Complainant's charge for the twelve month period preceding the alleged violation. Identify each by:
- Name.
- Title.
-*Basis.

A15.   If Complainant was a probationary employee at the time of discharge, provide the following information for the twelve month period preceding the date of the alleged violation:

    a.   For each probationary employee hired in Complainant's department, provide:
- Name.
- Title.
-*Basis.
- Current employment status with Respondent.

    b.   For each probationary employee discharged from Respondent at the location where Complainant was employed, provide:
- Name.
- Title.
-*Basis.
- Date of hire.
- Date of discharge.
- Reason(s) for the discharge.
- Copies of the discharge documents.

**\* For an explanation of "Basis", see note on page one.**

Discharge   (A)

CHARGE NUMBER    2007CF0652          COMPLAINANT

RESPONDENT

**Regarding the basis of RETALIATION, provide the following information:**

ZZ1.    If, in addition to filing this charge, Complainant has opposed or
protested allegedly discriminatory treatment, provide:
- Date of opposition.
- Manner in which the opposition was made.
- Copies of relevant documents.

ZZ2.    State whether other persons at Respondent have in some manner opposed
or protested allegedly discriminatory treatment. State whether those
person(s) named or referred to in the response to this questionnaire
took any of these actions. For example:
- Have other discrimination charges been filed with any regulatory
agency within the last five years?
- Has anyone at Respondent filed a grievance alleging some type of
discrimination?
- Has anyone at Respondent protested or mentioned an allegation of
discriminatory treatment in meeting with supervisors or managers?
- Provide relevant documents.

Retaliation    (ZZ)

ILLINOIS DEPARTMENT OF
# ◀Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

Date    October  19,  2006

PELNARSH JEANIE
1105 6TH STREET
MENDOTA, IL   61342

**BY CERTIFIED MAIL**

Re: Charge No. :   2007CF0652
    Respondent:    RR DONNELLEY
    Complaint Filing Dates:      *9/21/07  - 10/21/07*        .

Dear Complainant:

You have filed a discrimination charge under the Human Rights Act. Enclosed
is a copy of your charge. A copy of the charge has been served on the
Respondent. KEEP THIS LETTER. HAVE IT WITH YOU IF YOU NEED TO
TELEPHONE OR COME TO THE DEPARTMENT (DHR). If there is an "A",
"E" or "F" in your charge number, we are enclosing an important notice from
the federal Equal Employment Opportunity Commission because your charge
has been automatically filed with that agency as well.

When a fact finding conference is scheduled, you will be advised of the date.
It is your responsibility to cooperate with the Department's investigation and
provide all pertinent information you have concerning the case by the dates
requested.

You have the right to file a complaint with the Human Rights Commission
(Commission) if the Department of Human Rights (DHR) has not completed
your case (either by filing a complaint with the Commission or issuing a
notice of dismissal) within 365 days from the date you filed your
PERFECTED signed and notarized charge or within any extension of that
time to which you and the Respondent have agreed in writing.

Your complaint must be filed within 30 days of the expiration of 365 days or
extension (see above paragraph). We have calculated the time above (see
Complaint Filing Dates). While we have made this calculation with the best of
intentions, errors can occur. The Commission has ruled that it is your
responsibility to count the number of days properly. If you file a complaint
outside this 30 day period, the Commission may dismiss your complaint.

**page #2**

Once 395 days (or the extended time) have passed, DHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint on DHR, on the same day that you file the complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you have any questions about filing a complaint, you should contact the Commission at (312) 814-6268 or 814-6269.

You must advise the investigator of all changes of name, address, or telephone numbers. If you do not do so, DHR may dismiss your case if it cannot locate you. You will be notified when this case is assigned to an investigator.

CC: Respondent

IN-6 No Med ∼
REV. 04/03



**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, Il 60661-2511
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

**IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.**

**IDHR CHARGE NUMBER:** 2007CF0652        PELNARSH  JEANIE

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review the IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of the IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE

ILLINOIS DEPARTMENT OF



# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director



Date: September 15, 2006

PELNARSH JEANIE
1105 6TH STREET
MENDOTA, IL 61342

Charge No:    2007CF0652
Respondent:   RR DONNELLEY

Dear Complainant:

Enclosed please find a formal statement of charge which is based on information the Department has received from you and which has been docketed as an unperfected charge and assigned the above number.  If your charge has the letter "A" or "F" in it, we are also enclosing an important notice from the Federal Equal Employment Opportunity Commission because you have automatically filed your charge with that agency as well.  A copy of your charge has been mailed to Respondent. You must take the following steps for the Department to investigate your situation:

1)    Sign the Original Charge and have a notary public notarized it.

2)    Sign the enclosed consent agreement and release form.

3)    We have enclosed an extension form to extend the time for the Department to investigate your charge.  Please sign, date and return the extension form with the other documents.

4)    Return forms by this due date  9-26-06 .

DO NOT WRITE ON THE CHARGE.  CONTACT ME IMMEDIATELY SO THAT WE MAY DISCUSS ANY ERRORS.

If the signed and notarized charge is not returned by the due date the Department will assume that you do not wish to proceed with this matter and will recommend dismissal of your charge for your failure to proceed.

Sincerely,

Intake Division
(312) 814-6207

IN-8/IDHR
04/06

100 West Randolph Street, James R. Thompson Center, Suite 10-100, Chicago, Illinois 60601, 312-814-6200, 312-263-1579 (TDD)

ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

Date: September 15, 2006

HUMAN RESOURCE DIRECTOR
RR DONNELLEY
1600 N MAIN STREET
PONTIAC, IL 61764

Charge No:    2007CF0652
Complainant:  PELNARSH  JEANIE

Dear Respondent:

The above named Complainant has filed a charge alleging that you have violated provisions of the Illinois Human Rights Act, Illinois Compiled Statutes 775 ILCS 5/1-101 et seq.

**The Department has docketed this charge as an unperfected charge pursuant to its Rules and Regulations.   Therefore, no reply is requested at this time.   No investigation will be conducted unless the charge is perfected (signed and notarized).**

Should you have any questions, please contact me at (312) 814-6216.

Sincerely,

Raquel C. Guerra
Program Administrator
Intake Unit

IN-7/IDHR



**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 28(
Chicago, Il 60661-25
PH: (312) 353-27
TDD: (312) 353-24:
ENFORCEMENT FAX: (312) 886-11(
LEGAL FAX: (312) 353-85:

**IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS
NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE.
THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.**

**IDHR CHARGE NUMBER:   2007CF0652      PELNARSH  JEANIE**

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human
Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the
U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for
filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final
findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are
entitled to request that EEOC review the IDHR's investigation and findings. To obtain this
review, you must request it by writing to this office within 15 days of your receipt of the
IDHR's final findings of your case. If we do not receive such a request for a review, EEOC
will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of
any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE
DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN
APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | PERSON FILING CHARGE |
|---|---|
| **PELNARSH JEANIE**<br><br>Versus<br><br>**RR DONNELLEY** | **PELNARSH JEANIE** |

| PERSON FILING CHARGE |
|---|
| PELNARSH JEANIE |

| THIS PERSON *(check one)* |
|---|
| ☐ CLAIMS TO BE AGGRIEVED |
| ☐ IS FILING ON BEHALF OF ANOTHER |

| DATE OF ALLEGED VIOLATION |
|---|
| *Earliest*        *Most Recent* |

| PLACE OF ALLEGED VIOLATION |
|---|
| |

| EEOC CHARGE NUMBER |
|---|
| |

| DHR Charge Number |
|---|
| 2007CF0652 |

### NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act of 1964        ☐ The Americans with Disabilities Act

☐ The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____
(FEP Agency)

[X] The <u>Illinois Department of Human Rights</u> and sent to the EEOC for dual filing purposes.
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your cooperation with the Agency.

☐ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. (d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X] Enclosure: Copy of Charge

### BASIS OF DISCRIMINATION
See Copy of Charge

### CIRCUMSTANCES OF ALLEGED VIOLATION:

| DATE<br>September 15, 2006 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>John P. Rowe, District Director | SIGNATURE |
|---|---|---|

EEOC form 131-VII (11/02)

## INFORMA1 ƆN SHEET ON CHARGES OF DIS. JMINATION
## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's Procedural Regulations provides that persons charged with employment discrimination, such as yourself, may submit a statement of position or evidence with respect to the allegations contained in this charge.

EEOC's Recordkeeping and Reporting Requirements are set forth at Title 29, Code of Federal Regulation (CFR), Part 1602 (see particularly Section 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records revelant to a charge of discrimination until disposition of the charge or litigation relating to the charge (for ADEA charges, this notice constitutes the written request se out in Part 1627 for respondents to preserve records relevant to the charge--the records to be retained are as described in Section 1602.14, as cited below, and should be kept for the periods described in that section). Parts 1602, 1620 and 1627 also prescribe record retention periods-- generally, three years for basic payroll records and one year for personnel records. Questions regarding retention periods and the types of records to be retained should be resolved by reference to the regulations.

**Section 1602.14 Preservation of records made or kept.**    ...Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the employer shall preserve all personnel records relevant to the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held by the aggrieved person and the application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of "final disposition of the charge or the action" means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it shall be an unlawful employment practice for an employer to discriminate against any of his/her employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because s/he has opposed any act or practice made unlawful by these statutes, or because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under these statutes. The Equal Pay Act of 1963 contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with any person because s/he has exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.
Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although it is not necessary that you be represented by an attorney while we handle this charge, you have a right and may wish to retain an attorney to represent you. If you are represented by an attorney we request that you provide the Commission with your attorney's name, address, and telephone number, and that you ask your attorney to write to the Commission confirming such representation.

Reverse side of EEOC Form131/131-A

**PLEASE READ AND SIGN THE CONSENT AND RELEASE FORM BELOW AND RETURN IT TO IDHR WITH YOUR SIGNED, COMPLETED COMPLAINANT INFORMATION SHEET.**

## CONSENT AGREEMENT AND RELEASE

I have read the above "Notice to Complainant". I understand:

1) In the course of investigating my charge, IDHR will reveal my identity, including my name, and my personal information to named Respondent(s) in my charge to obtain facts and evidence regarding my charge;

2) I do not have to reveal my personal information to IDHR, but IDHR may close my charge if I refuse to reveal information needed to fully investigate my charge;

3) Under certain circumstances, IDHR may be required by law, subpoena, court order, and FOIA request to disclose my charge and information in the Department's investigation file concerning my charge to persons outside of IDHR. In such instances, IDHR cannot guarantee any level of confidentiality regarding my identity and the personal information I have provided to IDHR or IDHR obtained in processing my charge.

4) If I file a Request for Review, IDHR will publish the Chief Legal Counsel's decision in the IDHR's website

**YES,** IDHR may disclose my identity and personal information if necessary to investigate my charge. I have read and understand the above Notice to Complainant and I consent for IDHR to process my charge and I release IDHR from any liability whatsoever concerning disclosure of my identity and any personal information I provided to IDHR or IDHR obtained in processing my charge.

(Printed Name) _Jeanie Pelnarsh_

(Signature) _Jeanie M Pelnarsh_ Date: _8-26-06_

**NO,** IDHR may not disclose my identity and my personal information. I have read and understand the above Notice to Complainant and I **do not** consent for IDHR to disclose my identity and my personal information during investigation of my charge. I request that IDHR process my charge. However, I understand that IDHR may dismiss or close my charge if it cannot begin or continue with an investigation because I have not consented for IDHR to reveal my identity and my personal information.

(Printed Name) _____

(Signature) _____ Date: _____

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
AUG 3 1 2006

4

**PLEASE PRINT LEGIBLY.**    **TODAY'S DATE:** 8-26-06

1.    Your Name: Mr./Ms./Mrs.    Jeanie Pelnursh.

Address    1105 6th.    Apt. #

City    Mendota    State    IL    Zip    61342

Home Phone Number(815)    539.7095

Day-Time Phone Number (    )

2.    The names of two persons who can contact you in the event this office is unable to locate you.  Make sure their mailing addresses are different from your mailing address.  Your charge could be dismissed if you do not provide this information and we are unable to locate you.

A.    Name: Mr./Ms./Mrs.    Patricia Pelnursh.

Address    21926 N 900 E Rd.    Apt. #

City    Pontiac    State    IL    Zip    61764

Phone Number(815)    743-5913

B.    Name: Mr./Ms./Mrs.    Bernard. Pelnursh

Address    21926 N 900 E Rd.    Apt. #

City    Pontiac    State    IL    Zip    61764

Phone Number    (815) 210-1805

3.    Write out the full legal name of the Employer, Union, Employment Agency, etc., (i.e., the Respondent), that you believe discriminated against you in Illinois.

Name in Full:    RR Donnelley

Illinois Address:    111 S. Wacker Drive.

City    Chicago    State    IL    Zip    60606.

Phone Number    (815)    County

4.    If you were placed at Respondent by a temporary agency which paid your wages, provide the following information about this company:

Name in Full:

Illinois Address:

City    State    Zip

Phone Number    (    )    County

**OFFICE USE ONLY**

| Control Number: 07M0831.05 | | Date: | Investigator: | |
|---|---|---|---|---|
| CIS Complete | Y  N | #6 15 empl in IL exc sh & hand | Y | N |
| #3 RP in IL | Y  N | #8 D/H ≤ 180 | Y | N |
| #3 RP not fed | Y  N | Checked by | | |

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

AUG 31 2006

5.  A.  Type of Respondent that you believe discriminated against you in Illinois:

_✓_ Private Company                              Government Agency (specify):

_____ Employment Agency                          _____ Federal

_____ Educational Institution                    _____ State
      _____ Public    _____ Private
                                                 _____ County
_____ Union
                                                 _____ City

B.  What is the nature of the business of the Respondent?

_____ Retail (specify)           _____

_____ Government (specify)       _____

_✓_ Manufacturing (specify)      Printing Company.

_____ Health Care (specify)      _____

_____ Other (specify)            _____

6.  Does the Respondent have a total of 15 or more people working in the State of Illinois?
    (Consider all locations).

_✓_ Yes                                          _____ No

(approximate total number in IL        _____ )

Does the Respondent have a total of 15 or more people working in the United States?

_✓_ Yes                                          _____ No

7.  Does the Respondent named in question #3 now employ you?

_____ Yes                                        _✓_ No

If you have been employed by the Respondent named in question#3, provide the following information:

Job Title  Administrative Assistant    Date Hired  11/98

Were you on probation?    _____ Yes    _✓_ No

Present or last salary    32,000    Per  year.

Department  Premedia.    Supervisor  Sue Carlby.

6

8.    In the spaces below, please indicate each **ISSUE OR HARM** and the basis  (type of discrimination) which you
       would like the Department to investigate.    **Note**: See page 2 for the bases the Department can investigate.  Some
       common issues (harms) are:

| | | |
|---|---|---|
| **Discharge** | **Failure to Hire** | **Demotion** |
| **Harassment** | **Layoff** | **Failure to Promote** |
| **Unequal Pay** | **Transfer** | **Failure to Recall** |
| **Job Eliminated** | **Other (specify)** | **Warning** |
| **Failure to Accommodate** | | **Suspension** |
| **(handicap and religion only)** | | |

Please take your time and complete **all** the information requested for **each** issue and basis alleged, so that we can
serve you better.  Fill in a separate section for each issue and basis.

## ISSUE AND BASIS

8a.    Issue (harm):  _Discharge_                                Date:  _1/30/06_

       Basis (type of discrimination):  _Unlawful discharge / discrimination._

       Reason given for harm by Respondent:  _Discharged for not following procedure_

       Who gave you this information (name/job title)?  _HR Department._

       Explain why you feel you were discriminated against because of the basis identified above.  How were others in your
       situation treated?  Include names and job titles.

       _See attached letter._

## ISSUE AND BASIS

8b.    Issue (harm):  _____    Date:  _____

       Basis (type of discrimination):  _____

       Reason given for harm by Respondent:  _____

       Who gave you this information (name/job title)?  _____

       Explain why you feel you were discriminated against because of the basis identified above.  How were others in your
       situation treated?  Include names and job titles.

       _See attached letter_

**Note:**       **Use additional pages for any additional issues and bases.**

7

9.   If you wrote **sexual harassment** in your answer to number 8 above, indicate the <u>name</u> and <u>job title</u> of the harasser:

_____

Do you want the harasser charged separately as an additional Respondent?    _____ Yes    _____ No
If yes, give the address and phone number of that person:

_____

10.  If you wrote **physical or mental handicap** in your answer to number 8 above, state your medically diagnosable handicap(s):

_____

Explain how the Respondent became aware of each handicap:

_____

State whether you requested any form of accommodation:

_____

What was the Respondent's response:

_____

If you do not have a handicap, but you believe the Respondent acted because it perceives you as handicapped, explain:

_____

11.  If you wrote **national origin or citizenship status** in your answer to number 8 above, do you think the Federal Immigration Reform and Control Act of 1986 influenced your employer's actions? If so, explain:

_____

12.  If you wrote **retaliation** in your answer to number 8 above, state how you opposed unlawful discrimination (i.e., *testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination*). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

_____
_____
_____
_____

13.  If there are witnesses that the Department should contact, who can support your claim of discrimination, state their names, addresses and phone numbers and the pertinent information each witness can provide.

Name:          _____
Address:
Phone No. (    )   _____
Information:       _____

Name           _____
Address
Phone No. (    )   _____
Information        _____
Name:          _____
Address:
Phone No. (    )   _____
Information:

14.  Do you have any documents to support your claim of discrimination?

8

___✓___ Yes          _____ No

15.   Have you tried to resolve your situation through a grievance procedure?

      _____ Yes          __✓__ No          If yes, with whom?

      Briefly describe your actions and the results thus far:

      _____

      _____

16.   Have you filed a previous charge against this employer with this Department?

      __✓__ Yes          _____ No          If yes, when? _____

      **Charge Number** _____

17.   Have you filed a charge regarding this situation with any other Agency?          _____ Yes     __✓__ No

      EEO _____ Yes          _____ No          If yes, when? _____

      OTHER: Specify _____

      _____ Yes          _____ No          If yes, when? _____

18.   **PERSONAL DATA:**

      We need some information for statistical purposes.  Please provide the following information:

      Date of Birth     _05_ / _13_ / _1972_     Sex _Female_.

      Circle the category in the list below of national origin or ancestry with which you most strongly identify:

      | | | |
      |---|---|---|
      | Greece = B | Liberia = R | U.S.A. = U |
      | Haiti = T | Mexico = M | Vietnam = V |
      | India = N | Middle East = L | Other African/Non-Arab = F |
      | Ireland = I | Pakistan = K | Other East Asia = W |
      | Italy = Y | Philippines = S | Other Eastern Europe = E |
      | Japan = J | Poland = O | Other Hispanic = H |
      | Korea = A | Puerto Rico = P | Other = Z* |

      *Specify: _____

19.   Please specify how you learned of our office.  This information will be used to enable us to serve the public better:

      _____ Internet _____

      I certify that this information is true and correct to the best of my knowledge.

      Signature:     _Jean M Pelnu_          Date:     _8·26·06_

CIS-Emp (12/05)

9

REGARDLESS OF WEIGHT.
DOMESTIC USE ONLY

**CALL 1-800-222-1811 FOR PICKUP OR TRACKING OF ALL YOUR PACKAGES**



# EXPRESS MAIL
## UNITED STATES POSTAL SERVICE

www.



UNITED STATES
POSTAL SERVICE

0000

```
U.S. POSTAGE
PAID
MENDOTA, IL
61342
SEP 21, 06
AMOUNT
$14.40
00014883-09
```

property of the U.S. Postal Service and is provided solely for use in sending Express Mail. Misuse may be a violation of federal law.

E Q 6 8 7 4 3 7 3 5 4 U S

 EXPRESS MAIL
UNITED STATES POSTAL SERVICE ®

**Addressee Copy**
Label 11-B, March 2004

**Post Office To Addressee**

| DELIVERY (POSTAL USE ONLY) | | | |
|---|---|---|---|
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| **Delivery Date** | Time | ☐ AM ☐ PM | Employee Signature |

**CUSTOMER USE ONLY**

| ORIGIN (POSTAL SERVICE USE ONLY) | | |
|---|---|---|
| PO ZIP Code | Day of Delivery ☐ Next ☐ 2nd ☐ 2nd Del. Day | Postage $ |
| Date Accepted | Scheduled Date of Delivery Month    Day | Return Receipt Fee $ |
| Mo.  Day  Year | Scheduled Time of Delivery ☐ Noon ☐ 3 PM | COD Fee $ | Insurance Fee $ |
| Time Accepted ☐ AM ☐ PM | Military ☐ 2nd Day ☐ 3rd Day | Total Postage & Fees $ |
| Flat Rate ☐ or Weight  lbs.    ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials |



☐ NO DELIVERY

**FROM: (PLEASE PRINT)**  PHONE (

**TO: (PLEASE PRINT)**  PHONE (

PRESS HARD. YOU ARE MAKING 3 COPIES.

PICKUP CALL 1-800-222-1811




JUL 2 4 2006

UNITED STATES POSTAL SERVICE

U.S. POSTAGE
PAID
MENDOTA, IL
61342
JUL 21 06
AMOUNT

$4.55

0000    60601    00084538-06

# PRIORITY
# MAIL

S POSTAL SERVICE

www.usps.com



HUMAN RIGHTS
CASE DISPOSITION UNIT

**R E C E I V E D**
JUL 2 4 2006
BY _____

**COMPLETE ADDRESS LABEL AREA**
Type or print required return
address and addressee information
in customer block (white area)
or on label (if provided).



200 0001 3161 1063



**PRIORITY
MAIL**
UNITED STATES POSTAL SERVICE

www.usps.com
DEPT. OF HUMAN RIGHTS
CASE DISPOSITION UNIT

**R E C E I V E D**
JUL 2 4 2006
BY _____

From J Pelnarsh
1105 6ᵗʰ
Mendota, IL
61342

**TO** IDHR
100 W Randolph Street
10ᵗʰ Floor - Intake Unit
Chicago, IL
60601

Label 228, February 2006

▲ PLACE LABEL HERE ▲

The efficient *FLAT RATE ENVELOPE.*
You don't have to weigh the envelope...Just pack all your correspondence and
documents inside and pay only the *FLAT RATE Priority Mail postage.*

**We Deliver.**

© EP14F FEBRUARY 2002 USPS ALL RIGHTS RESERVED



# EXPRESS MAIL
D STATES POSTAL SERVICE

WW



UNITED STATES
POSTAL SERVICE



U.S. POSTAGE
PAID
MENDOTA,IL
61342
AUG 29, 06
AMOUNT

**$14.40**

0008453B-09

0000

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Express Mail. Misuse may be a violation of federal



EQ687441756US

E Q 6 8 7 4 4 1 7 5 6 U S



EXPRESS
MAIL

UNITED STATES POSTAL SERVICE®

Addressee Copy
Label 11-B, March 2004

**Post Office To Addressee**

| DELIVERY (POSTAL USE ONLY) | | | |
|---|---|---|---|
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.      Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.      Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.      Day | | | |

**CUSTOMER USE ONLY**

PRESS HARD. YOU ARE MAKING 3 COPIES.

| ORIGIN (POSTAL SERVICE USE ONLY) | | |
|---|---|---|
| PO ZIP Code | Day of Delivery | Postage |
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month      Day | $ |
| Mo.   Day   Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted | ☐ Noon ☐ 3 PM | $ | $ |
| ☐ AM | Military | Total Postage & Fees |
| ☐ PM | ☐ 2nd Day ☐ 3rd Day | $ |
| Flat Rate ☐ or Weight | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs.     ozs. | | |

**FROM:** (PLEASE PRINT)   PHONE (

**TO:** (PLEASE PRINT)   PHONE (

*Intake*

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

☐☐☐☐☐ + ☐☐☐☐

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call **1-800-222-1811**



**PLEASE READ AND SIGN THE CONSENT AND RELEASE FORM BELOW AND RETURN IT TO IDHR WITH YOUR SIGNED, COMPLETED COMPLAINANT INFORMATION SHEET.**



DEPT. OF HUMAN RIGHTS
CASE DISPOSITION UNIT
RECEIVED
JUL 2 4 2006
BY

<u>**CONSENT AGREEMENT AND RELEASE**</u>

I have read the above "Notice to Complainant". I understand:

1) In the course of investigating my charge, IDHR will reveal my identity, including my name, and my personal information to named Respondent(s) in my charge to obtain facts and evidence regarding my charge;

2) *I do not have to reveal my personal information to IDHR, but IDHR may close my charge if I refuse to reveal information needed to fully investigate my charge;*

3) Under certain circumstances, IDHR may be required by law, subpoena, court order, and FOIA request to disclose my charge and information in the Department's investigation file concerning my charge to persons outside of IDHR. In such instances, IDHR cannot guarantee any level of confidentiality regarding my identity and the personal information I have provided to IDHR or IDHR obtained in processing my charge.

4) *If I file a Request for Review, IDHR will publish the Chief Legal Counsel's decision in the IDHR's website*

**YES**, IDHR may disclose my identity and personal information if necessary to investigate my charge. I have read and understand the above Notice to Complainant and I consent for IDHR to process my charge and I release IDHR from any liability whatsoever concerning disclosure of my identity and any personal information I provided to IDHR or IDHR obtained in processing my charge.

(Printed Name) _Jeanie Pelnarsh_

(Signature) _Jeanie M Pelnarsh_ Date: _7-16-06_

**NO**, IDHR may not disclose my identity and my personal information. I have read and understand the above Notice to Complainant and **I do not** consent for IDHR to disclose my identity and my personal information during investigation of my charge. I request that IDHR process my charge. However, I understand that IDHR may dismiss or close my charge if it cannot begin or continue with an investigation because I have not consented for IDHR to reveal my identity and my personal information.

(Printed Name) _____

(Signature) _____ Date: _____

4

**PLEASE PRINT LEGIBLY.**     **TODAY'S DATE:** 7-15-06

1.  Your Name: Mr./**Ms.**/Mrs.   Jeanie Pelnarsh

    Address   1105  6th

    City   Mendota          State   IL     Zip   61342

    Home Phone Number(815)   539-7095

    Day-Time Phone Number (    )

2.  The names of two persons who can contact you in the event this office is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

    A.  Name: Mr./Ms./**Mrs**   Patricia Pelnarsh

        Address   21926 N 900 E Rd.          Apt. #

        City   Pontiac          State   IL     Zip   61764

        Phone Number(815)   743-5913

    B.  Name: **Mr.**/Ms./Mrs.   David Pelnarsh

        Address   21926 N 900 E Rd          Apt. #

        City   Pontiac          State   IL     Zip   61764

        Phone Number   (815)   867-7173

3.  Write out the full legal name of the Employer, Union, Employment Agency, etc., (i.e., the Respondent), that you believe discriminated against you in Illinois.

    Name in Full:   RR Donnelley

    Illinois Address:   1600 N Main Street

    City   Pontiac          State   IL     Zip   61764

    Phone Number   (815)   844-5181          County   Livingstn.

4.  If you were placed at Respondent by a temporary agency which paid your wages, provide the following information about this company:

    Name in Full:

    Illinois Address:

    City          State     Zip

    Phone Number   (    )          County

**OFFICE USE ONLY**

| Control Number: | | | Date: | Investigator: | |
|---|---|---|---|---|---|
| CIS Complete | Y | N | #6 15 empl in IL exc sh & hand | Y | N |
| #3 RP in IL | Y | N | #8 D/H ≤ 180 | Y | N |
| #3 RP not fed | Y | N | Checked by | | |

5

5.  A.  Type of Respondent that you believe discriminated against you in Illinois:

_✓_ Private Company                    ____ Government Agency (specify):

____ Employment Agency                 ____ Federal

____ Educational Institution           ____ State
      ____ Public      ____ Private
                                       ____ County
____ Union
                                       ____ City

B.  What is the nature of the business of the Respondent?

____ Retail (specify)                  _____

____ Government (specify)              _____

_✓_ Manufacturing (specify)            Printing Company

____ Health Care (specify)             _____

____ Other (specify)                   _____

6.  Does the Respondent have a total of 15 or more people working in the State of Illinois?
    (Consider all locations).

_✓_ Yes                                        ____ No

(approximate total number in IL        _____ )

Does the Respondent have a total of 15 or more people working in the United States?

_✓_ Yes                                        ____ No

7.  Does the Respondent named in question #3 now employ you?

____ Yes                               _✓_ No

If you have been employed by the Respondent named in question#3, provide the following information:

Job Title  Administrative Assistant   Date Hired  11/99 - '06.

Were you on probation?    ____ Yes    _✓_ No

Present or last salary  $35,000       Per  Year.

Department  AMT                        Supervisor  Joe Carlberg.

6

8.   In the spaces below, please indicate each **ISSUE OR HARM and** the basis (type of discrimination) which you
     would like the Department to investigate.   **Note:** See page 2 for the bases the Department can investigate.  Some
     *common issues (harms) are:*

| | | |
|---|---|---|
| Discharge | Failure to Hire | Demotion |
| Harassment | Layoff | Failure to Promote |
| Unequal Pay | Transfer | Failure to Recall |
| Job Eliminated | Other (specify) | Warning |
| Failure to Accommodate | | Suspension |
| (handicap and religion only) | | |

Please take your time and complete **all** the information requested for **each** issue and basis alleged, so that we can
serve you better.  Fill in a separate section for each issue and basis.

---

### ISSUE AND BASIS

8a.   Issue (harm):   Harassment                          Date:  11/99 - 09/30/06

      Basis (type of discrimination):   Sexual

      Reason given for harm by Respondent:   _____

      Who gave you this information (name/job title)?   _____

      Explain why you feel you were discriminated against because of the basis identified above.  How were others in your
      situation treated?  Include names and job titles.

      I was sexual harrassed by
      several supervisors and managers
      within the Company. There are
      several women that have had the
      same problem and no one does anything.

### ISSUE AND BASIS

8b.   Issue (harm):   _____   Date:  _____

      *Basis (type of discrimination):*   _____

      Reason given for harm by Respondent:   _____

      Who gave you this information (name/job title)?   _____

      Explain why you feel you were discriminated against because of the basis identified above.  How were others in your
      situation treated?  Include names and job titles.

      _____

      _____

      _____

      _____

---

**Note:**   **Use additional pages for any additional issues and bases.**

7

_____ Yes          ✓ No

15.  Have you tried to resolve your situation through a grievance procedure?

     ✓ Yes          _____ No     If yes, with whom?

     Briefly describe your actions and the results thus far:

     I went to the HR Department on 2 different
     problems and nothing happened

16.  Have you filed a previous charge against this employer with this Department?

     _____ Yes          ✓ No     If yes, when? _____

     Charge Number _____

17.  Have you filed a charge regarding this situation with any other Agency?          ✓ Yes     _____ No

     EEO  ✓ Yes     _____ No     If yes, when? Feb 06 - Have not
     heard anything back.
     OTHER: Specify _____

     _____ Yes     _____ No     If yes, when? _____

18.  PERSONAL DATA:

     We need some information for statistical purposes.  Please provide the following information:

     Date of Birth    05 / 13 / 1972    Sex    Female

     Circle the category in the list below of national origin or ancestry with which you most strongly identify:

     | | | |
     |---|---|---|
     | Greece = B | Liberia = R | U.S.A = U |
     | Haiti = T | Mexico = M | Vietnam = V |
     | India = N | Middle East = L | Other African/Non-Arab = F |
     | Ireland = I | Pakistan = K | Other East Asia = W |
     | Italy = Y | Philippines = S | Other Eastern Europe = E |
     | Japan = J | Poland = O | Other Hispanic = H |
     | Korea = A | Puerto Rico = P | Other = Z* |

     *Specify: _____

19.  Please specify how you learned of our office.  This information will be used to enable us to serve the public better:

     Internet

     I certify that this information is true and correct to the best of my knowledge.

     Signature:  Jeani M Felurauh     Date:  7-15-06

     CIS-Emp (12/05)

9

J. Palmowski
1105 Oak
Merrillville, IN
61342

Illinois Department of Human Rights
100 W. Randolph Street
10th Floor - Intake Unit
Chicago, IL
60601

| Name | Job Title |
|------|-----------|
| 1.  Norm Abels | Pressroom Supervisor |
| 2.  Tim Lewis | Pressroom Supervisor |
| 3.  Ed Gullo | Bindery Supervisor |
| 4.  Mark Ragle | Maintenance Supervisor |
| 5.  Joe Carlberg | Premedia Manager |
| 6.  Chad Rosenwinkel | Premedia Supervisor |
| 7.  Stan Lorrence | Maintenance Technician |
| 8.  Scott Harbison | Premedia Supervisor |

Jeanie Peinarsh
815 - 537 - 7095

left voicemail   8/10

- when did sexual harassment cease?
- describe in more detail

~~Effort w/ Pers~~   spoke w/ Cp over phone 8/14

- harassment through  Jan  30, 2006
          - different occasions  told  that if she showed
            her breasts she  wouldn't  have to go into facts

+ will email me list of dates / descriptions

**Rogers, Therese**

| | |
|---|---|
| **From:** | Jeanie Pelnarsh [pels72@yahoo.com] |
| **Sent:** | Monday, August 14, 2006 10:11 AM |
| **To:** | Rogers, Therese |
| **Subject:** | disrimination information |
| **Attachments:** | 2453082145-discrimination part 2.doc |

Therese,

Attached is the additional information that you requested. Please feel free to contact me if you have any further questions. Also, if you would send me a confirmation e-mail, that you received this information, I would greatly appreciate it.

Sincerely,
Jeanie Pelnarsh

---

Talk is cheap. Use Yahoo! Messenger to make PC-to-Phone calls. Great rates starting at 1¢/min.