**E-FILED**
Friday, 14 March, 2008  04:02:02 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JEANIE M. PELNARSH,              )
                                 )
      Plaintiff,              )     No. 07-1302
                                 )
v.                               )
                                 )
R R DONNELLEY, et al,            )
                                 )
      Defendants.             )

## <u>O R D E R</u>

Before the Court is a Motion to Appoint Counsel [Doc. 5] filed by Plaintiff on January 2, 2008.  On January 3, 2008, this Court ordered Plaintiff to take additional actions before this Court would appoint counsel. [Doc. 8.]  Plaintiff has now filed a Response to that Order. [Docs. 22 & 23.]  In addition, Plaintiff has filed a Motion for Leave to File [Doc. 24] in which Plaintiff requests that certain language be added to her Complaint.

Also before the Court is a Motion to Dismiss [Doc. 15] filed by Defendants and an accompanying Memorandum [Doc. 16]. Plaintiff has filed a Response. [Doc. 20.]  For the following reasons, the Motion to Dismiss is GRANTED, the Motion for Appointment of Counsel is DENIED, and the Motion for Leave to File is GRANTED IN PART and DENIED IN PART.

### A. Motion to Dismiss

Plaintiff filed a pro se Complaint against R.R. Donnelley & Sons and a group of individual Defendants alleging sexual harassment and retaliation under Title

VII, 42 U.S.C. § 2000e-5. The individual Defendants include Norm Abels, Tim Lewis, Mark Ragel, Ed Gullo, Chad Rosenwinkel, Scott Harbison, Stan Lorrence, and Joseph Carlberg.  Plaintiff alleges that for eight years the individuals engaged in rude and derogatory language, unwelcome sexual advances and propositions, verbal insults, ridiculing and demeaning remarks, and groping of Plaintiff while in the workplace. She specifically alleges that the sexual harassment created a hostile, intimidating and offensive work environment. (Doc. 1 at 12.)  Furthermore, she alleges that when she complained about the sexual harassment she was fired within several months despite meeting her employers legitimate job expectations.  (Doc. 1 at 13.)

The individual Defendants (as opposed to R. R. Donnelly, the corporate Defendant) have now moved to dismiss the claim on the basis that individuals cannot be held liable under Title VII.  Specifically, Defendant points out that the purpose of Title VII is "to hold employers liable for their agent's actions under the traditional respondeat superior doctrine, not for agents to be personally liable." Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 494 (7th Cir. 1998).

Defendants are correct that individual coworkers and supervisors cannot be held liable in their individual capacity.  Williams v. Banning, 72 F.3d 552 (7th Cir. 1995).   Even a supervisor cannot be held personally liable and is not a proper defendant under Title VII.  Carver v. Sheriff of LaSalle County, Illinois, 243 F.3d 379, 381 (7th Cir. 2001).  This is not to say that Plaintiff cannot pursue her claim. She certainly can continue to litigate her case against the corporate Defendant R.R.

Donnelley.  However, the named individual Defendants in Plaintiff's Complaint are not proper defendants to this suit. Accordingly, Plaintiff claims against all defendants other than the corporate Defendant R. R. Donnelly are DISMISSED WITH PREJUDICE.

## B. Motion to Appoint Counsel

This Court does not feel that appointed counsel is necessary at this time. When resolving a motion for the recruitment of counsel, a district court must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). After Plaintiff filed her original request for appointment of counsel, she was instructed to contact attorneys who specialize in the area of employment discrimination, provide the entire EEOC file, and provide a financial affidavit demonstrating that she is unable to pay for an attorney.  She has now filed the necessary documents and has also responded to the Motion to Dismiss resolved *supra*.  She has demonstrated that she is unable to pay for an attorney and has made the necessary number of unsuccessful attempts to obtain counsel.  However, based upon a brief review of the EEOC file, this case does not appear to be complex.  Furthermore, Plaintiff has responded to each of Defendant's arguments and when responding to the Motion to Dismiss she demonstrated that she is capable of understanding the legal and factual disputes in this case.  Accordingly, because this case does not appear to be complex and because Plaintiff appears to have the ability to litigate the case herself, this Court will not appoint counsel at this time.

**C. Motion to Amend**

Plaintiff finally seeks leave to amend her Complaint to include additional requests for relief.  Specifically, Plaintiff wants to include: (A) a request for specific, compensatory and punitive damages; (B) a request for costs and attorney's fees should she prevail on her claim; (C) a demand that the individual Defendants noted above be compelled to donate $5,000 each to the Center for Prevention of Abuse; and (D) a demand that the individual Defendants be compelled to attend a sexual harassment seminar.

As already noted, the individual Defendants in this case cannot be found liable under Title VII.  In addition, there is nothing in Title VII which would give this Court the authority to compel a civil defendant to donate to a charitable cause or attend a sexual harassment seminar.  Accordingly, Plaintiff may not include paragraphs (C) and (D) in an Amended Complaint.

Plaintiff may amend her Complaint to include a request for damages, costs and attorney fees raised in paragraphs (A) and (B).  However, Plaintiff may not simply rely on the attachments in her Motion which do not include the claims raised in her original Complaint.  An amended complaint completely replaces an original and renders any prior complaint of no legal effect.  <u>Florida Dept. of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670 n. 2 (1982) (White, J., concurring).  As a result, it is inappropriate for an amended complaint to supplement an original.  <u>Jackson v.</u>

<u>Secretary of U.S. Treasury</u>, 141 Fed. Appx. 8, 10 (2nd Cir. 2005). Accordingly, Plaintiff must file a single Amended Complaint encompassing all of her claims.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED. The clerk is directed to terminate all Defendants besides R. R. Donnelly. Plaintiff's Motion for Appointed Counsel is DENIED. Plaintiff's Motion to Amend is GRANTED IN PART and DENIED IN PART. Plaintiff is given thirty days (30) to file an Amended Complaint which contains paragraphs (A) and (B) of her proposed amendments. This matter is referred to Magistrate Judge Gorman for pretrial proceedings.

ENTERED this  14th  day of March, 2008.

<u>s/Joe Billy McDade</u>
Joe Billy McDade
United States District Judge