IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEANIE M. PELNARSH,

    Plaintiff,

v.

R.R. DONNELLEY, et. al.,

    Defendants.

No. 07-1302

Judge Joe Billy McDade

## MEMORANDUM IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Individual Defendants Scott Harbison and Stan Lorrence, by their attorneys, respectfully submit this Memorandum in support of their Motion to Dismiss Plaintiff's Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6)[1]. The individual Defendants are not "employers" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") and they therefore may not be held personally liable for any alleged violation of that statute.

### Factual Background

Plaintiff's Complaint, filed against R.R. Donnelley & Sons Company ("Donnelley") and the individual Defendants, alleges employment discrimination in violation of Title VII, 42 U.S.C. §§ 2000e-5. Plaintiff alleges sexual harassment and retaliation against all Defendants: her former employer, Donnelley; Supervisors Norm Abels, Tim Lewis, Mark Ragel, Ed Gullo, Chad Rosenwinkel and Scott Harbison; Maintenance Tech Stan Lorrence; and Department Manager Joseph Carlberg. (Complaint ¶¶ III.D.5.a; IV.A).

---

[1] On January 17, 2008, an identical Motion to Dismiss was filed on behalf of all individual Defendants. Because Defendants Scott Harbison and Stan Lorrence were recently served with Plaintiff's Complaint, they re-file the motion as their responsive pleading.

## Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for failure to state a claim on which relief can be granted. When considering a motion under Rule 12(b)(6), the Court must accept as true the facts alleged in the Complaint. *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995). "Nonetheless, the dismissal of a complaint for failure to state a claim is proper if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Under these standards, the individual Defendants must be dismissed from Plaintiff's Complaint.

## Argument

### Because Individual Employees Cannot Be Held Liable Under Title VII, the Individual Defendants Should Be Dismissed

It is well-settled law in this Circuit that individual employees cannot be held personally liable under Title VII. "Congress intended only for employers to be liable for their agent's actions under the traditional respondeat superior doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (quoting *Banning*, 72 F.2d at 554). This prohibition on personal liability under Title VII also extends to supervisors "because an individual supervisor does not fall within the definition of the term 'employer' for Title VII purposes." *Molnar v. Booth and East Chicago Comm. Sch. Corp.*, 229 F.3d 593, 599 (7th Cir. 2000); *see also Banning*, 72 F.3d at 552 (holding Title VII does not impose employer liability on a supervisor in his individual capacity).

As set forth in Plaintiff's Complaint, the individual Defendants are current or former Donnelley employees. (Complaint ¶ III.D.5.a). Accordingly, the individual Defendants are not "employers" under Title VII, and should be dismissed from Plaintiff's Complaint. *Geier v.*

*Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996) (individuals "operate[] without risk of Title VII personal liability").

WHEREFORE, the individual Defendants respectfully request this Court to dismiss Plaintiff's Complaint against them with prejudice, to award their costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>   s/ Timothy J. Tommaso
>Richard H. Schnadig
>Sara J. Kagay
>Timothy J. Tommaso
>Vedder Price P.C.
>222 North LaSalle Street, Suite 2600
>Chicago, Illinois 60601
>Phone: 312-609-7500
>Fax: 312-609-5005
>rschnadig@vedderprice.com
>skagay@vedderprice.com
>ttommaso@vedderprice.com
>
>Attorneys for Defendants
>
>Dated: March 14, 2008

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Memorandum in Support of The Individual Defendants' Motion to Dismiss was electronically filed and served on

Jeanie M. Pelnarsh
21926 North 900 East Road
Pontiac, IL 61764

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 on March 14, 2008.

s/ Timothy J. Tommaso
An Attorney for Defendants