E-FILED
Thursday, 03 April, 2008  09:29:07 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANIE M. PELNARSH, | |
| Plaintiff, | |
| v. | No. 07-1302 |
| R.R. DONNELLEY, | Judge Joe Billy McDade |
| Defendant. | |

## ANSWER TO AMENDED COMPLAINT

Defendant R. R. Donnelley & Sons Company ("Donnelley"), by its attorneys, for its Answer to Plaintiff's Amended Complaint, states as follows:

**PARAGRAPH NO. 1:** Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex and national origin.

**ANSWER:** Donnelley admits but denies any violation of Title VII of the Civil Rights Act of 1964.

**PARAGRAPH NO. 2:** The Illinois Human Rights Act (Sec. 1-102 Declaration of Policy.[sic] It is the public policy of this State:

A)   Freedom from Unlawful discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap.[sic]  Military status and sexual orientation.[sic]

B)   Freedom from Sexual Harassment-Employment.  To prevent sexual harassment in employment.

**ANSWER:** Donnelley admits that Plaintiff has quoted portions of Illinois Human Rights Act ("IHRA") Section 1-102 but states that this Court lacks jurisdiction over the IHRA. Donnelley further denies any violation of the IHRA.

CHICAGO/#1763630.1

**PARAGRAPH NO. 3:** Section 6-101 Additional Civil Rights Violation:

A)  It is a civil rights violation for a person, or for two or more persons to conspire: Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment. Because he or she has made a charge, filed a complaint, testified, assisted or participated in an investigation, proceeding or hearing under this Act.

**ANSWER:** Donnelley admits that Plaintiff has quoted portions of IHRA Section 6-101, but states that this Court lacks jurisdiction over the IHRA. Donnelley further denies any violation of the IHRA.

**PARAGRAPH NO. 4:** During my employment at R.R. Donnelley from 1999 thru 2006, I endured rude and derogatory language, unwelcome sexual advances and propositions, verbal insults, sexual invitation, ridiculing and demeaning remarks and groping from several individuals that were employees, Supervisor's [sic] and Managers of R.R. Donnelley.

**ANSWER:** Donnelley denies.

**PARAGRAPH NO. 5:** This Sexual harassment created a hostile, intimidation, stressful and offensive work environment.

**ANSWER:** Donnelley denies.

**PARAGRAPH NO. 6:** R.R. Donnelley was aware of this situation, because I filed numerous complaints over the years with several different Human Resource Managers and nothing was done to resolve the situation.

**ANSWER:** Donnelley denies.

**PARAGRAPH NO. 7:** I filed my last complaint in August of 2005 and I was terminated 5 months later.

**ANSWER:** Donnelley admits that Plaintiff was terminated, but denies the remaining allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. This Court lacks jurisdiction over any alleged violation of the Illinois Human Rights Act and therefore any purported claim under that statute is barred.

2. Plaintiff's claims for monetary relief are barred to the extent she has failed to mitigate her damages.

3. To the extent Plaintiff failed to exhaust or otherwise comply with the statutory and administrative prerequisites for the claims asserted in the Amended Complaint, Plaintiff's claims are barred in whole or in part.

4. Donnelley exercised reasonable care to prevent and promptly correct any alleged incidents of harassment and Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided or to avoid harm otherwise.

5. Plaintiff's claims are barred to the extent they are not like or reasonably related to those contained in her administrative charge.

6. Donnelley's actions were at all times taken in good faith and for legitimate business reasons and not for any discriminatory, retaliatory or illegal purpose, and the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status.

7. Plaintiff is not entitled to punitive damages in that Donnelley has acted at all times with good faith efforts to comply with all laws prohibiting discrimination.

8. Plaintiff is not entitled to punitive damages because no manager of Donnelley acted with malice or reckless disregard to Plaintiff's rights.

WHEREFORE, Defendant R.R. Donnelley & Sons Company prays that Plaintiff's Amended Complaint be dismissed and that it be awarded its costs and attorneys' fees and such other relief as the Court deems just and proper.

        Respectfully submitted,

        R.R. DONNELLEY & SONS COMPANY

        s/Timothy J. Tommaso

Richard H. Schnadig
Sara J. Kagay
Timothy J. Tommaso
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Phone: (312) 609-7500
Fax: (312) 609-5005
rschnadig@vedderprice.com
skagay@vedderprice.com
ttommaso@vedderprice.com

Attorneys for Defendants

Dated: April 3, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Answer to Amended Complaint was electronically filed and served on:

Jeanie M. Pelnarsh
21926 North 900 East Road
Pontiac, IL 61764

by depositing the same in the U.S. Mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 on April 3, 2008.

s/Timothy J. Tommaso

CHICAGO/#1763630.1