

E-FILED
Wednesday, 06 August 2008 11:54:56 AM
Clerk, U.S. District Court, ILCD

AUG - 6 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEANIE M. PELNARSH

        Plaintiff,

                                  No. 07-1302

v.

R.R. DONNELLEY

        Defendant                      Judge Joe Billy McDade

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Jeanie M. Pelnarsh, Pro Se Litigant, hereby moves the Court to deny entry of a
Protective Order governing the disclosure of documents and information pertaining to
confidential and private personnel information and proprietary and /or confidential
commercial matters.  In support of it's Motion, Jeanie M. Pelnarsh states as follows.

1.     Plaintiff acknowledges and agrees that during discovery in this matter, that
confidential personnel records about current and former Donnelley employees and
confidential and proprietary information about Donnelley's business practices may be
required to be disclosed, either in defense of Donnelley's case or in response to Plaintiff's
document requests.

2.     Plaintiff believes that this is a Frivolous Motion. That this is the Defendant's
Counsel's way of stalling the procedures and to avoid producing the documents that the
plaintiff has requested for Discovery and surrendering documents that would be
beneficial to the Plaintiff.

3.     Plaintiff believes that this is a Frivolous Motion because,  Defendant has had
ample time to submit a Motion For Protective Order, Defendant's Counsel  feels the need
to wait until the Plaintiff Requested Documents are due to the Plaintiff and less than 30
days before the deadline for Discovery.  This Protective Order is untimely and
unnecessary.

3.     Plaintiff also believes this Motion to be Frivolous because according to Fed.
R.Civ. P. 26 (5)(b) protects trial-preparation materials as being privileged material. The
party making the claim may notify any party that received the information of the claim

and the basis for it. After being notified, a party must promptly return, sequester or destroy the specified information and any copies it has and may not use or disclose the information.

4.    Plaintiff also believes this Motion to be Frivolous because according to the Parties Joint Proposed Discovery Plan that was agreed on by both parties, Section 4 states as follows. Issues regarding Privilege or Protection of Trial Preparation Materials. The parties agree that if either party should inadvertently disclose information protected by the attorney-client or work product privileges, it shall promptly notify the other party, in writing if possible. The other party shall promptly return, sequester or destroy such material and any and all copies. Any such inadvertently disclosed material should not be used or disclosed. The party who received the inadvertently disclosed material must take reasonable steps to retrieve it if it has already been disclosed to any non-party. The parties agree that the Court may resolve any disputed claims of privilege and that any inadvertently disclosed information should be preserved confidentially until the Court has made such a determination. The parties agree that the inadvertent disclosure of privileged materials shall not result in a waiver of the attorney-client privilege or work-product doctrine as to the documents inadvertently disclosed or any other documents.

Enclosed please see a signed and agreed to copy of Parties Joint Proposed Discovery Plan.

5.    Plaintiff also believes this Motion to be Frivolous because, Plaintiff has been contacted by Defendant's Counsel and was asked to sign a Confidentiality Statement, not a Protective Order. Plaintiff has refused to sign any kind of Confidentiality Statement at this time and has expressed to Defendant's Counsel that if they wanted a Confidentiality Statement signed, the parties would need to come to some kind of settlement agreement first. Plaintiff has assured the Defendant's Counsel on numerous occasion' s that any information that was released to the Plaintiff during the Discovery process that involved Donnelley's former or current employees including salary, personnel records, disciplinary records and other private and confidential personnel information would be treated as such. Confidential and personal.

WHEREFORE, Plaintiff Jeanie M. Pelnarsh respectfully requests that the Court do not enter the attached Proposed Protective Order, and agree that this is a Frivolous Motion Prepared by the Defendant's Counsel only to delay surrendering Documents that the Plaintiff has requested and to delay the Discovery process.

Jeanie M.Pelnarsh
Plaintiff/Pro Se

Dated: August 4, 2008

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER was served on:  August 4, 2008

Attorney for Defendants

Sara J. Kagay

Vedder Price O.C.
222 North LaSalle Street, Suite 2600
Chicago, Il 60601
Phone: 312-609-7500
Fax: 312-609-5005
skagay@vedderprice.com

United States District Court
Central District of Illinois
Circuit Clerks Office
100 NE Monroe Street
Peoria, Il 61602

By depositing the same in the U.S. mail, first-class postage prepaid, at
21926 North 900 East Rd
 Pontiac, Il  61764  On August 4, 2008

Respectfully Submitted,

Jeanie Pelnarsh
21926 North 900 East Rd
Pontiac, Il 61764

Jeanie Pelnarsh
Plaintiff/Pro Se