IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEANIE M. PELNARSH,

      Plaintiff,

v.

R.R. DONNELLEY,

      Defendant.

No. 07-1302

Judge Joe Billy McDade
Magistrate Judge John A. Gorman

**PROPOSED PROTECTIVE ORDER**

This matter having come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on Defendant's Motion for the entry of a Protective Order governing the disclosure of documents and information pertaining to confidential and private personnel information and proprietary and/or confidential commercial matters (together referred to as "Confidential Material"), it appears to the Court that entry of this Order is appropriate and, for good cause shown,

**IT IS THEREFORE ORDERED THAT**:

    1.    This Protective Order is entered between Plaintiff Jeanie M. Pelnarsh and Defendant R.R. Donnelley & Sons Company ("Donnelley") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    2.    This Protective Order shall govern the disclosure of materials designated as Confidential Material. Confidential Material, as used in this Order, shall refer to any document designated as Confidential, all copies thereof, and the information contained in such material.

    3.    Confidential Material, as used in this Order, consists of the following documents and categories of documents:

CHICAGO/#1798046.1

a. Confidential information relating to Donnelley's former or current employees (other than Plaintiff), including salary, personnel records, disciplinary records and other private and confidential personnel information; and

b. Non-public confidential and proprietary information reciting or relating to Donnelley's business.

4. If any party seeks to designate additional documents or categories of documents as Confidential Material, it will be the burden of the party seeking protected status to move for a Court Order designating the material as confidential after the parties confer.

5. No Confidential designation shall be effective unless there is placed or affixed on such material a "Confidential" marking or the materials are otherwise designated as confidential.

6. Copies of material described in paragraph 3 above, or incorporated into paragraph 3 by Court Order, and which were produced without the designation of "Confidential," may be so designated later if the producing party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 8 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the information is Confidential.

7. Confidential Material shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Material shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

8. Confidential Material shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

a. the parties;

CHICAGO/#1798046.1

      b.    the Court and its officers;

      c.    counsel, whether retained counsel or in-house counsel;

      d.    support staff of counsel;

      e.    expert witnesses retained by counsel to assist in this litigation; and

      f.    deponents during the course of their depositions, subject to the provisions set forth in paragraph 10 below.

9.    The parties shall be responsible for assuring compliance with the terms of this Protective Order and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any Confidential Material is disclosed in accordance with this Protective Order.

10.    The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

11.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

12.    Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), Donnelley may request the return of all previously furnished Confidential Material, including any copies thereof, and each person or party to whom such Confidential Material has been furnished or produced shall be obligated to return it within thirty days of said request.

13.    Nothing in this Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a

CHICAGO/#1798046.1

modification of this Order including additional protection with respect to the confidentiality of material or the removal of a Confidential designation. Should Plaintiff or an interested member of the public disagree with any designation of a document as Confidential, he or she first shall attempt to resolve such dispute with Donnelley's counsel and, if unsuccessful, apply to the Court for a determination as to whether the document or information should remain designated as Confidential Material.

14. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Order.

15. Nothing in this Protective Order shall prevent a party from disclosing its own Confidential Material as it deems appropriate, without impairing the obligations imposed herein upon others.

16. Confidential Material may be filed with the Court. Should any party have good cause to seal from public view any Confidential information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Seventh Circuit case law regarding filing materials under seal. Any member of the public may challenge any attempt by any party to the sealing of documents filed with the Court.

Entered: _____